Sanaz Sarah Bereliani, Esq (SBN 256465)
**BERELIANI LAW FIRM, PC**
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
Telephone: 310-882-5482
Facsimile: 888-876-0896
E-mail: sanaz@berelianilaw.com

Attorneys for Defendants,
Mehran Javaherian & Benjamin Javaherian

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO DIVISION**

| | |
|---|---|
| In Re:<br><br>HOVHANNES NAZARYAN,<br><br>Debtor. | Case No.: 1:25-bk-10617-MB<br><br>Chapter 7<br><br>Adv. No.: [To Be Assigned] |
| HOVHANNES NAZARYAN,<br><br>Plaintiff,<br><br>v.<br><br>MEHRAN JAVAHERIAN; BENJAMIN JAVAHERIAN; and DOES 1 through 5, inclusive,<br><br>Defendants. | **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES BANKRUPTCY COURT**<br><br>[28 U.S.C. §§1334, 1452; Fed. R. Bankr. P. 9027; LBR 9027-1]<br><br>[Removed from Los Angeles Superior Court Case No. 26VECV02080]<br>[Related to Adv. No. 1:26-ap-01031-MB]<br><br>Honorable Martin R. Barash |

TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, PLAINTIFF HOVHANNES NAZARYAN, THE CHAPTER 7 TRUSTEE, AND THE UNITED STATES TRUSTEE:

PLEASE TAKE NOTICE that Defendants Mehran Javaherian ("Mehran") and Benjamin Javaherian ("Benjamin") (together, "Defendants") hereby remove to this Court the civil action

captioned *Hovhannes Nazaryan v. Mehran Javaherian, et al.*, Case No. 26VECV02080, pending in the Superior Court of California, County of Los Angeles, Van Nuys Courthouse East, Department B (the "State Court Action"), pursuant to 28 U.S.C. §§1334 and 1452(a), Federal Rule of Bankruptcy Procedure 9027, and Local Bankruptcy Rule 9027-1. In support of removal, Defendants state as follows:

## I.

## THE STATE COURT ACTION

1. On April 8, 2026, Plaintiff Hovhannes Nazaryan ("Plaintiff"), the debtor in the above-captioned chapter 7 case (the "Bankruptcy Case"), appearing pro se from federal prison, filed a verified complaint in the Superior Court against Mehran asserting conversion, trespass to chattels, unjust enrichment, declaratory relief, wrongful foreclosure, cancellation of instruments, and quiet title, all concerning the real property at 24366 La Masina Court, Calabasas, California (the "Property") and the personal property in it. On April 10, 2026, Plaintiff recorded a notice of pendency of action against the Property.

2. On July 15, 2026, Plaintiff filed a First Amended Complaint ("FAC") adding Benjamin as a defendant and asserting seven causes of action: (1) conversion; (2) trespass to chattels; (3) unjust enrichment; (4) declaratory relief regarding "the scope and effect of the July 18, 2025 bankruptcy settlement between the Chapter 7 Trustee and Defendant Mehran Javaherian"; (5) intentional interference with prospective economic advantage; (6) civil conspiracy; and (7) accounting. The FAC attaches this Court's Sale Order (defined below) as its Exhibit C.

3. No trial date has been set. The State Court Action has not proceeded beyond the pleadings. Plaintiff has filed a motion to amend his prayer, set for hearing October 8, 2026, and a statement of punitive damages. Defendants filed an opposition to that motion on September 25,

2026. No defendant has answered or demurred. A true and correct copy of every process, pleading, and order served or filed in the State Court Action is attached as **Exhibit A** in accordance with Rule 9027(a)(1).

## II.

## THE BANKRUPTCY CASE AND THE SALE ORDER

4. On April 14, 2025, Plaintiff filed a voluntary chapter 7 petition commencing the Bankruptcy Case. Nancy J. Zamora was appointed chapter 7 trustee (the "Trustee"). In his schedules, Plaintiff listed the personal property at the Property as "used housing goods" valued at $1,000 and claimed a $1,000 exemption in it. (Bankruptcy Case Dkt. 1.)

5. On July 18, 2025, the Trustee and Mehran filed their Stipulation to Resolve Sale Motion and Motion for Relief from Stay (Bankruptcy Case Dkt. 94) (the "Stipulation"), and this Court entered its order approving the Stipulation "in its entirety" (Bankruptcy Case Dkt. 96) (the "Sale Order"). Under the Stipulation, Mehran paid the estate $120,000 in exchange for "Trustee's release and transfer to Creditor of the Estate's right, title and interest in the Real Property . . . and the Personal Property," and Plaintiff's $1,000 personal property exemption was "deemed allowed." (Stipulation ¶¶ 2, 9.) Plaintiff's counsel of record received electronic notice of the Sale Order the day it was entered. (Bankruptcy Case Dkt. 97.) The Sale Order was not appealed. The Trustee filed her Report of Sale on August 7, 2025 (Dkt. 103), her Final Report on December 11, 2025 (Dkt. 135), and the Court entered its Order of Distribution on January 7, 2026 (Dkt. 139). The Trustee's Final Report reflects payment of Plaintiff's $1,000 exemption. (Dkt. 135 at p.1.)

6. The Bankruptcy Case remains open. The United States Trustee's complaint objecting to Plaintiff's discharge, Adv. No. 1:25-ap-01058-MB, is pending; Plaintiff's default was

entered in that proceeding on December 9, 2025, and his motion to set it aside is set for November 19, 2026.

7. On June 1, 2026, Mehran commenced *Javaherian v. Nazaryan*, Adv. No. 1:26-ap-01031-MB (the "Injunction Adversary"), seeking a declaration that the State Court Action is an impermissible collateral attack on the Sale Order and an injunction against its prosecution. Mehran's amended motion for preliminary injunction and a status conference are set for October 13, 2026. On September 28, 2026, Plaintiff filed his Answer in the Injunction Adversary, in which he consents to entry of final orders and judgment by this Court, admits that this Court has jurisdiction to interpret and enforce the Sale Order, and states that the scope of the personal property transferred under the Stipulation "can be tried in this adversary proceeding." (Adv. No. 1:26-ap-01031-MB, Dkt. 20 at 2, ¶¶ 1–3; Dkt. 19 ¶ 18.)

## III.

## GROUNDS FOR REMOVAL

### A. This Court Has Jurisdiction Under 28 U.S.C. §1334

8. A party may remove any claim or cause of action in a civil action to the district court for the district where the action is pending if that court has jurisdiction under 28 U.S.C. §1334. 28 U.S.C. §1452(a). The district court has original jurisdiction of all civil proceedings arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. §1334(b). Pursuant to 28 U.S.C. §157(a) and General Order No. 13-05 of the United States District Court for the Central District of California, such proceedings are referred to the bankruptcy judges of this district.

9. **Arising in.** Every cause of action in the FAC seeks to recover, or to redefine the scope of, the transfer this Court approved in the Sale Order. The FAC expressly asks for a

declaration that the "July 18, 2025 bankruptcy settlement resolved only the estate's interest in the real property and did not release, transfer, or adjudicate Plaintiff's independent state-law claims." (FAC ¶ 49.) A proceeding to interpret or enforce a bankruptcy court's prior order arises in the bankruptcy case, and this Court has jurisdiction to interpret and enforce its own orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *In re Int'l Nutronics, Inc.*, 28 F.3d 965 (9th Cir. 1994) (claims against §363 purchaser that would undo the sale barred as collateral attack on sale order).

10. **Property of the estate.** The personal property that is the subject of Counts 1–4 and 7 became property of the estate on the petition date, 11 U.S.C. §541(a)(1), was administered by the Trustee under the Sale Order, and was never abandoned. The interference and conspiracy claims in Counts 5 and 6 rest entirely on events between September 2024 and January 30, 2025, before the petition date (FAC ¶¶ 12–29); any such causes of action are themselves property of the estate, 11 U.S.C. §541(a)(1); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986), have not been abandoned under 11 U.S.C. §554, and remain property of the estate, *Cusano v. Klein*, 264 F.3d 936, 945–46 (9th Cir. 2001). The district court, and by reference this Court, has exclusive jurisdiction over all property of the estate. 28 U.S.C. §1334(e)(1).

11. **Related to.** At a minimum, the State Court Action is "related to" the Bankruptcy Case because its outcome could conceivably affect the administration of the estate, including the finality of the Trustee's sale, the estate's ownership of the pre-petition claims Plaintiff purports to assert, and the pending objection to Plaintiff's discharge. *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting the *Pacor* "conceivable effect" test).

**B. Core Proceeding; Consent**

12. Pursuant to Rule 9027(a)(1), Defendants state that the removed claims are core proceedings under 28 U.S.C. §157(b)(2)(A) (matters concerning administration of the estate), (N) (orders approving the sale of property), and (O) (proceedings affecting the liquidation of assets of the estate), because each claim requires interpretation and enforcement of the Sale Order and a determination of what is and is not property of the estate. To the extent any removed claim is determined to be non-core, Defendants consent to entry of final orders and judgment by the bankruptcy judge.

**C. Timeliness; Concurrent Motion to Enlarge Time**

13. Rule 9027(a)(3) provides that, for a claim asserted in another court after the commencement of the bankruptcy case, a notice of removal may be filed within 30 days after receipt of the initial pleading or summons. Defendants acknowledge that more than 30 days have passed since service of the FAC. The time limit in Rule 9027(a)(3) is procedural, not jurisdictional. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (removal time limit is not jurisdictional and may be waived). Rule 9006(b)(1) authorizes the Court, on motion made after the expiration of a period prescribed by the Bankruptcy Rules, to permit the act to be done where the failure to act was the result of excusable neglect, and Rule 9027 is not among the rules excepted from enlargement in Rule 9006(b)(2)–(3). Defendants are concurrently filing a Motion to Enlarge Time to File Notice of Removal, which sets out the grounds for excusable neglect under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

**D. Venue; Related Adversary Proceeding**

14. Venue is proper in this Court because the State Court Action is pending in Los Angeles County, within the Central District of California, and the Bankruptcy Case is pending in the San Fernando Valley Division. 28 U.S.C. §§1409, 1452(a).

15. This removed action involves the same parties, the same Property and personal property, and the same Sale Order as the Injunction Adversary, Adv. No. 1:26-ap-01031-MB, pending before the Honorable Martin R. Barash. Defendants request that the removed action be assigned to Judge Barash and have filed a Notice of Related Adversary Proceeding concurrently with this Notice.

**E. Joinder of Defendants; Doe Defendants**

16. Both named defendants join in this Notice of Removal. Defendants DOES 1 through 5 are fictitious and have not been identified or served; their joinder is not required.

## IV.

## PROCEDURAL MATTERS

17. Promptly after filing this Notice, Defendants will file a copy of it with the Clerk of the Superior Court as required by Rule 9027(c), whereupon the Superior Court "shall proceed no further unless and until the claim or cause of action is remanded." Fed. R. Bankr. P. 9027(c). Defendants will serve this Notice on Plaintiff, the Trustee, and the United States Trustee in accordance with Rule 9027(b).

18. Defendants reserve all defenses, including lack of standing, failure to state a claim, preclusion, the protections of 11 U.S.C. §363(m), the automatic stay, and all defenses available under Federal Rule of Civil Procedure 12, and will respond to the FAC within the time provided by Rule 9027(g).

19. Defendants demand no jury. Defendants note that Plaintiff's FAC contains a jury demand; to the extent any claim survives and carries a jury right, Defendants reserve their position under 28 U.S.C. §157(e).

WHEREFORE, Defendants give notice that the State Court Action is removed to this Court in its entirety.

Respectfully submitted,

DATED: September 30, 2026

**BERELIANI LAW FIRM, PC**

By: __/s/ Sanaz Sarah Bereliani____
Sanaz Sarah Bereliani, Esq.
Attorneys for Defendants
MEHRAN JAVAHERIAN and
BENJAMIN JAVAHERIAN

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Hovhannes Nazaryan | **DEFENDANTS**<br>Mehran Javaherian, Benjamin Javaherian |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>N/A (In Pro Se) | **ATTORNEYS** (If Known)<br>Sanaz Sarah Bereliani, Esq // Bereliani Law Firm, PC<br>12100 Wilshire Blvd, 8th Floor, LA, CA 90025<br>Tel: 310-882-5482 // sanaz@berelianilaw.com |
| **PARTY** (Check One Box Only)<br>X Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>X Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UITED STATES BANKRUPTCY COURT**

[28 U.S.C. 1334, 1452; FED. R. BANKR. 9027; LBR 9027-1]

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
X 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>Hovhannes Nazaryan | BANKRUPTCY CASE NO.<br>1:25-bk-10617-MB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando | NAME OF JUDGE<br>Barash |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Sanaz Sarah Bereliani, Esq | | |
| DATE<br>September 30, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Sanaz Sarah Bereliani, Esq | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.