# EXHIBIT A

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Hovhannes Nazaryan<br>FIRM NAME:<br>STREET ADDRESS: PO Box 9300<br>CITY: Texarkana<br>TELEPHONE NO.:<br>EMAIL ADDRESS:<br>ATTORNEY FOR (name): | STATE: TX ZIP CODE: 75505<br>FAX NO.: | FILED<br>Superior Court of California<br>County of Los Angeles<br>APR 08 2026<br>David W. Slayton, Executive Officer/Clerk of Court<br>By: T. Abrahamyan, Deputy |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES<br>STREET ADDRESS: 6230 Sylmar Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Van Nuys, CA 91401<br>BRANCH NAME: Van Nuys Courthouse – Unlimited Civil Division | | |
| CASE NAME: Plaintiff: Hovhannes Nazaryan<br>Defendant: Mehran Javaherian, et al. | | |
| **CIVIL CASE COVER SHEET**<br>[X] **Unlimited** (Amount demanded exceeds $35,000)<br>[ ] **Limited** (Amount demanded is $35,000 or less) | **Complex Case Designation**<br>[ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 26VECV02080<br>JUDGE: Elaine W. Mandel<br>DEPT.: B. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [X] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? [ ] Yes [X] No

If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. [X] monetary
b. [X] nonmonetary; declaratory or injunctive relief
c. [ ] punitive

4. Number of causes of action *(specify):* 7 (Conversion, Trespass to Chattels, Unjust Enrichment, Declaratory Relief, Wrongful Foreclosure, Cancellation of Written Instruments, Quiet Title)

5. Is this case a class action suit? [ ] Yes [X] No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04.08.2026

Hovhannes Nazaryan (Plaintiff in Pro Per)
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



For your protection and privacy, please press the Clear button after you have printed the form.

Print Save Clear

| SHORT TITLE | CASE NUMBER 26VECV02080 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER 26VECV02080 |
|---|---|

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER 26VECV02080 |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☑ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER 26VECV02080 |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER 26VECV02080 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11 | | | ADDRESS: 24366 La Masina Crt |
|---|---|---|---|
| CITY: Calabasas | STATE: CA | ZIP CODE: 91302 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Northwest District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 04/08/2026

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**HOVHANNES NAZARYAN**
**P. O. Box 9300**
**Texarkana, TX 75505**

FILED
Superior Court of California
County of Los Angeles

APR 08 2026

David W. Slayton, Executive Officer/Clerk of Court
By: T. Abrahamyan, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, WEST DISTRICT**

**6230 Sylmar Avenue Van Nuys, CA 91401**

**HOVHANNES NAZARYAN**
Plaintiff, v.

**MEHRAN JAVAHERIAN**,
DOES 1 through 20, inclusive,

Defendant,

**COMPLAINT FOR:** 26VECV02080

1. **Conversion**
2. **Trespass to Chattels**
3. **Unjust Enrichment / Restitution**
4. **Declaratory Relief**
5. **Wrongful Foreclosure**
6. **Cancellation of Written Instruments**
7. **Quiet Title**

Plaintiff HOVHANNES NAZARYAN ("Plaintiff" or "Nazaryan") alleges as follows:

**PARTIES**

1. Plaintiff **HOVHANNES NAZARYAN** ("Plaintiff") is, and at all relevant times was, an individual and a resident of the County of Los Angeles, State of California. Plaintiff has lived in Los Angeles, California for many years and intends to return there upon release. Plaintiff is currently and temporarily housed at Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505 solely due to federal incarceration.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant **MEHRAN JAVAHERIAN** ("Defendant") is an individual residing in California, and at all relevant times claimed an interest in, exercised dominion over, and/or obtained possession of real and personal property located at 24366 La Masina Court, Calabasas, California 91302 ("Property").

3. The true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that each Defendant was the agent, employee, partner, co-conspirator, alter ego, aider and abettor, and/or joint venturer of each other Defendant, and in doing the things alleged herein was acting within the course and scope of such relationship.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action because the amount in controversy exceeds the minimum jurisdiction of this Court and because the causes of action arise under California law.

6. Venue is proper in Los Angeles County pursuant to Code of Civil Procedure section 395 because the Property is located in Los Angeles County and the acts and omissions alleged herein occurred in Los Angeles County.

## III. GENERAL ALLEGATIONS

7. Prior to the acts complained of herein, Plaintiff owned, possessed, and/or had the immediate right to possess substantial personal property located at the Property.

8. The personal property included, among other things, high-value furniture, luxury outdoor furniture, custom office installations, game room equipment, gym equipment, high-end appliances, and a Petrof Chippendale Grand Piano.

9. Based on Plaintiff's investigation and itemization, the fair market value of the personal property was not nominal and was not merely "used household goods" worth $1,000. Rather, the value of the personal property exceeded $250,000 and may exceed $300,000.

10. On April 14, 2025, Plaintiff filed a voluntary petition for relief under Chapter 7 in the United States Bankruptcy Court, Central District of California, Case No. 1:25-bk-10617-MB.

11. Plaintiff filed bankruptcy because of severe financial distress and inability to maintain obligations on secured and unsecured debts.

12. Immediately after the bankruptcy filing, control over the Property was effectively taken from Plaintiff as part of the Chapter 7 administration process, leaving Plaintiff without practical access to the Property or ability to protect his belongings.

13. During the bankruptcy case, the trustee entered into a stipulation with Defendant. That stipulation states that Defendant would pay $120,000 to the estate in exchange for the estate's right, title, and interest in the real property and the personal property (see Exhibit A attached hereto) in Case No. 1:25-bk-10617-MB.

14. The same stipulation described the personal property only as "used household goods" from Plaintiff's schedules and stated that Plaintiff valued such personal property at $1,000 and claimed a $1,000 exemption (see Exhibit A attached hereto) in Case No. 1:25-bk-10617-MB.

15. Plaintiff alleges that no true, fair, item-by-item inventory, inspection, appraisal, or meaningful valuation of Plaintiff's substantial high-value personal property was performed before Defendant took possession and control of same.

16. As a result, valuable personal property was swept into a transfer process that drastically undervalued it.

17. Plaintiff was at all relevant times in federal custody at FCI Texarkana and was unable to physically access, monitor, secure, or protect the Property or the personal property located there.

18. Plaintiff did not receive notice at FCI Texarkana of any foreclosure proceedings, foreclosure sale, transfer, sale, or disposition of the Property or Plaintiff's personal property.

19. Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known Plaintiff's place of incarceration and Plaintiff's inability to protect his property, yet proceeded without ensuring that proper notice was provided to Plaintiff at his known place of confinement.

20. As a result of the failure to provide notice, Plaintiff was deprived of a meaningful opportunity to object, protect his interests, seek relief, or otherwise take timely action regarding the Property and personal property.

21. After obtaining the benefits of the bankruptcy stipulation and related relief, Defendant took possession and/or control of the Property and the contents therein.

22. Plaintiff, through counsel, demanded that Defendant return at least the Petrof grand piano. Defendant refused.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendant has retained, used, transferred, sold, concealed, and/or otherwise exercised dominion and control over Plaintiff's personal property for Defendant's own benefit.

24. Plaintiff does not seek in this action to relitigate the bankruptcy order as such. Rather, Plaintiff seeks relief based on Defendant's own independent wrongful conduct, including Defendant's refusal to compensate Plaintiff for valuable property, Defendant's wrongful retention and conversion of property, and Defendant's use of a defective and unfair process to obtain real and personal property.

25. The stipulation also states that upon final payment and finality of the order, Defendant would have relief from the automatic stay to exercise state-law rights under the second deed of trust (see Exhibit A attached hereto) in Case No. 1:25-bk-10617-MB.

26. Plaintiff is informed and believes, and based thereon alleges, that Defendant pursued and/or completed foreclosure-related acts without proper notice to Plaintiff and through a process infected by unfairness, procedural defect, lack of notice, gross undervaluation of personal property, and abuse of Plaintiff's inability to protect himself while incarcerated.

27. As a direct and proximate result of Defendant's acts, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $250,000.

## IV. FIRST CAUSE OF ACTION

**Conversion**

(Against All Defendants)

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff owned, possessed, and/or had the immediate right to possess the personal property described above.

30. Defendant intentionally and substantially interfered with Plaintiff's property rights by taking possession of the property, exercising dominion over it, excluding Plaintiff from it, retaining it, and refusing to return it or compensate Plaintiff for it after demand.

31. Defendant's conduct constituted conversion.

32. Pursuant to Civil Code section 3336, Plaintiff is entitled to recover the value of the property at the time of conversion, with interest, and fair compensation for time and money properly expended in pursuit of the property.

33. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount according to proof, but not less than $250,000.

34. Defendant acted intentionally, maliciously, oppressively, and/or fraudulently, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to recover exemplary and punitive damages pursuant to Civil Code section 3294.

## V. SECOND CAUSE OF ACTION

**Trespass to Chattels**
(Against All Defendants)

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. Defendant intentionally interfered with Plaintiff's possessory interest in the personal property.

37. Defendant's interference deprived Plaintiff of the use, possession, value, and benefit

of the personal property and caused actual injury.

38. As a direct and proximate result, Plaintiff suffered damages in an amount according to proof.

## VI. THIRD CAUSE OF ACTION

**Unjust Enrichment / Restitution**
(Against All Defendants)

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. Defendant knowingly received and retained benefits from Plaintiff's personal property and/or from the wrongful acquisition, retention, transfer, or disposition of that property.

41. It would be unjust and inequitable for Defendant to retain such benefits without compensating Plaintiff.

42. Plaintiff is therefore entitled to restitution, disgorgement, and monetary relief according to proof.

## VII. FOURTH CAUSE OF ACTION

**Declaratory Relief**
(Code Civ. Proc., § 1060)
(Against All Defendants)

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44. An actual controversy has arisen and now exists between Plaintiff and Defendant regarding their respective rights and obligations concerning Plaintiff's personal property and the legal consequences of Defendant's retention, conversion, and refusal to compensate Plaintiff.

45. Plaintiff contends Defendant is liable to Plaintiff for the fair value of the property and related damages.

46. Plaintiff seeks a judicial declaration of the parties' rights and duties.

## VIII. FIFTH CAUSE OF ACTION

**Wrongful Foreclosure**
(Against All Defendants)

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is informed and believes, and based thereon alleges, that Defendant pursued and/or completed foreclosure proceedings or foreclosure-related acts affecting the Property.

49. Plaintiff alleges such foreclosure and/or foreclosure-related conduct was wrongful because it was carried out without proper notice to Plaintiff at his known place of incarceration, in bad faith, through procedural irregularities, through unfairness, and

through misuse of a process that simultaneously treated substantial personal property as only $1,000 while transferring broad interests for $120,000.

50. Plaintiff was deprived of a meaningful opportunity to protect his rights because he did not receive notice at FCI Texarkana.

51. As a direct and proximate result, Plaintiff has suffered damages according to proof.

## IX. SIXTH CAUSE OF ACTION

**Cancellation of Written Instruments**
(Civ. Code, § 3412)
(Against All Defendants)

52. Plaintiff realleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff is informed and believes, and based thereon alleges, that one or more written instruments, including but not limited to foreclosure-related notices, deeds, substitutions, assignments, or other documents affecting title or ownership, are void or voidable due to lack of notice, unfairness, procedural defect, fraud, mistake, and/or bad faith.

54. If left outstanding, such instruments may cause serious injury to Plaintiff.

55. Plaintiff therefore seeks cancellation of such instruments pursuant to Civil Code section 3412.

## X. SEVENTH CAUSE OF ACTION

**Quiet Title**
(Code Civ. Proc., § 760.020 et seq.)
(Against All Defendants)

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57. The property that is the subject of this cause of action is commonly known as 24366 La Masina Court, Calabasas, California 91302. Plaintiff is informed and believes that the legal description is [insert legal description if known; otherwise leave for amendment].

58. Plaintiff claims title to the Property and the personal property located therein based on his prior ownership, subject to the bankruptcy proceedings and any subsequent transfers.

59. Defendant claims an adverse interest in the Property and personal property by virtue of the transactions and foreclosure-related acts described above.

60. Plaintiff seeks a determination of the adverse claims as of the date of judgment and a judgment quieting title in Plaintiff's favor according to proof.

## XI. PUNITIVE DAMAGE ALLEGATIONS

61. Plaintiff realleges and incorporates by reference paragraphs 1 through 60 as though fully set forth herein.

62. Defendant acted with malice, oppression, and fraud by knowingly taking advantage of Plaintiff's lack of access, lack of notice, and incarceration; by retaining and benefiting

from property grossly undervalued in the bankruptcy process; and by refusing to return or compensate Plaintiff for substantial high-value personal property after demand.

63. Plaintiff is therefore entitled to punitive damages pursuant to Civil Code section 3294.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For general and special damages according to proof, but not less than $250,000;
2. For the fair market value of converted property;
3. For loss-of-use damages and interest pursuant to Civil Code section 3336;
4. For restitution and disgorgement;
5. For declaratory relief;
6. For damages for wrongful foreclosure according to proof;
7. For cancellation of void or voidable written instruments pursuant to Civil Code section 3412;
8. For quiet title relief according to proof;
9. For punitive damages pursuant to Civil Code section 3294;
10. For costs of suit pursuant to Code of Civil Procedure section 1032;
11. For prejudgment interest;
12. For such other and further relief as the Court deems just and proper.

## XIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

## VERIFICATION

I, Hovhannes Nazaryan, am the Plaintiff in this action. I have read the foregoing Complaint and know its contents. The same is true of my own knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: 03. 30., 2026

[signature]

Hovhannes Nazaryan
Plaintiff, In Pro Per

At: Federal Correctional Institution – Satellite Camp, Texarkana, Texas
Federal Correctional Institution – Satellite Camp
P.O. Box 9300
Texarkana, TX 75505

# EXHIBIT A

**PERSONAL PROPERTY INVENTORY**
Plaintiff: Hovhannes Nazaryan
Property Address: 24366 La Masina Court, Calabasas, CA 91302

Plaintiff's personal property located at the subject property consisted of high-end furniture, appliances, musical instruments, and specialty items. The estimated total fair market value of the personal property exceeds $250,000, subject to proof at trial.

1. OUTDOOR FURNITURE (COSTA COLLECTION)
• Costa Aluminum Lounge Chairs (4) – $11,972
• Costa Rectangular Coffee Table (1) – $1,840
• Costa Square Side Tables (4) – $4,840
• Costa Rectangular Dining Table (1) – $4,125
• Costa Dining Armchairs (2) – $2,986
• Costa Dining Side Chairs (8) – $11,376
• Costa Left-Arm Chaise Frames (3) – $8,535
• Costa Sofa Frame (1) – $5,295
Estimated Subtotal: approximately $50,969

2. LIVING ROOM FURNITURE
• Divani Casa Arvada Sofa (2) – $4,290
• Arvada Lounge Chairs (2) – $1,900
• Glass Coffee Table – $449
• Accent Chairs (2) – $1,798
• Glass End Tables (2) – $326
Estimated Subtotal: approximately $8,853

3. MUSICAL INSTRUMENT
• Petrof Chippendale Grand Piano with Bench
Estimated Value: $88,000 – $110,000

4. OFFICE (CUSTOM BUILT-IN & EXECUTIVE DESK)
• Custom office installation and executive desk
Estimated Value: $35,000 – $50,000

**EXHIBIT A (Continued)**

5. **TV ROOM FURNISHINGS**
• Sofa – $2,599
• Armchair – approximately $1,500
• Coffee Table – approximately $1,500
• Wall Art – $369
• Floor Lamp – approximately $500
Estimated Subtotal: approximately $6,000 – $8,000

6. **BEDROOM FURNITURE**
Bedroom 1
• Bed + Nightstand – $2,500 – $3,700
Bedroom 2
• Bed + Mattress + Nightstands – $2,500
Bedroom 3
• Bedroom Set + Furniture + Rug – approximately $7,200
Bedroom 4
• Chairs, dresser, desk, mirror, bed – $7,000 – $9,700
Master Bedroom
• Sofa, bed, chairs, console, mirror, bench – approximately $10,343

7. **GAME ROOM**
• Custom Poker Table – $9,000
• Poker Chairs (8) – $2,232
• Bar Stools – approximately $600
• Lounge Chairs (8) – $4,632
• Slot Machines – approximately $2,500
Estimated Subtotal: approximately $19,000

8. **GYM EQUIPMENT**
• Power Rack, Bench, Weights, Dumbbells
• Cable Machine, Cardio Equipment
Estimated Total: $5,000 – $9,500

9. **DINING ROOM**
• Dining Chairs (10) – $5,100 – $7,700
• Dining Table – $1,700 – $2,600
Estimated Subtotal: approximately $7,300 – $10,300

10. **ADDITIONAL FURNISHINGS**
• Curved Sectional Sofa – $2,479
• Entry Glass Table – $1,500

**EXHIBIT A (Continued)**

**11. KITCHEN APPLIANCES (THERMADOR)**

• Refrigerator – $5,299 – $8,499
• Double Wall Oven – $4,899 – $9,299
• Microwave Drawer – $2,399
• Induction Cooktop – $3,499 – $6,499
Estimated Subtotal: approximately $16,000 – $27,000

**12. MISCELLANEOUS KITCHEN EQUIPMENT, DISHES, DINING EQUIPMENT, AND OTHER HOUSEHOLD ITEMS**

**• Kitchen cookware, utensils, dishes, glassware, flatware, small appliances, and all other miscellaneous household furnishings and personal effects not specifically itemized above.**
**Estimated Value: approximately $35,000 – $45,000**

**TOTAL ESTIMATED VALUE**

The personal property has an estimated fair market value exceeding $250,000 (conservatively estimated). The exact value will be proven at trial.

# EXHIBIT B

**DEMAND AND REFUSAL**

**On or about September 3, 2025, Plaintiff, through counsel Anita Khachikyan, sent a written demand to Defendant's counsel requesting the return of at least the Petrof Chippendale Grand Piano.**
**Defendant's counsel, Raymond H. Aver, replied the same day and refused to return any of the personal property. The full email exchange is as follows:**

**From: Anita Khachikyan ak@khachlaw.com**
**Sent: Wednesday, September 3, 2025 10:00:07 AM**
**To: Raymond H. Aver ray@averlaw.com**
**Subject: Re: Nazaryan**

**Hello Ray,**

**Hope all is well.**
**I wanted to follow up on my below email and see if your client would be willing to part ways with the piano? Please let me know.**
**Thank you.**
**Anita Khachikyan**

**Attorney at Law | Licensed in CA and IL**
**Khach Law Group, PC**
**126 S. Jackson St., Suite 203**
**Glendale, CA 91205**
**818.243.8500 Tel | 866.577.6740 Fax**
**www.khachlaw.com | ak@khachlaw.com**

**EXHIBIT B (Continued)**

**DEMAND AND REFUSAL**

**From: Raymond H. Aver ray@averlaw.com**
**Sent: Wednesday, September 3, 2025 3:25 PM**
**To: Anita Khachikyan ak@khachlaw.com**
**Subject: Re: Nazaryan**

**Anita:**

**As you are aware, Mehran Javaherian was required to pay $120,000 to the Chapter 7 Trustee to facilitate a settlement with the Nazaryan bankruptcy estate. As part of that settlement, the Nazaryan bankruptcy estate's interest in all the personal property at the La Masina Court Property was sold to Mehran Javaherian and Mr. Nazaryan was paid $1,000. Given the losses incurred, Mr. Javaherian is not in a position to return any of the personal property paid for.**

**RAYMOND H. AVER, ESQUIRE**
**LAW OFFICES OF RAYMOND H. AVER**
**A Professional Corporation**
**11849 West Olympic Boulevard, Suite 204**
**Los Angeles, California 90064**
**Tel.: (310) 571-3511**
**email: ray@averlaw.com**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>04/08/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: T. Abrahamyan Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>26VECV02080 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Elaine W. Mandel | B | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record David W. Slayton, Executive Officer / Clerk of Court

on 04/08/2026 By T. Abrahamyan, Deputy Clerk
(Date)



**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court of California
County of Los Angeles

APR 08 2026

David W. Slayton, Executive Officer/Clerk of Court
By: T. Abrahamyan, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Mehran Javaherian DOES 1 through 20, inclusive, Defendant.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Hovhannes Nazaryan

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Van Nuys Courthouse – Unlimited Civil Division
6230 Sylmar Avenue, Van Nuys, CA 91401

CASE NUMBER:
*(Número del Caso):*
26VECV02080

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hovhannes Nazaryan ~~FCI Texarkana Federal Correctional Institution – Satellite Camp~~. PO Box 9300 Texarkana, TX 75505 H.N.

DATE: *(Fecha)* APR 08 2026 Clerk, by *(Secretario)* T. Abrahamyan, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:

under:
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (authorized person)
- [ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | FILED<br>Superior Court of California<br>County of Los Angeles<br>04/09/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: G. Mikayelyan Deputy |
| PLAINTIFF:<br>Hovhannes Nazaran | |
| DEFENDANT:<br>Mehran Javaherian | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>26VECV02080 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 08/06/2026 | Time: 8:30 AM | Dept.: B |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 04/09/2026

Judicial Officer
Elaine W. Mandel / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in Van Nuys, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Hovhannes Nazaran
P.O. Box 9300
Texarkana, TX 75505

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/09/2026

By G. Mikayelyan
Deputy Clerk

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | FILED<br>Superior Court of California<br>County of Los Angeles<br>04/09/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: G. Mikayelyan Deputy |
| PLAINTIFF/PETITIONER:<br>Hovhannes Nazaran | |
| DEFENDANT/RESPONDENT:<br>Mehran Javaherian | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26VECV02080 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Case Management Conference** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Van Nuys**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Hovhannes Nazaran
P.O. Box 9300
Texarkana, TX 75505

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/9/2026

By: G. Mikayelyan
Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | FILED<br>Superior Court of California<br>County of Los Angeles<br>04/09/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: G. Mikayelyan Deputy |
| PLAINTIFF(S):<br>Hovhannes Nazaran | |
| DEFENDANT(S):<br>Mehran Javaherian | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>26VECV02080 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on 08/06/2026 at 8:30 AM in department B of this court, Van Nuys Courthouse East, and show cause why sanctions should not be imposed for:

[✔] Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔] To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: 04/09/2026

Elaine W. Mandel / Judge
Judicial Officer

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | FILED<br>Superior Court of California<br>County of Los Angeles<br>04/09/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: G. Mikayelyan Deputy |
| PLAINTIFF/PETITIONER:<br>Hovhannes Nazaran | |
| DEFENDANT/RESPONDENT:<br>Mehran Javaherian | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26VECV02080 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Failure to File Proof of Service** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Van Nuys**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Hovhannes Nazaran
P.O. Box 9300
Texarkana, TX 75505

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/9/2026

By: G. Mikayelyan
Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>04/10/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: P. Boyadzhyan Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | |
| PLAINTIFF/PETITIONER:<br>Hovhannes Nazaran | |
| DEFENDANT/RESPONDENT:<br>Mehran Javaherian | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26VECV02080 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Lis Pendens upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Van Nuys, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Hovhannes Nazaran
P.O. Box 9300
Texarkana, TX 75505

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/10/2026

By: P. Boyadzhyan
Deputy Clerk

**RECORDING REQUESTED BY:**

Hovhannes Nazaryan

P.O. Box 9300

Texarkana, TX 75505

**FILED**
Superior Court of California
County of Los Angeles

APR 10 2026

David W. Slayton, Executive Officer/Clerk of Court
By: P. Boyadzhyan, Deputy

**WHEN RECORDED MAIL TO:**

Same as above

**NOTICE OF PENDENCY OF ACTION**

(California Code of Civil Procedure § 405.20)

NOTICE IS HEREBY GIVEN that a complaint has been filed in the Superior Court of California, County of Los Angeles, Case No. 26VECV02080. entitled **Hovhannes Nazaryan v. Mehran Javaherian, et al.**

The action affects title to or possession of the real property located at **24366 La Masina Court, Calabasas, California 91302**, Assessor's Parcel Number [if you know it, put it here; otherwise leave blank].

The object of the action is to quiet title, cancel instruments, obtain declaratory relief, and recover damages concerning Plaintiff's interest in the above-described real property and the personal property located therein.

Dated: 04. 01., 2026

Hovhannes Nazaryan, Plaintiff, In Pro Per

[signature]

RECEIVED
APR 09 2026
L.A.S.C.- Northwest East

Date: 4/10/26

[signature]
ELAINE MANDEL

# FW-003 Order on Court Fee Waiver (Superior Court)

*Clerk stamps date here when form is filed.*

**FILED**
Superior Court of California
County of Los Angeles
04/14/2026
David W. Slayton, Executive Officer / Clerk of Court
By: J. Szramkowski Deputy

*Fill in court name and street address:*
**Superior Court of California, County of Los Angeles**
Van Nuys Courthouse East
6230 Sylmar Avenue
Van Nuys, CA 91401

*Fill in case number and name:*
**Case Number:** 26VECV02080
**Case Name:** HOVHANNES NAZARYAN vs MEHRAN JAVAHERIAN

1. **Person who asked the court to waive court fees:**
Name: Hovhannes Nazaryan
Street or mailing address: P.O. Box 9300
City: Texarkana State: TX Zip: 75505

2. **Lawyer, if person in (1) has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

3. A request to waive court fees was filed on *(date):* 04/08/2026
☐ The court made a previous fee waiver order in this case on *(date):*

***Read this form carefully. All checked boxes ☑ are court orders.***

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

4. After reviewing your: ☑ *Request to Waive Court Fees* ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☐ The court **grant**s your request, as follows:

(1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness
☐ Other *(specify):*

Your name: Hovhannes Nazaryan

**Case Number:** 26VECV02080

b. ☑ The court **denies** your fee waiver request because:

**Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:

- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below ☐ On Attachment 4b(1)

(2) ☑ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☑ Below ☐ On Attachment 4b(2)

You do not have any monthly expenses.

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006).You have **10 days** after the clerk gives notice of this order (see date of service below) to:

- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
☐ Below ☐ On Attachment 4c(1)

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:
☐ Below ☐ On Attachment 4c(2)

**This is a Court Order.**

Your name: Hovhannes Nazaryan

**Case Number:** 26VECV02080

Name and address of court if different from above:

**Hearing Date** → Date: ______ Time: ______
Dept.: ______ Room: ______

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: 04/14/2026

*Signature of (check one):* ☑ *Judicial Officer* ☐ *Clerk, Deputy*

Graciela Freixes / Judge

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☐ I handed a copy of this Order to the party and attorney, if any, listed in (1) and (2), at the court, on the date below.

☑ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in (1) and (2), from *(city):* Van Nuys, California, on the date below.

☐ A certificate of mailing is attached.

Date: 04/14/2026

David W. Slayton, Executive Officer / Clerk of Court

Clerk, by J. Szramkowski, Deputy
Name: ______

**This is a Court Order.**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Hohannes Nazaryan<br>PO Box 9300<br>Texarkana, TX 75505<br>TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FILED<br>Superior Court of California<br>County of Los Angeles<br>APR 21 2026<br>David W. Slayton, Executive Officer/Clerk of Court<br>By: T. Abrahamyan, Deputy |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 6230 Sylmar Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Van Nuys, CA 91401<br>BRANCH NAME: Van Nuys Courthouse - Unlimited Civil Division | |
| PLAINTIFF/PETITIONER: Hohannes Nazaryan<br>DEFENDANT/RESPONDENT: Mehran Savaherian | CASE NUMBER:<br>26VECV02080 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. ~~[✓] cross-complaint Recorded Notice of Pendency Of action~~ (Lis Pendens) ZM
   f. [✓] other *(specify documents):* Lis Pendens Recorded Notice
3. a. Party served *(specify name of party as shown on documents served):*
   Mehran Savaherian
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
4. Address where the party was served: 9700 Woodman Ave A29, Arleta, CA 91331
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [✓] **by substituted service.** On *(date):* 04.20.2026 at *(time):* 03:24pm left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
   Receptionist/person in charge at dental Clinic
      (1) [✓] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [✓] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 04.21.2026 from *(city):* Glendale or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**POS-010**

| PLAINTIFF/PETITIONER: Hovhannes Nazaryan<br>DEFENDANT/RESPONDENT: Mehran Savaherian | CASE NUMBER:<br>26VECV02080 |
|---|---|

5\. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6\. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☐ On behalf of *(specify):*

under the following Code of Civil Procedure section:

☐ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7\. **Person who served papers**

a. Name: Zarik Minasyan

b. Address: 200 W Milford St, apt 534, Glendale, CA 91203

c. Telephone number: 7698000880

d. **The fee** for service was: $

e. I am:

(1) ☑ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ a registered California process server:

(i) ☐ owner ☐ employee ☐ independent contractor.

(ii) Registration No.:

(iii) County:

8\. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**or**

9\. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 04.21.2026

Zarik Minasyan
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

**MC-030**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* Hovhannes Nazaryan, P.O. Box 9300, Texarkana, TX 75505<br>TELEPHONE NO.: FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | *FOR COURT USE ONLY*<br>FILED<br>Superior Court of California<br>County of Los Angeles<br>MAY 07 2026<br>David W. Slayton, Executive Officer/Clerk of Court<br>By: T. Abrahamyan, Deputy |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 6230 Sylmar Ave<br>MAILING ADDRESS: 6230 Sylmar Ave<br>CITY AND ZIP CODE: Van Nuys, CA 91401<br>BRANCH NAME: Van Nuys Courthouse - Unlimited Civil Division | |
| PLAINTIFF/PETITIONER: Hovhannes Nazaryan<br>DEFENDANT/RESPONDENT: Mehran Javaherian | |
| **DECLARATION** | CASE NUMBER:<br>26VECV02080 |

I, Hovhannes Nazaryan, declare:

1. I am the Plaintiff in this action and am currently incarcerated at Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, TX 75505.
2. My scheduled release date from federal custody is September 28, 2026.
3. I respectfully request to appear in person at the Case Management Conference and Order to Show Cause currently scheduled for August 6, 2026 at 8:30 a.m. in Department B. Because I will still be incarcerated on that date, I am unable to attend the hearing.
4. I respectfully request that the Court continue the Case Management Conference and Order to Show Cause to a date in mid-to-late October 2026 (or any later date convenient for the Court). This continuance will allow me to appear in person after my release and will not prejudice the Defendant.
5. This request is made in good faith and not for purposes of delay.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 05/07/2026

Hovhannes Nazaryan
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF DECLARANT)

☐ Attorney for ☑ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☐ Other *(Specify):*

**MC-030**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
| --- | --- |
| Hovhannes Nazaryan<br>P.O. Box 9300<br>Texarkana, TX 75505<br>TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FILED<br>Superior Court of California<br>County of Los Angeles<br>MAY 07 2026<br>David W. Slayton, Executive Officer/Clerk of Court<br>By: T. Abrahamyan, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 6230 Sylmar Ave<br>MAILING ADDRESS: 6230 Sylmar Ave<br>CITY AND ZIP CODE: Van Nuys, CA 91401<br>BRANCH NAME: Van Nuys Courthouse - Unlimited Civil Division | |
| PLAINTIFF/PETITIONER: Hovhannes Nazaryan<br>DEFENDANT/RESPONDENT: Mehran Javaherian | |
| **DECLARATION** | CASE NUMBER:<br>26VECV02080 |

I, Hovhannes Nazaryan, declare:

1. I am the Plaintiff in this action and am currently incarcerated at Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, TX 75505.
2. My scheduled release date from federal custody is September 28, 2026.
3. I respectfully request to appear in person at the Case Management Conference and Order to Show Cause currently scheduled for August 6, 2026 at 8:30 a.m. in Department B. Because I will still be incarcerated on that date, I am unable to attend the hearing.
4. I respectfully request that the Court continue the Case Management Conference and Order to Show Cause to a date in mid-to-late October 2026 (or any later date convenient for the Court). This continuance will allow me to appear in person after my release and will not prejudice the Defendant.
5. This request is made in good faith and not for purposes of delay.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 05/07/2026

Hovhannes Nazaryan
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF DECLARANT)

☐ Attorney for ☑ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☐ Other (Specify):

**POS-030**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Hovhannes Nazaryan, PO Box 9300, Texarkana, TX 75501<br>TELEPHONE NO.: FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY*<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>MAY 13 2026<br>David W. Slayton, Executive Officer/Clerk of Court<br>By: T. Abrahamyan, Deputy |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES<br>STREET ADDRESS: 6230 Sylmar Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Van Nuys, CA 91401<br>BRANCH NAME: Van Nuys Courthouse - Unlimited Civil Division | |
| PETITIONER/PLAINTIFF: Hovhannes Nazaryan<br>RESPONDENT/DEFENDANT: Mehran Javaherian | |
| **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** | CASE NUMBER: 26VECV02080 |

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
200 W Milford St Apt 534
Glendale, CA 91203

3. On *(date)*: 05/08/2026 I mailed from *(city and state)*: Glendale , CA
the following **documents** *(specify)*: MC-030 Declaration Requesting Continuance of Case Management Conference and OSC

☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☒ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Mehran Javaherian
   b. **Address** of person served: 9700 Woodman Ave A29
   Arleta, CA 91331

☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 05.08.2026

Zarik Minasyan
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

► [signature]
(SIGNATURE OF PERSON COMPLETING THIS FORM)

# INFORMATION SHEET FOR PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL

*(This information sheet is not part of the Proof of Service and does not need to be copied, served, or filed.)*

**NOTE:** This form should **not** be used for proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

Use these instructions to complete the Proof of Service by First-Class Mail—Civil (form POS-030).

A person over 18 years of age must serve the documents. There are two main ways to serve documents:
(1) by personal delivery and (2) by mail. Certain documents must be personally served. You must determine whether personal service is required for a document. Use the *Proof of Personal Service–Civil* (form POS-020) if the documents were personally served.

The person who served the documents by mail must complete a proof of service form for the documents served. **You cannot serve documents if you are a party to the action.**

**INSTRUCTIONS FOR THE PERSON WHO SERVED THE DOCUMENTS**

The proof of service should be printed or typed. If you have Internet access, a fillable version of the Proof of Service form is available at *www.courtinfo.ca.gov/forms.*

Complete the top section of the proof of service form as follows:

First box, left side: In this box print the name, address, and telephone number of the person for whom you served the documents.

Second box, left side: Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as on the documents that you served.

Third box, left side: Print the names of the Petitioner/Plaintiff and Respondent/Defendant in this box. Use the same names as are on the documents that you served.

First box, top of form, right side: Leave this box blank for the court's use.

Second box, right side: Print the case number in this box. The case number should be the same as the case number on the documents that you served.

Complete items 1–5 as follows:

1. You are stating that you are over the age of 18 and that you are not a party to this action. You are also stating that you either live in or are employed in the county where the mailing took place.

2. Print your home or business address.

3. Provide the date and place of the mailing and list the name of each document that you mailed. If you need more space to list the documents, check the box in item 3, complete the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)), and attach it to form POS-030.

4. For item 4:

   Check box a if you personally put the documents in the regular U.S. mail.
   Check box b if you put the documents in the mail at your place of business.

5. Provide the name and address of each person to whom you mailed the documents. If you mailed the documents to more than one person, check the box in item 5, complete the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (form POS-030(P)), and attach it to form POS-030.

**At the bottom, fill in the date on which you signed the form, print your name, and sign the form. By signing, you are stating under penalty of perjury that all the information you have provided on form POS-030 is true and correct.**



For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | **CASE NUMBER:**<br>26VECV02080 |
| **PLAINTIFF:**<br>Hovhannes Nazaryan | |
| **DEFENDANT:**<br>Mehran Javaherian | **DEPARTMENT/UNIT**<br>B |
| **NOTICE OF REJECTION DEFAULT/CLERK'S JUDGMENT** | **TELEPHONE NUMBER** |

Your Request for Entry of Default and/or Clerk's Judgment, Judicial Council form CIV-100, submitted on 06/15/2026 is rejected for the following reason(s):

**Request for Entry of Default**

Mehran Javaherian
*Code Civ. Proc., section 585.5, Declaration is incomplete *Date required on item *Other - 1. Section 5 blank. This is required. 2. Section 6 not dated. This is required. 3. Defective POS-010 Proof of Service of Summons form. Section 5b defective. If the name of the person is not known, at least five (5) physical descriptors of the person are needed. Section 6 incomplete. Please note: your proof of service should not be completed in cursive writing. All your documents, if handwritten, should be in block printing. Please seek legal assistance if you do not know the proper way to complete your forms. The clerk cannot assist you in any way, including the review of your rejection and the preparation of your forms.

Please return: ☑ a new Request for Entry of Default form. ☑ additional document(s) required to process your request.

When you respond to this Notice of Rejection, include a stamped, self-addressed return envelope, DO NOT include more than one copy of any document to be conformed. ***Include a copy of this form when you return your documents.***

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/15/2026

By: J. Inloes
Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>06/15/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: J. Inloes Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | |
| PLAINTIFF/PETITIONER:<br>Hovhannes Nazaryan | |
| DEFENDANT/RESPONDENT:<br>Mehran Javaherian | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26VECV02080 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Rejection Default/Clerk's Judgment** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Van Nuys**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Hovhannes Nazaryan
P.O. Box 9300
Texarkana, TX 75505

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/15/2026

By: J. Inloes
Deputy Clerk

Sanaz Sarah Bereliani Esq. (CA Bar No. 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
(310) 882-5482-Voice
(888) 876-0896-Facsimile
sanaz@berelianilaw.com-Email

Attorney for Defendant,
MEHRAN JAVAHERIAN

**Electronically FILED by Superior Court of California, County of Los Angeles 6/23/2026 4:03 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Inloes, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – VAN NUYS COURTHOUSE EAST**

| | |
|---|---|
| In Re :<br><br>HOVHANNES NAZARYAN;<br><br>Plaintiff,<br><br>v.<br><br>MEHRAN JAVAHERIAN,<br><br>Defendant. | **Case No.: 26VECV02080**<br><br>**DEFENDANT'S NOTICE OF PENDENCY OF BANKRUPTCY COURT ADVERSARY PROCEEDING AND APPLICATION FOR INJUNCTIVE RELIEF**<br>[11 U.S.C. §§105(a), 363(m)]<br><br>Action Filed: April 8, 2026<br>Dept B<br>Honorable Judge Elaine W. Mandel |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF HOVHANNES NAZARYAN, AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE that Defendant Mehran Javaherian ("Defendant") hereby informs this Court of the following matters bearing directly on the above-captioned action (the "State Court Action").

**1.** By letter dated May 12, 2026, Defendant's counsel served upon Plaintiff Hovhannes Nazaryan, by certified mail, return receipt requested, on May 13, 2026, at the Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505, a written demand that Plaintiff (a) withdraw or cause to be expunged the Notice of Pendency of Action recorded April 10, 2026 against the real property at 24366 La Masina Court, Calabasas, California 91302 (the "Property"), and (b) voluntarily dismiss the State Court Action with prejudice, on or before May 22, 2026. Plaintiff did not respond, and the deadline has passed.

**2.** The State Court Action is a collateral attack on a final, unappealed order of the United States Bankruptcy Court for the Central District of California in *In re Hovhannes Nazaryan*, Case No. 1:25-bk-10617-MB (Hon. Martin R. Barash). On July 18, 2025, the Bankruptcy Court entered its Order Approving Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Dkt. 96), approving the underlying stipulation (Dkt. 94) "in its entirety" (the "Sale Order"). Plaintiff was represented by counsel, did not object, did not appeal, and did not seek a stay.

**3.** On June 1, 2026, Defendant, as plaintiff, commenced an adversary proceeding in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, captioned *Javaherian v. Nazaryan*, Adv. Proc. No. 1:26-ap-01031-MB (the "Adversary Proceeding"), seeking (a) a declaratory judgment that the Sale Order is final and enforceable and that the State Court Action is an impermissible collateral attack on the Sale Order; and (b) injunctive relief under 11 U.S.C. § 105(a) enjoining Plaintiff from prosecuting the State Court Action and from recording any further encumbrance against the Property. A true and correct copy of the Adversary Complaint is attached hereto as **Exhibit "A"**.

**4.** Concurrently with the Adversary Complaint, Defendant has filed in the Bankruptcy Court a Motion for Preliminary Injunction under 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 7065, seeking an order enjoining Plaintiff from prosecuting or continuing the State Court Action pending entry of judgment in the Adversary Proceeding. That Motion is set for hearing before the Honorable Martin R. Barash on July 9, 2026, at 2:30 P.M., in Courtroom 303, 21041 Burbank Boulevard, Woodland Hills, California 91367. A true and correct copy of the Motion for Preliminary Injunction is attached hereto as **Exhibit "B".**

**5.** In light of the pending Adversary Proceeding and Motion for Preliminary Injunction, and to avoid the risk of inconsistent adjudication of matters committed to the Bankruptcy Court's jurisdiction to interpret and enforce its own orders, Defendant respectfully requests that this Court take notice of the foregoing. Defendant will promptly lodge with this Court any order of the Bankruptcy Court granting injunctive relief. Defendant reserves all rights and defenses, including the right to seek a stay of the State Court Action and to move to expunge the Notice of Pendency of Action under California Code of Civil Procedure §§ 405.30 *et seq.*, and the right to seek attorney's fees and costs.

Respectfully Submitted,

**BERELIANI LAW FIRM, PC**

Dated: June ~~8~~ 23, 2026

By: ______________________________
Sanaz Sarah Bereliani, Esq.
Attorney for Defendant
MEHRAN JAVAHERIAN

# EXHIBIT "A"

Sanaz Sarah Bereliani Esq. (CA Bar No. 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
(310) 882-5482-Voice
(888) 876-0896-Facsimile
sanaz@bereliani law.com-Email

Attorney for Plaintiff,
MEHRAN JAVAHERIAN

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY**

| | |
|---|---|
| In Re :<br><br>HOVHANNES NAZARYAN;<br><br>Debtor. | **Case No.: 1:25-bk-10617-MB**<br><br>**Chapter 7**<br><br>**Adv. No.: __________________** |
| MEHRAN JAVAHERIAN,<br><br>Plaintiff,<br><br>v.<br><br>HOVHANNES NAZARYAN;<br><br>Defendant. | **ADVERSARY COMPLAINT FOR:**<br>**(1) DECLARATORY JUDGMENT**<br>[28 U.S.C. §2201; 11 U.S.C. §§105(a), 363(m); Fed. R. Bankr. P. 7001(9)]; AND<br><br>**(2) INJUNCTIVE RELIEF**<br>[11 U.S.C. §105(a); Fed. R. Bankr. P. 7001(7)]<br><br>**<u>Status Conference:</u>**<br>Date: TBD<br>Time: TBD<br>Place: Courtroom 303<br>21041 Burbank Blvd<br>Woodland Hills, CA 91367<br><br>Judge: Hon. Martin R. Barash |

///

///

Plaintiff Mehran Javaherian ("Plaintiff" or "Javaherian"), a secured creditor of the bankruptcy estate and counterparty to the Sale Stipulation approved by this Court, brings this adversary proceeding against Hovhannes Nazaryan, the above-captioned debtor ("Defendant" or "Debtor"), and alleges as follows:

## CORE PROCEEDING

1. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) (matters concerning administration of the estate); §157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay); §157(b)(2)(N) (orders approving the sale of property); and §157(b)(2)(O) (other proceedings affecting the liquidation of the assets of the estate). Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Local Bankruptcy Rule 7008-1, Plaintiff consents to the entry of final orders and judgment by the United States Bankruptcy Court.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. The matters at issue "arise under," "arise in," and are "related to" the above-captioned bankruptcy case (the "Bankruptcy Case").
3. This Court has continuing jurisdiction to interpret, enforce, and implement its prior orders, including the Sale Order described below. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders"); *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934).
4. Venue is proper in this District and Division pursuant to 28 U.S.C. §§1408 and 1409, because this adversary proceeding arises in and relates to the Bankruptcy Case, which is pending in this Court.

## PARTIES

5. Plaintiff Mehran Javaherian is an individual residing in California. Plaintiff is a secured creditor of the bankruptcy estate, holds a deed of trust encumbering the real property at 24366 La Masina Court, Calabasas, California 91302 (the "Property"), and is the counterparty to the Sale Stipulation approved by this Court.

6. Defendant Hovhannes Nazaryan is the debtor in the above-captioned Chapter 7 case. Defendant is currently housed at the Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505.

## GENERAL ALLEGATIONS

7. On April 14, 2025, Defendant filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (Dkt. 1). The Bankruptcy Case remains open. Anita Khachikyan of Khach Law Group, PC has appeared as counsel of record for Defendant at all relevant times.

8. On the petition date, all of Defendant's legal and equitable interests in the Property and the personal property located thereon became property of the Estate. 11 U.S.C. §541(a)(1); *see Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986).

9. In his Schedule A/B and Schedule C, signed under penalty of perjury, Defendant identified the personal property at the Property as "used household goods" valued at $1,000 and claimed a $1,000 exemption against that property.

10. On May 27, 2025, Plaintiff filed a Motion for Relief from the Automatic Stay as to the Property (Dkt. 37) (the "MFR"), supported by declarations establishing his deed of trust against the Property and the absence of equity. The Trustee opposed the MFR (Dkts. 52, 53, 80).

11. On June 25, 2025, the Trustee, Nancy J. Zamora (the "Trustee"), filed her Motion to Sell Property of the Estate Free and Clear of Liens under 11 U.S.C. §363(f) (Dkt. 63) (the "Sale Motion"),

seeking authority to sell the Property free and clear of Plaintiff's deed of trust. Plaintiff opposed the Sale Motion (Dkt. 79).

12. On July 18, 2025, the Trustee and Plaintiff filed the Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Dkt. 94) (the "Sale Stipulation"), pursuant to which Plaintiff paid $120,000 to the bankruptcy estate. The Sale Stipulation resolved both the MFR and the Sale Motion, granting Plaintiff relief from the automatic stay to exercise his state-law rights under his deed of trust upon final payment and finality of the order, and transferring the estate's interest in the personal property at the Property to Plaintiff.

13. On July 18, 2025, this Court entered its Order Approving Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Dkt. 96) (the "Sale Order"), approving the Sale Stipulation "in its entirety."

14. Defendant was represented by counsel of record at all times during the negotiation, noticing, and approval of the Sale Stipulation. Defendant did not object to the Sale Stipulation, did not appeal the Sale Order, and did not seek a stay pending appeal.

15. Plaintiff paid the $120,000 consideration in full and the transaction was consummated. The Trustee filed her Report of Sale/Settlement on August 7, 2025 (Dkt. 103). Plaintiff is, and was at all relevant times, a good-faith purchaser within the meaning of 11 U.S.C. §363(m).

16. After the Sale Order was entered, Defendant filed a renewed Motion to Dismiss the Bankruptcy Case (Dkt. 89), which the Bankruptcy Court denied (Dkt. 105). On September 12, 2025, the United States Trustee filed an adversary complaint (Adv. Proc. No. 1:25-ap-01058) (the "Discharge Adversary") objecting to Defendant's discharge under 11 U.S.C. §§727(a)(2), (a)(3), (a)(4), (a)(5), and (a)(6) (Dkt. 114). The Discharge Adversary remains pending.

17. On December 11, 2025, the Trustee filed her Final Report (Dkt. 135). On January 7, 2026, the Bankruptcy Court entered its Order of Distribution (Dkt. 139).

18. On September 3, 2025, Defendant's then-counsel, Anita Khachikyan of Khach Law Group, PC, sent a written demand to Plaintiff's bankruptcy counsel, Raymond H. Aver, Esq., requesting return of one item of personal property (a Petrof Chippendale grand piano). The same day, Mr. Aver responded in writing, declined the demand, and explained that the estate's interest in the personal property had been sold to Plaintiff under the Sale Stipulation.

19. On April 8, 2026, Defendant - appearing pro se from federal prison - filed a verified Complaint in the Superior Court of the State of California, County of Los Angeles, captioned *Nazaryan v. Javaherian, et al.*, Case No. 26VECV02080 (the "State Court Action"), asserting seven causes of action against Plaintiff: (1) Conversion; (2) Trespass to Chattels; (3) Unjust Enrichment / Restitution; (4) Declaratory Relief; (5) Wrongful Foreclosure; (6) Cancellation of Written Instruments; and (7) Quiet Title.

20. The State Court Action expressly attaches the Sale Stipulation as Exhibit A and references the Bankruptcy Case by case number. The Complaint alleges that the personal property the Estate sold to Plaintiff under the Sale Stipulation has a fair market value "exceed[ing] $250,000 and may exceed $300,000" - notwithstanding that Defendant himself scheduled the same property at $1,000 under penalty of perjury and claimed a $1,000 exemption against it.

21. The State Court Action expressly alleges that the Sale Stipulation was the product of "a process infected by unfairness, procedural defect, lack of notice, gross undervaluation of personal property, and abuse of Plaintiff's inability to protect himself while incarcerated." Each cause of action seeks, in substance, to undo or extract value from the very Sale Order this Court entered.

22. On April 10, 2026, Defendant caused a Notice of Pendency of Action to be recorded with the Los Angeles County Recorder against the Property in connection with the State Court Action (the "Lis Pendens").

23. On May 12, 2026, Plaintiff's counsel served Defendant with a written demand that he withdraw or cause to be expunged the Notice of Pendency of Action and voluntarily dismiss the State Court Action with prejudice. The demand was served by United States Mail and Certified Mail, return receipt requested, on May 13, 2026, at Defendant's address at the Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505, and set a deadline of May 22, 2026. Defendant did not respond, and the deadline has passed. The State Court Action remains pending. Plaintiff brings this adversary proceeding to enforce the Sale Order and to enjoin Defendant's continued prosecution of the State Court Action, which constitutes an impermissible collateral attack on the Sale Order.

24. Each cause of action in the State Court Action arises out of, and seeks to undo, the Sale Stipulation and Sale Order this Court approved. The Conversion, Trespass to Chattels, and Unjust Enrichment counts seek the value of personal property the Estate transferred to Plaintiff. The Wrongful Foreclosure, Cancellation of Written Instruments, Declaratory Relief, and Quiet Title counts seek to invalidate the very instruments and transactions authorized by the Sale Stipulation and Sale Order, including the resolution of Plaintiff's MFR and the deed of trust pursuant to which Plaintiff exercises his state-law foreclosure rights.

25. Each of Defendant's causes of action is foreclosed as a matter of law:

a. By 11 U.S.C. §363(m), because the Sale Order was not appealed or stayed and Plaintiff is a good-faith purchaser. *See In re Filtercorp, Inc.*, 163 F.3d 570, 576–78 (9th Cir. 1998); *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 279–81 (9th Cir.

1992); *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988).

b. By judicial estoppel, because Defendant's sworn $1,000 valuation in his Schedules cannot be reversed for litigation advantage. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–85 (9th Cir. 2001); *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992).

c. By Defendant's lack of standing to prosecute claims that were Estate property as of the petition date and were sold or settled by the Trustee under the Sale Order. *See* 11 U.S.C. §541(a)(1); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986).

d. By the rule against impermissible collateral attacks on final orders. *See Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938); *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152–54 (2009).

26. Defendant's continued prosecution of the State Court Action and maintenance of the Lis Pendens cause Plaintiff immediate and ongoing harm: (a) the Lis Pendens clouds title to the Property and impairs Plaintiff's ability to refinance, sell, encumber, or foreclose under his deed of trust pursuant to the rights this Court authorized in the Sale Order; (b) Plaintiff is forced to defend seven causes of action in another forum that should have been resolved (or never raised) within the Bankruptcy Case; and (c) absent injunctive relief, Defendant may file additional duplicative actions or record additional encumbrances.

27. Plaintiff has no adequate remedy at law for the harms identified in Paragraph 26. Money damages cannot remedy the impairment of title or the dilution of the finality protections that this Court's Sale Order was intended to confer.

Case 1:26-ap-01063-MB Doc 1 Filed 06/01/26 Entered 06/01/26 16:50:07 Desc Main Document Page 8 of 22

**I.**

**FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT**

*[28 U.S.C. §2201; 11 U.S.C. §§105(a), 363(m); Fed. R. Bankr. P. 7001(9)]*

28. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

29. An actual case or controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. §2201 concerning the validity, finality, and enforceability of the Sale Order and Plaintiff's rights as a secured creditor and Section 363 purchaser.

30. Plaintiff seeks a declaratory judgment establishing the following:

a. The Sale Order (Dkt. 96) is final, was not appealed, and was never stayed pending appeal;

b. Plaintiff purchased the Estate's interest in the personal property at the Property in good faith and for value, and is entitled to the protections of 11 U.S.C. §363(m);

c. Plaintiff's relief from the automatic stay pursuant to the Sale Stipulation and Sale Order is final, and Plaintiff's deed of trust against the Property is unimpaired by Defendant's claims in the State Court Action;

d. Title to the personal property at the Property is vested in Plaintiff free and clear of any adverse claim asserted by Defendant in the State Court Action or otherwise;

e. The State Court Action constitutes an impermissible collateral attack on the Sale Order;

f. Defendant lacks standing to prosecute the claims asserted in the State Court Action because those claims were property of the Estate under 11 U.S.C. §541(a)(1) and were resolved by the Sale Order; and

g. The Notice of Pendency of Action recorded by Defendant on April 10, 2026 is void and unenforceable, and must be expunged or withdrawn of record.

31. A judicial declaration is necessary and appropriate at this time so that Plaintiff may enforce the Sale Order, realize the protections of §363(m), and protect his rights to the Property and personal property without further interference by Defendant.

**II.**

**<u>SECOND CLAIM FOR RELIEF – INJUNCTIVE RELIEF</u>**

*[11 U.S.C. §105(a); Fed. R. Bankr. P. 7001(7), 7065]*

32. Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

33. Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. §105(a). The Ninth Circuit has confirmed that §105(a) authorizes a bankruptcy court to enjoin actions that threaten the integrity of estate administration or undermine the court's prior orders. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093–95 (9th Cir. 2007); *Celotex Corp. v. Edwards*, 514 U.S. 300, 308–11 (1995).

34. Plaintiff is entitled to permanent injunctive relief because: (a) Plaintiff will succeed on the merits, as Defendant's claims are foreclosed by 11 U.S.C. §363(m), judicial estoppel, lack of standing, and the bar against collateral attack on final orders; (b) Plaintiff is suffering and will continue to suffer irreparable harm absent an injunction, in the form of impaired title, dilution of the statutory finality protections of §363(m), and the prospect of duplicative litigation in multiple forums; (c) the balance of equities favors Plaintiff, who paid full consideration for the Estate's interest and is now defending an attempt by the Debtor to extract a second recovery from the same property; and (d) the public interest favors enforcement of bankruptcy sale orders and the protection of good-faith purchasers under §363(m).

35. Plaintiff therefore seeks a permanent injunction (a) enjoining Defendant, and any person acting in concert with him, from prosecuting the State Court Action or any other action, in any court, that constitutes a collateral attack on the Sale Order; (b) enjoining Defendant from recording any

Case 1:26-ap-01063-MB Doc 11 Filed 06/01/26 Entered 06/01/26 19:45:07 Desc
Main Document Page 10 of 12

further notice of pendency of action or other encumbrance against the Property based on, or relating to, the matters resolved by the Sale Order; and (c) directing Defendant to cause the Notice of Pendency of Action recorded on April 10, 2026 to be expunged or withdrawn of record forthwith.

36. Plaintiff reserves the right to seek temporary and preliminary injunctive relief to the same effect by separate motion, pursuant to Federal Rule of Bankruptcy Procedure 7065 and Local Bankruptcy Rule 7065-1, pending entry of judgment in this adversary proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mehran Javaherian respectfully prays that the Court enter judgment in his favor and against Defendant Hovhannes Nazaryan as follows:

1. On the First Claim for Relief, entering a declaratory judgment on each of the matters set forth in Paragraph 30 above;
2. On the Second Claim for Relief, entering a permanent injunction granting the relief described in Paragraph 35 above;
3. Awarding Plaintiff his attorney's fees and costs of suit to the extent permitted by law;
4. Granting such further and additional relief as the Court deems just and proper.

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

Dated: June 1, 2026

By: /s/ Sanaz Sarah Bereliani
Sanaz Sarah Bereliani, Esq.
Attorney for Plaintiff,
MEHRAN JAVAHERIAN

B1040 (FORM 1040) (12/24)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>**MEHRAN JAVAHERIAN** | **DEFENDANTS**<br>**HOVHANNES NAZARYAN** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>**Sanaz Sarah Bereliani, Esq., Bereliani Law Firm, PC**<br>**12100 Wilshire Blvd, 8th FL, LA CA 90025 // 310-882-5482** | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>X Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>X Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**(1) Declaratory Judgment under 28 USC 2201 & 11 USC 105(a) & 363(m) that the Court's Sale Order is final & enforceable & that the debtor's state-court action is an impermissible collateral attack; and (2) Injunctive Relief under 11 USC 105(a) enjoining the Debtor's Collateral Attack**

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- X 71-Injunctive relief – imposition of stay
- X 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- X 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ **Injunctive & Declaratory Reiief** |

Other Relief Sought

**Attorney's Fees and Costs to the extent permitted by law; such other relief as is just.**

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Hovhannes Nazaryan | BANKRUPTCY CASE NO.<br>1:25-bk-10617-MB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Hon. Martin R. Barash |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF<br>United States Trustee | DEFENDANT<br>Hovhannes nazaryan | ADVERSARY PROCEEDING NO.<br>1:25-ap-01058 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Hon. Martin R. Barash |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] | | |
| DATE<br>June 1, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Sanaz Sarah Bereliani, Esq. | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# EXHIBIT "B"

Sanaz Sarah Bereliani Esq. (CA Bar No. 256465)
**BERELIANI LAW FIRM, PC**
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
(310) 882-5482-Voice
(888) 876-0896-Facsimile
sanaz@berelianilaw.com-Email

Attorney for Plaintiff,
MEHRAN JAVAHERIAN

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY**

| | |
|---|---|
| In Re :<br><br>HOVHANNES NAZARYAN;<br><br>Debtor. | **Case No.: 1:25-bk-10617-MB**<br><br>**Chapter 7**<br><br>**Adv. No.: 1:26-ap-01031-MB** |
| MEHRAN JAVAHERIAN,<br><br>Plaintiff,<br><br>v.<br><br>HOVHANNES NAZARYAN;<br><br>Defendant. | **NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANAZ SARAH BERELIANI**<br><br>[11 U.S.C. §105(a); Fed. R. Bankr. P. 7065; Fed. R. Civ. P. 65]<br><br>**Hearing Schedule:**<br>Date: July 9, 2026<br>Time: 2:30 p.m.<br>Place: Courtroom 303<br>21041 Burbank Blvd<br>Woodland Hills, CA 91367<br><br>Judge: Hon. Martin R. Barash |

TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE; DEFENDANT HOVHANNES NAZARYAN; THE CHAPTER 7 TRUSTEE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that, at the date and time set forth above, in Courtroom 303 of the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, located at 21041 Burbank Boulevard, Woodland Hills, California 91367, Plaintiff Mehran Javaherian ("Plaintiff") will, and hereby does, move this Court for a preliminary injunction pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 7065, and Federal Rule of Civil Procedure 65.

By this Motion, Plaintiff seeks a preliminary injunction, pending entry of judgment in this adversary proceeding:

(1) Enjoining Defendant Hovhannes Nazaryan, and all persons acting in concert or participation with him, from prosecuting, continuing, or taking any further action in the civil action captioned *Nazaryan v. Javaherian, et al.*, Los Angeles Superior Court Case No. 26VECV02080 (the "State Court Action"), or any other action in any forum that constitutes a collateral attack on the Sale Order;

(2) Enjoining Defendant from recording, or causing to be recorded, any further notice of pendency of action or other lien or encumbrance against the real property at 24366 La Masina Court, Calabasas, California 91302 (the "Property") based on or relating to the matters resolved by the Sale Order; and

(3) Granting such other and further relief as the Court deems just and proper.

This Motion is made on the grounds that Defendant's continued prosecution of the State Court Action is an impermissible collateral attack on this Court's final, unappealed *Order Approving Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay*, entered July 18, 2025 (Dkt. 96) (the "Sale Order"); that Plaintiff satisfies each element of the standard for a preliminary injunction; and that an injunction is necessary to protect the integrity of this Court's orders and the finality the Bankruptcy Code guarantees.

This Motion is based upon this Notice; the attached Memorandum of Points and Authorities; the Declaration of Sanaz Sarah Bereliani filed herewith; the concurrently-filed Adversary Complaint and the Request for Judicial Notice filed in support of the related Motion to Expunge; all records and files in the Bankruptcy Case and this adversary proceeding; and such further evidence and argument as may be presented at or before the hearing.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(f), any response or opposition to this Motion must be filed and served not later than fourteen (14) days before the hearing date set forth above. The failure to file and serve a timely response may be deemed by the Court to be consent to the granting of the Motion.

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

Dated: June 11, 2026

By: /s/ Sanaz Sarah Bereliani______________
Sanaz Sarah Bereliani, Esq.
Attorney for Plaintiff, Mehran Javaherian

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. <u>INTRODUCTION</u>

Nearly a year ago, this Court entered a final order approving a negotiated stipulation that resolved both the Chapter 7 Trustee's motion to sell and Plaintiff's motion for relief from stay, under which Plaintiff paid $120,000 to the estate. The Debtor - represented by counsel - did not object, did not appeal, and did not seek a stay. That order is now final and unassailable. A final order of a bankruptcy court is res judicata and immune from collateral attack, and this Court retains jurisdiction to interpret and enforce its own orders. *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938); *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).

The Debtor seeks to evade that finality. Appearing pro se from federal prison, and while facing a pending adversary proceeding objecting to his discharge under 11 U.S.C. § 727, the Debtor has filed a seven-count state-court action that re-values the same personal property he scheduled under oath at $1,000 at more than $250,000, and that seeks to undo the very Sale Order this Court entered. To cloud Plaintiff's title, the Debtor recorded a notice of pendency of action against the Property.

Plaintiff has commenced this adversary proceeding by the concurrently-filed Adversary Complaint, seeking a declaratory judgment and permanent injunction enforcing the Sale Order. By this Motion, Plaintiff seeks a preliminary injunction to halt the Debtor's collateral attack now - before Plaintiff is forced to litigate, in a second forum, claims that are foreclosed as a matter of law and that this Court is uniquely positioned to resolve. Each element of the preliminary injunction standard is satisfied, and an injunction is the appropriate means to protect the integrity of this Court's Sale Order and the finality on which good-faith participants in the bankruptcy process depend.

///

///

## II. <u>STATEMENT OF FACTS</u>

Plaintiff respectfully refers the Court to the concurrently-filed Adversary Complaint and the Declaration of Sanaz Sarah Bereliani for a full statement of facts, and summarizes the material facts here.

1. On April 14, 2025, the Debtor filed a voluntary Chapter 7 petition (Bankr. Dkt. 1). In his Schedule A/B and Schedule C, signed under penalty of perjury, he valued the personal property at 24366 La Masina Court, Calabasas (the "Property") as "used household goods" worth $1,000 and claimed a $1,000 exemption. (Bereliani Decl. ¶ 4.)
2. Plaintiff is a secured creditor holding a deed of trust against the Property. On May 27, 2025, Plaintiff filed a Motion for Relief from the Automatic Stay (Bankr. Dkt. 37). On June 25, 2025, Trustee Nancy J. Zamora filed a Motion to Sell the Property under § 363(f) (Bankr. Dkt. 63). (Bereliani Decl. ¶ 5.)
3. On July 18, 2025, the Trustee and Plaintiff filed a Stipulation to Resolve Sale Motion and Motion for Relief from Stay (Bankr. Dkt. 94), under which Plaintiff paid $120,000 to the estate. The same day, this Court entered its Order Approving Stipulation (Bankr. Dkt. 96) (the "Sale Order"), approving the stipulation "in its entirety." The Debtor, represented by counsel, did not object, appeal, or seek a stay. (Bereliani Decl. ¶¶ 6–7.)
4. Before the Sale Order was entered, the Debtor twice moved to dismiss the Bankruptcy Case (Bankr. Dkts. 68, 89); this Court denied the renewed motion on August 13, 2025, after the Sale Order had been entered (Bankr. Dkt. 105). On September 12, 2025, the United States Trustee filed an adversary complaint objecting to the Debtor's discharge under 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), (a)(5), and (a)(6) (Adv. Proc. No. 1:25-ap-01058), which remains pending. (Bereliani Decl. ¶ 8.)

Case 1:26-ap-01063-MB Doc 14 Filed 06/01/26 Entered 06/01/26 17:50:41 Desc
Main Document Page 6 of 21

5. On April 8, 2026, the Debtor - pro se - filed the State Court Action, asserting seven causes of action and valuing the same personal property at more than $250,000. On April 10, 2026, he recorded a notice of pendency of action against the Property. (Bereliani Decl. ¶¶ 9–10.)
6. On May 12, 2026, Plaintiff's counsel sent the Debtor a written demand to withdraw the notice of pendency of action and dismiss the State Court Action, served by certified mail on May 13, 2026, with a deadline of May 22, 2026. The Debtor did not respond, and the deadline has passed. (Bereliani Decl. ¶ 11.)
7. The State Court Action remains pending. Plaintiff has commenced this adversary proceeding by the concurrently-filed Adversary Complaint. (Bereliani Decl. ¶ 12.)

## III. LEGAL STANDARD

Section 105(a) authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). That authority includes the power to enjoin conduct that would undermine the Court's own orders, and the Supreme Court has confirmed that a bankruptcy court's order may not be collaterally attacked but must be challenged, if at all, in the issuing court. *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). The Ninth Circuit applies the traditional preliminary injunction standard to injunctions issued under § 105(a). *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1093–96 (9th Cir. 2007).

To obtain a preliminary injunction, a movant must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff satisfies each element.

///

Case 1:26-ap-01063-MB Doc 14 Filed 01/12/26 Entered 01/12/26 17:50:14 Desc
Main Document Page 70 of 229

## IV. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits.

Plaintiff is likely to succeed on his claims for declaratory and injunctive relief because each cause of action in the State Court Action is foreclosed as a matter of law. Any one of the following grounds is independently sufficient.

1. The Sale Order Is a Final Judgment That Cannot Be Collaterally Attacked.

The Sale Order is a final order of this Court. The Debtor was a party, was represented by counsel, and had a full opportunity to be heard; he did not object, appeal, or seek a stay. A final bankruptcy order is res judicata and is "proof against collateral attack" in a later state-court action. *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938) (bankruptcy reorganization order held res judicata and immune from collateral attack in a subsequent state-court suit). The State Court Action - which attaches the Sale Stipulation, references the Bankruptcy Case by number, and seeks to undo the result the Sale Order approved - is precisely such a collateral attack.

The Supreme Court's decision in *Travelers* is directly on point. There, a debtor's final bankruptcy orders barred later-filed state-court actions seeking to relitigate matters those orders resolved, and the Court confirmed that "the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151–54 (2009). The same principle governs here: this Court entered the Sale Order, retains jurisdiction to enforce it, and may declare the State Court Action barred and enjoin its further prosecution.

2. The Finality Protections of Section 363(m) Reinforce the Bar.

The Bankruptcy Code's sale-finality regime confirms that the Debtor's belated attack cannot succeed. Section 363(m) protects the validity of a sale to a good-faith purchaser absent a stay pending appeal. 11 U.S.C. § 363(m). The Debtor neither appealed nor sought a stay of the Sale Order. The Ninth Circuit has recognized that, in this area, "the trend is towards an absolute rule that requires appellants to

Case 1:26-ap-01063-MB Doc 1-1 Filed 01/01/26 Entered 01/01/26 17:04:41 Desc
Exhibit A Page 13 of 219

obtain a stay before appealing a sale of assets." *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988); accord *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 576–78 (9th Cir. 1998) (a sale to a good-faith purchaser "may not be modified or set aside unless the sale was stayed pending appeal"); *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 279–81 (9th Cir. 1992).

The Sale Order approved "in its entirety" the stipulation that resolved the Trustee's § 363(f) sale motion, and the Debtor neither appealed nor sought a stay. Whether or not § 363(m) governs of its own force, the finality policy these authorities embody - that a final, unstayed order resolving a § 363 sale is not subject to belated unraveling - confirms that the Debtor cannot undo that order through a separate lawsuit. The dispositive point remains the one set forth above: the Sale Order is a final order immune from collateral attack.

3. The Debtor Is Judicially Estopped from Revaluing the Property.

Judicial estoppel "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Courts consider whether a party's later position is "clearly inconsistent" with its earlier one, whether the party "succeeded in persuading a court to accept" the earlier position, and whether the party "would derive an unfair advantage … if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001).

Each factor is satisfied. The Debtor swore, under penalty of perjury, that the personal property was worth $1,000, and he claimed a corresponding $1,000 exemption. This Court accepted and relied on that sworn valuation in approving the negotiated resolution of the sale and stay-relief motions. The Debtor now asserts, in the State Court Action, that the very same property is worth more than $250,000 - a position that is not merely inconsistent but flatly contradicts his prior sworn statements - in order to extract a windfall the bankruptcy process foreclosed. The Ninth Circuit applies judicial estoppel to bar

exactly this kind of self-serving reversal of a sworn bankruptcy position. *Hamilton*, 270 F.3d at 782–85; *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992). The integrity of the bankruptcy system depends on debtors' honest, consistent disclosures, and the Debtor cannot disavow his under oath when it suits him.

4. <u>In the Alternative, the Debtor Lacks Standing to Assert Estate Claims.</u>

To the extent the Debtor's state-court claims existed as of the petition date, they are property of the estate and may be asserted only by the Trustee. The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), and the Ninth Circuit construes that provision broadly to include causes of action. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986). Any prepetition claim concerning the Property was administered by the Trustee through the sale process; the Debtor has no standing to relitigate it. This ground is asserted in the alternative, and the foregoing grounds do not depend on it.

**B. The Anti-Injunction Act Presents No Obstacle to the Requested Relief.**

Although the requested injunction runs against the Debtor in personam, Plaintiff anticipates that the Debtor may invoke the Anti-Injunction Act, 28 U.S.C. § 2283. That statute does not bar this relief. Section 2283 permits a federal court to enjoin state proceedings where "expressly authorized by Act of Congress," where "necessary in aid of its jurisdiction," or "to protect or effectuate its judgments." 28 U.S.C. § 2283. The relitigation exception - protecting and effectuating the court's own judgments - squarely applies: the injunction would protect the Sale Order from the Debtor's collateral attack. The Supreme Court approved precisely such relief in *Travelers*, where a bankruptcy court enjoined later-filed state actions to protect and enforce its final orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. at 151–54. Section 105(a) supplies the further authority to issue an order "necessary or appropriate" to enforce this Court's orders. 11 U.S.C. § 105(a).

**C. Plaintiff Will Suffer Irreparable Harm Absent an Injunction.**

The notice of pendency of action recorded against the Property clouds Plaintiff's title and impairs his ability to refinance, sell, encumber, or exercise his foreclosure rights under the deed of trust this Court's order authorized. A cloud on title and the impairment of interests in real property are classic irreparable harms for which money damages are inadequate, because each parcel of real property is unique and the impairment continues for as long as the recorded notice and the State Court Action remain on file. (Bereliani Decl. ¶¶ 10, 13.) Absent an injunction, that harm will persist and compound. The continued prosecution of the State Court Action also threatens the very finality of the Sale Order that § 105(a) empowers this Court to protect.

**D. The Balance of Equities Tips Sharply in Plaintiff's Favor.**

Plaintiff paid $120,000 in full and consummated a transaction this Court approved. An injunction merely holds the Debtor to the consequences of an order he never appealed. By contrast, the Debtor suffers no cognizable hardship from being enjoined from prosecuting claims that are barred as a matter of law. The equities are not close.

**E. An Injunction Serves the Public Interest.**

The public interest strongly favors the finality of bankruptcy orders and the protection of those who rely on them. *Onouli-Kona*, 846 F.2d at 1172. Permitting a debtor to relitigate a final sale order through a collateral state-court action would chill participation in § 363 sales and undermine the orderly administration of bankruptcy estates.

**F. No Bond, or Only a Nominal Bond, Should Be Required.**

Although Federal Rule of Civil Procedure 65(c) applies through Bankruptcy Rule 7065, the Court retains "discretion as to the amount of security required, if any," and may dispense with a bond where the enjoined party faces no realistic likelihood of monetary harm from a properly issued injunction. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). Because the Debtor's claims are

foreclosed as a matter of law, he faces no compensable loss, and Plaintiff respectfully requests that the Court waive the bond requirement or set a nominal bond.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion and enter a preliminary injunction enjoining the Debtor from prosecuting the State Court Action or recording any further encumbrance against the Property pending entry of judgment in this adversary proceeding, and grant such further relief as is just and proper.

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

Dated: June 8, 2026

By: /s/ Sanaz Sarah Bereliani______________
Sanaz Sarah Bereliani, Esq.
Attorney for Plaintiff, Mehran Javaherian

Case 1:26-ap-01003-MB Doc 1 Filed 01/12/26 Entered 01/12/26 19:04:14 Desc
Main Document Page 12 of 29

**DECLARATION OF SANAZ SARAH BERELIANI**

I, Sanaz Sarah Bereliani, declare as follows:

1. I am an attorney duly admitted to practice before all courts of the State of California (Bar No. 256465) and before the United States District Court and Bankruptcy Court for the Central District of California. I am the principal of Bereliani Law Firm, PC, counsel of record for Plaintiff Mehran Javaherian ("Plaintiff"), and a California State Bar Certified Bankruptcy Specialist. I have personal knowledge of the facts set forth herein, except where stated on information and belief, and if called as a witness I could and would competently testify thereto.
2. I make this declaration in support of Plaintiff's Motion for Preliminary Injunction.
3. On April 14, 2025, Defendant Hovhannes Nazaryan ("Defendant" or the "Debtor") filed a voluntary petition for relief under Chapter 7 in this Court, Case No. 1:25-bk-10617-MB, presiding before the Honorable Martin R. Barash (the "Bankruptcy Case").
4. In Schedule A/B and Schedule C, signed under penalty of perjury, the Debtor identified the personal property at 24366 La Masina Court, Calabasas, California 91302 (the "Property") as "used household goods" valued at $1,000 and claimed a $1,000 exemption against that property.
5. Plaintiff is a secured creditor of the estate, holding a deed of trust against the Property. On May 27, 2025, Plaintiff filed a Motion for Relief from the Automatic Stay (Bankr. Dkt. 37). On June 25, 2025, Trustee Nancy J. Zamora filed a Motion to Sell the Property under 11 U.S.C. § 363(f) (Bankr. Dkt. 63), which Plaintiff opposed (Bankr. Dkt. 79).
6. On July 18, 2025, the Trustee and Plaintiff filed the Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Bankr. Dkt. 94), under which Plaintiff paid $120,000 to the bankruptcy estate. The same day, this Court entered its Order Approving Stipulation (Bankr. Dkt. 96) (the "Sale Order"), approving the stipulation "in its entirety."

7. The Debtor was represented by Anita Khachikyan of Khach Law Group, PC throughout. The Debtor did not object to the stipulation, did not appeal the Sale Order, and did not seek a stay pending appeal. Plaintiff paid the $120,000 in full and the transaction was consummated; the Trustee filed her Report of Sale/Settlement on August 7, 2025 (Bankr. Dkt. 103).

8. The Debtor moved to dismiss the Bankruptcy Case before entry of the Sale Order (Bankr. Dkts. 68 and 89); this Court denied the renewed motion to dismiss on August 13, 2025 (Bankr. Dkt. 105). On September 12, 2025, the United States Trustee filed an adversary complaint objecting to the Debtor's discharge under 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), (a)(5), and (a)(6) (Adv. Proc. No. 1:25-ap-01058), which remains pending.

9. On April 8, 2026, the Debtor, appearing pro se, filed a verified Complaint in the Superior Court of the State of California, County of Los Angeles, captioned Nazaryan v. Javaherian, et al., Case No. 26VECV02080 (the "State Court Action"), asserting seven causes of action and valuing the same personal property at more than $250,000. The Complaint attaches the Sale Stipulation as Exhibit A and references the Bankruptcy Case by number.

10. On April 10, 2026, the Debtor caused a Notice of Pendency of Action to be recorded with the Los Angeles County Recorder against the Property in connection with the State Court Action. The recorded notice clouds title to the Property and impairs Plaintiff's ability to refinance, sell, encumber, or exercise his foreclosure rights under his deed of trust.

11. On May 12, 2026, I sent the Debtor a written demand that he withdraw the Notice of Pendency of Action and dismiss the State Court Action. The demand was served by certified mail, return receipt requested, addressed to the Debtor at the Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505, on May 13, 2026, and set a deadline of May 22, 2026. A true and correct copy of the demand letter and the certificate of service is attached

hereto as **Exhibit A**. As of the date of this declaration, the Debtor has not responded and the deadline has passed.

12. Concurrently herewith, Plaintiff files the Adversary Complaint commencing this proceeding. The State Court Action remains pending and Plaintiff seeks to enjoin its further prosecution.
13. Absent a preliminary injunction, Plaintiff will continue to suffer irreparable harm: the cloud on title persists, Plaintiff's ability to deal with the Property is impaired, and Plaintiff is forced to defend, in another forum, claims this Court's Sale Order already resolved. I am informed and believe that the Debtor, who has filed multiple unsuccessful motions to dismiss the Bankruptcy Case and now this collateral action, is likely to continue litigating absent an injunction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 8, 2026, at Los Angeles, California.

/s/ Sanaz Sarah Bereliani____
Sanaz Sarah Bereliani, Esq.

# EXHIBIT “A”

# BERELIANI LAW FIRM, PC

12100 Wilshire Boulevard, 8th Floor
Los Angeles, California 90025
Telephone: (310) 882-6258
Email: Sanaz@Berelianilaw.com
Sanaz Sarah Bereliani, Esq. Debt Relief Agency

May 12, 2026

**VIA CERTIFIED U.S. MAIL**
Federal Correctional Institution – Satellite Camp
ATTN: Hovhannes Nazaryan
P.O. Box 9300
Texarkana, TX 75505

**Re: Nazaryan v. Javaherian, et al.; L.A. Sup. Ct. Case No. 26VECV02080**

**Demand for Voluntary Withdrawal of Notice of Pendency of Action**

Dear Mr. Nazaryan:

This firm represents Mehran Javaherian in connection with the action you filed on April 8, 2026 in Los Angeles Superior Court, and the Notice of Pendency of Action you caused to be recorded on April 10, 2026 against the property at 24366 La Masina Court, Calabasas, California 91302.

Your lawsuit is a collateral attack on a final, unappealed order of the United States Bankruptcy Court for the Central District of California in *In re Hovhannes Nazaryan*, Case No. 1:25-bk-10617-MB. On July 18, 2025, the Honorable Martin R. Barash entered the Order Approving Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Bankr. Dkt. 96), approving the underlying stipulation (Bankr. Dkt. 94) "in its entirety." That stipulation resolved both Mr. Javaherian's Motion for Relief from Stay (Bankr. Dkt. 37) and the Trustee's Motion to Sell (Bankr. Dkt. 63), and was the product of negotiation between Trustee Nancy J. Zamora and Mr. Javaherian. You were represented by counsel throughout. You did not object, did not appeal, and did not seek a stay.

Your present claims are foreclosed by 11 U.S.C. §363(m) (*see Ewell v. Diebert (In re Ewell)*, 958 F.2d 276 (9th Cir. 1992)), by judicial estoppel arising from your sworn $1,000 valuation of the same personal property in your Schedules (*see Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001)), by your lack of standing under 11 U.S.C. §541(a) (*see*

*Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705 (9th Cir. 1986)), and by ordinary claim preclusion. They are not “real property claims” under California Code of Civil Procedure §§405.4 and 405.31, and you cannot establish probable validity under §405.32.

Demand is hereby made that you, on or before **May 22, 2026**: (1) cause the Notice of Pendency of Action recorded on April 10, 2026 to be withdrawn or expunged of record; and (2) voluntarily dismiss the State Court Action with prejudice. If you do so by the deadline above, this firm will not seek attorney’s fees against you in connection with the Notice of Pendency of Action.

If you do not, we will (a) prosecute the already-filed motion to expunge the Notice of Pendency of Action and seek mandatory attorney’s fees and costs against you under California Code of Civil Procedure §405.38; (b) file an adversary proceeding in the Bankruptcy Court (Hon. Martin R. Barash) seeking declaratory judgment and injunctive relief under 11 U.S.C. §§105(a) and 363(m) enforcing the Sale Order; and (c) reserve all rights, including with respect to malicious prosecution and slander of title.

This letter is sent as a courtesy and is not, and should not be construed as, a waiver of any rights or remedies, all of which are expressly reserved.

Very truly yours,

**BERELIANI LAW FIRM, PC**



Sanaz Sarah Bereliani, Esq.

NAME OF PARTY / ACCOUNT REFERENCE

Mehran Javaherian

**DECLARATION OF MAILING**
**CERTIFICATE OF SERVICE**

Sanaz

26VECV02080

On 5/13/2026, I did cause a copy of the following documents, described below,

Letter to Nazaryan

to be served for delivery by the United States Postal Service, via First Class United States Mail, First Class, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

Parties who were mailed documents via certified mail, return receipt requested, are those listed as certified on the attached mailing matrix.

I caused these documents to be served by utilizing the services of CertificateofService.com. A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

DATED: 5/13/2026

/s/ Sanaz Sarah Bereliani
Sanaz Sarah Bereliani
Bereliani Law Firm, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
310 882 5482

This is a receipt for mailing services and a normal and customary business record of the business transaction between Bereliani Law Firm, PC and CertificateofService.com, an authorized Third Party Notice Provider by the Administrator of the United States Bankruptcy Courts.

RECEIPT FOR DIRECT MAILING:

Bereliani Law Firm, PC
Sanaz Sarah Bereliani
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025

RECEIPT FOR DIRECT MAILING SERVICE

26VECV02080
Sanaz

On 5/13/2026, a copy of the following documents, described below,

Mailing List: SEE ATTACHED LIST

Documents Served:

Letter to Nazaryan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

Documents served via Certified Mail, Return Receipt Requested are denoted on the attached mailing list, attched hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 5/13/2026

Victoria Blake
Victoria Blake
CertificateofService.com for
Sanaz Sarah Bereliani
Bereliani Law Firm, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025

This is a receipt for mailing services and a normal and customary business record of the business transaction between Bereliani Law Firm, PC and CertificateofService.com, an authorized Third Party Notice Provider by the Administrator of the United States Bankruptcy Courts.

**CERTIFIED 9589071052704042663480**

**FEDERAL CORRECTIONAL INSTITUTION - SATELLITE**
**CAMP**
**ATTN: HOVHANNES NAZARYAN**
**P.O. BOX 9300**
**TEXARKANA TX 75505**

| In re: **JAVAHERIAN V NAZARYAN** Debtor(s). | CHAPTER: **7**<br>CASE NUMBER: **1:25-bk-10617-MB**<br>AP CASE: **1:26-bk-01031-MB** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**12100 Wilshire Blvd., 8th Floor**
**Los Angeles, CA 90025**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMRANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANAZ SARAH BERELIANI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 11, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Mehran Javaherian - berelianilaw@gmail.com**
**United States Trustee (SV) - ustpregion16.wh.ecf@usdoj.gov**
**Nancy J Zamora (TR) - zamora3@aol.com**

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **June 11, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Martin R. Barash, United States Bankruptcy Court, 21041 Burbank Blvd, Suite 342, Woodland Hills, CA 91367**

**Hovhannes Nazaryan 24366 La Masina Court, Calabasas, CA 91302**

**Hovhannes Nazayan 86590-509, FCI Texarkana Satellite Prison Camp PO Box 9300, Texarkana, TX 75505**

**Anita Khachikyan, Khach Law Group, PC., 126 S Jackson St, Ste 203, Glendale, CA 91205**

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **June 11, 2026** | **Andrea Gomez** | **/s/ Andrea Gomez** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Electronically Received 07/15/2026 10:15 PM

Hovhannes Nazaryan, Pro Se
Reg. No. 86590-509
FCI Texarkana
Satellite Prison Camp
PO BOX 9300
Texarkana, TX 75505

**Electronically FILED by
Superior Court of California,
County of Los Angeles
7/15/2026 10:15 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Mirzoyan, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – VAN NUYS COURTHOUSE EAST

HOVHANNES NAZARYAN,

Plaintiff,

vs.

MEHRAN JAVAHERIAN AND BENJAMIN JAVAHERIAN, and DOES 1 through 5, inclusive,

Defendants.

**Case No.: 26VECV02080**
**Dept: B**
**Hon. Elaine W. Mandel**

**FIRST AMENDED COMPLAINT FOR:**

**1. Conversion**
**2. Trespass to Chattels**
**3. Unjust Enrichment / Restitution**
**4. Declaratory Relief**
**5. Intentional Interference with Prospective Economic Advantage**
**6. Civil Conspiracy**
**7. Accounting**

**DEMAND FOR JURY TRIAL**

Pursuant to Code of Civil Procedure § 472, Plaintiff files this First Amended Complaint as a matter of right before any answer or demurrer has been filed by Defendants.

Plaintiff HOVHANNES NAZARYAN ("Plaintiff" or "Nazaryan"), appearing in pro per and currently incarcerated at Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505 (scheduled release September 28, 2026), alleges as follows:

**I. NATURE OF THE ACTION**

1. This action arises from Defendants' bad faith interference with Plaintiff's pending $4.8 million sale of the Property, their wrongful acceleration of foreclosure despite actual knowledge of a ready buyer, and conversion of Plaintiff's substantial personal property located inside the residence (valued in excess of $250,000). Defendants acted with actual knowledge of the fully executed purchase agreement and escrow while pursuing foreclosure and later consummating a limited $120,000 bankruptcy settlement.

2. The bankruptcy settlement approved on July 18, 2025, in In re Hovhannes Nazaryan, Case No. 1:25-bk-10617-MB (Bankr. C.D. Cal.), resolved only the Chapter 7 Trustee's interest in the real property. It did not release, transfer, or adjudicate Plaintiff's independent state-law claims for conversion and trespass to chattels of personal property, nor his claims for interference with the $4.8 million transaction or conspiracy. (A true and correct copy of the Stipulation and Order approving it is attached hereto as **Exhibit C**).

**II. PARTIES**

3. Plaintiff HOVHANNES NAZARYAN is an individual who, at all relevant times, held substantial ownership and possessory rights in the real property located at 24366 La Masina Court, Calabasas, California 91302 (the "Property"), together with all personal property located inside the residence.

4. Defendant MEHRAN JAVAHERIAN ("Mehran") is an individual residing in California who, at all relevant times, claimed an interest in and exercised dominion and control over the Property and Plaintiff's personal property located therein.

5. Defendant BENJAMIN JAVAHERIAN ("Benjamin") is an individual residing in California who acted as the primary point of contact and agent for Mehran in communications with Plaintiff and in furtherance of the conduct alleged herein.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendants Mehran Javaherian and Benjamin Javaherian acted in concert, as co-conspirators, and/or as principal and agent in committing the wrongful conduct alleged herein.

7. The true names and capacities of Defendants sued herein as DOES 1 through 5, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each

Doe Defendant was the agent, employee, co-conspirator, aider and abettor, and/or joint venturer of the named Defendants and acted within the course and scope of such relationship.

**III. JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action because the amount in controversy exceeds $35,000 and the claims arise under California law.

9. Venue is proper in Los Angeles County pursuant to Code of Civil Procedure section 395 because the Property is located in Los Angeles County and the acts and omissions alleged herein occurred in Los Angeles County.

**IV. FACTUAL ALLEGATIONS**

**A. The Property and Plaintiff's Interests**

10. At all relevant times prior to Defendants' wrongful conduct, Plaintiff held substantial ownership and possessory rights in the real property at 24366 La Masina Court, Calabasas, CA 91302, together with all personal property, furnishings, and chattels located inside the residence. Defendants Mehran Javaherian and Benjamin Javaherian held a second-position lien on the Property securing a loan with an approximate balance of $1,200,000.

**B. The Loan Relationship and Course of Dealing with Defendants**

11. Plaintiff's dealings with Defendants Mehran Javaherian and Benjamin Javaherian were conducted through their mutual associate Edgar Sargsyan, who acted as an intermediary. In or around July 2023, when the second-position lien in the approximate amount of $1,200,000 was placed on the Property, Plaintiff had never spoken directly with Defendants. The agreement reached at that time, communicated through Sargsyan, was that after an initial interest payment, no further payments would be required for a period of one year. Plaintiff first had direct contact with Defendant Benjamin Javaherian in or around March 2024 after being unable to reach Sargsyan. The parties then began discussing payment arrangements by text and telephone. In August 2024, at the conclusion of that one-year period, Benjamin Javaherian informed Plaintiff via text message that late fees would apply but that the default interest rate would not be imposed, further confirming the parties' ongoing understanding that strict enforcement of the loan would not be pursued while Plaintiff worked to sell the Property and satisfy his obligations. (True and correct copies of key text messages are attached hereto as **Exhibit D**).

**C. The Pending $4.8 Million Sale and Defendants' Actual Knowledge (2024)**

12. From early spring through summer 2024, Plaintiff and Defendants maintained ongoing communications regarding payments on the loan. These discussions continued while Plaintiff actively worked to sell the Property in order to satisfy his obligations to Defendants.

13. On August 11, 2024, Benjamin sent Plaintiff a calculation of amounts due that included late charges and the 18% default interest rate. However, Benjamin stated that Mehran was willing to honor the original 12% interest rate if foreclosure could be avoided. Plaintiff responded that he would do everything possible to avoid putting Defendants in a bad situation. (See **Exhibit D**).

14. In or around September 2024, Plaintiff and Artur Nazaryan (as sellers) entered into a fully executed Residential Purchase Agreement (C.A.R. Form RPA) for the sale of the Property for $4,800,000. The transaction was placed into escrow (Chartwell Escrow No. CW-PJ-1267) with a legitimate buyer.

15. Plaintiff and his counsel, Craig Missakian, Esq., undertook good-faith efforts to close the sale, including addressing liens, taxes, restitution obligations, and lender communications. Substantial progress was made, and Plaintiff was actively pursuing the transaction.

16. Throughout September and October 2024, Defendants Mehran Javaherian and Benjamin Javaherian had actual knowledge of the pending $4,800,000 purchase agreement and escrow. This knowledge is evidenced by multiple direct text message communications between Plaintiff and Defendant Benjamin Javaherian. (See **Exhibit D**).

17. On September 3, 2024, Plaintiff urgently sought a meeting because the buyer was waiting for an answer. Benjamin later relayed that Mehran wanted the back payments brought current but indicated a willingness to extend the loan.

18. On September 17, 2024, following coordination between the parties, Plaintiff physically appeared at Benjamin's office with the prospective buyer to advance the $4.8 million transaction.

19. On or about September 18, 2024, Plaintiff requested the payoff/demand letter. The following day, on September 19, 2024, Mehran issued a signed Payoff Demand Letter. (A true and correct copy of the Payoff Demand Letter is attached hereto as **Exhibit F**).

20. On September 19, 2024, Plaintiff asked if Benjamin had spoken to his brother Mehran about late fees. Benjamin replied that Mehran was not charging the 18% default interest but was still charging late charges.

21. On September 25, 2024, a Buyer Representation Agreement was executed between buyer Henri Mikayelyan and broker Hrant Petrosyan of CenturyMax Realty in connection with the transaction. The sellers (Nazaryans) also executed a Compensation Agreement on the same day agreeing to pay the broker, Hrant Petrosyan, $77,500.

22. On October 1, 2024, Plaintiff expressly texted Benjamin: “We open escrow yesterday i hope we will close end of the month just today we my attorney submitted paperwork to the government for release.” This communication directly notified Benjamin that the $4.8 million escrow was open and moving toward closing. (See **Exhibit D**).

23. On November 6, 2024, a Seller’s Estimated Closing Statement had been prepared reflecting an expected closing date of December 9, 2024. The statement showed that the $4,800,000 sale would pay off the existing first and second loans (including bringing Mehran’s loan current in the amount of $171,600), pay restitution to the United States, and cover other obligations, with the transaction structured to resolve Plaintiff’s outstanding amounts owed to Mehran. (A true and correct copy of the Seller’s Estimated Closing Statement is attached hereto as **Exhibit E**)

**D. Defendants’ Bad Faith Acceleration and False Statements (December 2024)**

24. On December 10, 2024 — just three days before Plaintiff was scheduled to self-surrender and begin serving his federal sentence — Defendant Benjamin Javaherian falsely texted Plaintiff that he had contacted escrow and was told “the sales felt through as the buyer was not able to get qualified to purchase the property.” Benjamin further stated that Mehran had filed for foreclosure the prior week because the escrow had fallen through. Defendants provided this notice only after accelerating foreclosure proceedings. (See **Exhibit D**).

25. These statements were false. Plaintiff had kept Benjamin fully informed of the pending $4.8 million transaction, including the explicit October 1, 2024 text confirming escrow had opened, and had previously brought the buyer to Benjamin’s office in September 2024.

26. On December 10, 2024, Plaintiff responded that escrow was still open, that there had been a government-related delay that was now resolved, and that it was important to meet. Plaintiff stated he wanted to come with the buyer, Henri Mikayelyan, and his broker, Hrant Petrosyan, the next day.

27. On December 11, 2024, the parties agreed to meet at 2:00 p.m. at Benjamin’s office. Plaintiff was still actively attempting to close the $4.8 million transaction at this time.

28. On December 13, 2024, Plaintiff self-surrendered to begin serving his federal sentence. His brother, Artur Nazaryan, had self-surrendered a few weeks prior on November 24, 2024. As a result, both Plaintiff and his brother were incarcerated and largely unable to respond to or contest the foreclosure proceedings during the period when Defendants accelerated and continued those proceedings, despite Plaintiff having a ready buyer and Defendants having previously indicated a willingness to extend the loan.

**E. Cancellation of the Escrow and Resulting Harm (January 2025)**

29. On January 30, 2025, the same buyer, Henri Mikayelyan, cancelled the escrow by mutual agreement as a direct result of Defendants' bad faith acceleration of foreclosure and interference with the pending transaction. An Amendment to Escrow Instructions authorized disbursement of only $36,500 in seller funds, including $9,125 to Hovhannes Nazaryan — a small fraction of what Plaintiff would have received had Defendants not wrongfully prevented the legitimate $4.8 million sale from closing.

**F. The Limited Scope of the Bankruptcy Settlement and Conversion of Personal Property**

30. On April 14, 2025, Plaintiff filed a voluntary Chapter 7 petition in the United States Bankruptcy Court, Central District of California, Case No. 1:25-bk-10617-MB. In connection with that filing, schedules were submitted that listed certain personal property located inside the residence and claimed an exemption of $1,000 for property described as "used housing goods," as permitted under applicable law. Due to Plaintiff's incarceration at the time, he had extremely limited ability to review the schedules or communicate substantively with counsel prior to filing.

31. On or about July 18, 2025, the Bankruptcy Court approved the Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay. Docket No. 94, filed July 18, 2025, in In re Hovhannes Nazaryan, Case No. 1:25-bk-10617-MB (Bankr. C.D. Cal.). Under that stipulation, Mehran paid only $120,000 to the estate. In exchange, the Trustee transferred to Mehran all of the Estate's right, title, and interest in the Real Property and Personal Property. This transfer was made free and clear of most liens except the first trust deed of AmWest Funding Corp. (approximately $3 million), certain tax and HOA obligations, the LAPFCU judgment lien, and the United States restitution lien. As a result, Mehran acquired ownership of the Property — which Plaintiff had negotiated to sell for $4,800,000 and which Defendants later listed for approximately $5.25 million — subject only to the senior lien, at a steep discount after interfering with the pending legitimate sale. (See **Exhibit C**).

32. This settlement resolved only the estate's interest in the real property. It did not release, transfer, or adjudicate Plaintiff's independent claims for conversion and trespass to chattels of his personal property located inside the residence, nor his claims for interference with the $4.8 million transaction or conspiracy.

33. Plaintiff never consented to Defendants taking possession or control of his personal property. The personal property included high-value items such as a Petrof Chippendale Grand Piano, custom office installations, luxury outdoor furniture, gym equipment, and other furnishings with a fair market value exceeding $250,000. (A true and correct copy of the Detailed Personal Property Inventory is attached hereto as **Exhibit A**).

34. Plaintiff was incarcerated at FCI Texarkana at all relevant times and did not receive proper notice of foreclosure proceedings, the transfer of the Property, or the disposition of his personal property. Defendants knew or should have known Plaintiff's place of incarceration and his inability to protect his property, yet proceeded without ensuring proper notice was provided.

35. After obtaining the benefits of the bankruptcy settlement, Defendants took possession and/or control of the Property and the personal property located therein. In or around August and September 2025, Plaintiff, through his then-counsel Anita Khachikyan, requested the return of at least the Petrof grand piano, which Plaintiff had identified as belonging to his daughter. Defendants, through counsel, refused the request, taking the position that all personal property at the residence had been transferred to Mehran as part of the $120,000 settlement. Defendants have continued to retain possession and control of Plaintiff's personal property without his consent. (A true and correct copy of the email exchange regarding the demand and refusal is attached hereto as **Exhibit B**).

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Conversion**

(Against Defendants Mehran Javaherian, Benjamin Javaherian, and DOES 1 through 5)

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

37. Plaintiff was the owner and/or had the right to immediate possession of the personal property located inside the Property.

38. Defendants wrongfully exercised dominion and control over Plaintiff's personal property, depriving Plaintiff of possession and use, without Plaintiff's consent.

39. Plaintiff has suffered damages in an amount to be proven at trial, but exceeding $250,000, plus interest and costs.

40. Defendants acted intentionally, maliciously, oppressively, and/or fraudulently, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to recover exemplary and punitive damages pursuant to Civil Code § 3294.

Plaintiff is informed and believes, and thereon alleges, that each Defendant, including DOES 1 through 5, was acting as the agent, employee, co-conspirator, aider and abettor, and/or joint venturer of each other Defendant in committing the acts alleged herein.

**SECOND CAUSE OF ACTION**

**Trespass to Chattels**

(Against Defendants Mehran Javaherian, Benjamin Javaherian, and DOES 1 through 5)

41. Plaintiff realleges paragraphs 1–34 and 35–39.

42. Defendants intentionally interfered with Plaintiff's possessory interest in his personal property by exercising dominion and control without consent, causing damage and deprivation of use.

43. As a direct and proximate result, Plaintiff suffered damages in an amount according to proof.

Plaintiff is informed and believes, and thereon alleges, that each Defendant, including DOES 1 through 5, was acting as the agent, employee, co-conspirator, aider and abettor, and/or joint venturer of each other Defendant in committing the acts alleged herein.

**THIRD CAUSE OF ACTION**

**Unjust Enrichment / Restitution**

(Against Defendants Mehran Javaherian, Benjamin Javaherian, and DOES 1 through 5)

44. Plaintiff realleges paragraphs 1–34.

45. Defendants have been unjustly enriched by retaining the benefit of Plaintiff's personal property and the Property itself without providing compensation or legal right, at Plaintiff's expense.

46. Equity and good conscience require restitution and disgorgement.

Plaintiff is informed and believes, and thereon alleges, that each Defendant, including DOES 1 through 5, was acting as the agent, employee, co-conspirator, aider and abettor, and/or joint venturer of each other Defendant in committing the acts alleged herein.

**FOURTH CAUSE OF ACTION**

**Declaratory Relief**

(Against Defendants Mehran Javaherian, Benjamin Javaherian, and DOES 1 through 5)

47. Plaintiff realleges paragraphs 1–34.

48. An actual controversy exists regarding the parties' rights and obligations concerning the Property, Plaintiff's personal property, and the scope and effect of the July 18, 2025 bankruptcy settlement between the Chapter 7 Trustee and Defendant Mehran Javaherian.

49. Plaintiff seeks a judicial declaration that the July 18, 2025 bankruptcy settlement resolved only the estate's interest in the real property and did not release, transfer, or adjudicate Plaintiff's independent state-law claims for conversion, trespass to chattels, or interference with the $4.8 million transaction.

Plaintiff is informed and believes, and thereon alleges, that each Defendant, including DOES 1 through 5, was acting as the agent, employee, co-conspirator, aider and abettor, and/or joint venturer of each other Defendant in committing the acts alleged herein.

**FIFTH CAUSE OF ACTION**

**Intentional Interference with Prospective Economic Advantage**

(Against Defendants Mehran Javaherian, Benjamin Javaherian, and DOES 1 through 5)

50. Plaintiff realleges paragraphs 1–34.

51. Plaintiff had a prospective economic advantage in the consummation of the $4,800,000 purchase agreement and escrow, of which Defendants had actual knowledge.

52. Defendants intentionally interfered with this prospective advantage by accelerating foreclosure, pursuing the bankruptcy settlement route, and preventing the legitimate sale from closing.

53. Defendants' interference was wrongful, independently tortious, and undertaken for the purpose of acquiring the Property at a steep discount.

54. Plaintiff has suffered damages in an amount to be proven at trial.

Plaintiff is informed and believes, and thereon alleges, that each Defendant, including DOES 1 through 5, was acting as the agent, employee, co-conspirator, aider and abettor, and/or joint venturer of each other Defendant in committing the acts alleged herein.

**SIXTH CAUSE OF ACTION**

**Civil Conspiracy**

(Against Defendants Mehran Javaherian, Benjamin Javaherian, and DOES 1 through 5)

55. Plaintiff realleges paragraphs 1–34 and 49–53.

56. Defendants Mehran and Benjamin Javaherian formed and carried out a conspiracy and agreement to interfere with Plaintiff's $4.8 million sale, to wrongfully foreclose, and to convert Plaintiff's personal property for their mutual benefit.

57. In furtherance of the conspiracy, Defendants committed the overt acts alleged herein.

58. Plaintiff has suffered damages as a proximate result of the conspiracy.

Plaintiff is informed and believes, and thereon alleges, that each Defendant, including DOES 1 through 5, was acting as the agent, employee, co-conspirator, aider and abettor, and/or joint venturer of each other Defendant in committing the acts alleged herein.

**SEVENTH CAUSE OF ACTION**

**Accounting**

(Against Defendants Mehran Javaherian, Benjamin Javaherian, and DOES 1 through 5)

59. Plaintiff realleges paragraphs 1–34.

60. Defendants have taken possession and control of Plaintiff's personal property and have derived (or may derive) rents, profits, proceeds, or other value from the Property and personal property.

61. Plaintiff is entitled to a full and complete accounting of all such amounts, and to judgment for any sums found due.

Plaintiff is informed and believes, and thereon alleges, that each Defendant, including DOES 1 through 5, was acting as the agent, employee, co-conspirator, aider and abettor, and/or joint venturer of each other Defendant in committing the acts alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A. For general, special, and compensatory damages in an amount according to proof, but not less than $250,000 for conversion and trespass to chattels, plus additional damages for interference and conspiracy;

B. For punitive and exemplary damages in an amount sufficient to punish and deter Defendants' wrongful conduct;

C. For an order requiring Defendants to provide a full accounting of all rents, profits, proceeds, and value derived from the Property and Plaintiff's personal property, and for judgment in Plaintiff's favor for all sums found due;

D. For declaratory relief as prayed in the Fourth Cause of Action;

E. For cancellation of any void or voidable written instruments obtained through Defendants' wrongful conduct, as an alternative remedy;

F. For restitution and disgorgement of all unjust enrichment obtained by Defendants;

G. For costs of suit, prejudgment interest, and such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 15, 2026

Respectfully submitted,

Hovhannes Nazaryan, Pro Se

Hovhannes Nazaryan, Pro Se
Reg. No. 86590-509
FCI Texarkana
Satellite Prison Camp
PO BOX 9300
Texarkana, TX 75505

**VERIFICATION**

I, Hovhannes Nazaryan, am the Plaintiff in the above-entitled action. I have read the foregoing First Amended Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 15, 2026, at Texarkana, Texas.

Hovhannes Nazaryan, Pro Se

Hovhannes Nazaryan, Pro Se
Reg. No. 86590-509
FCI Texarkana
Satellite Prison Camp
PO BOX 9300
Texarkana, TX 75505

**LIST OF EXHIBITS**

**Exhibit A – Detailed Personal Property Inventory**

**Exhibit B – Email Exchange Regarding Demand for Return of Petrof Grand Piano (September 3, 2025)**

**Exhibit C – Bankruptcy Stipulation and Order Approving Stipulation (Docket Nos. 94 & 96)**

**Exhibit D – Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024)**

**Exhibit E – Seller's Estimated Closing Statement (November 6, 2024)**

**Exhibit F – Payoff Demand Letter from Mehran Javaherian (September 19, 2024)**

**EXHIBIT A**

**PERSONAL PROPERTY INVENTORY**

Plaintiff: Hovhannes Nazaryan
Property Address: 24366 La Masina Court, Calabasas, CA 91302

Plaintiff's personal property located at the subject property consisted of high-end furniture, appliances, musical instruments, and specialty items. The estimated total fair market value of the personal property exceeds $250,000, subject to proof at trial.

1. OUTDOOR FURNITURE (COSTA COLLECTION)

• Costa Aluminum Lounge Chairs (4) – $11,972
• Costa Rectangular Coffee Table (1) – $1,840
• Costa Square Side Tables (4) – $4,840
• Costa Rectangular Dining Table (1) – $4,125
• Costa Dining Armchairs (2) – $2,986
• Costa Dining Side Chairs (8) – $11,376
• Costa Left-Arm Chaise Frames (3) – $8,535
• Costa Sofa Frame (1) – $5,295

Estimated Subtotal: approximately $50,969

2. LIVING ROOM FURNITURE

• Divani Casa Arvada Sofa (2) – $4,290
• Arvada Lounge Chairs (2) – $1,900
• Glass Coffee Table – $449
• Accent Chairs (2) – $1,798
• Glass End Tables (2) – $326

Estimated Subtotal: approximately $8,853

3. MUSICAL INSTRUMENT

• Petrof Chippendale Grand Piano with Bench

Estimated Value: $88,000 – $110,000

4. OFFICE (CUSTOM BUILT-IN & EXECUTIVE DESK)

• Custom office installation and executive desk

Estimated Value: $35,000 – $50,000

**EXHIBIT A (Continued)**

5. **TV ROOM FURNISHINGS**
• Sofa – $2,599
• Armchair – approximately $1,500
• Coffee Table – approximately $1,500
• Wall Art – $369
• Floor Lamp – approximately $500
Estimated Subtotal: approximately $6,000 – $8,000

6. **BEDROOM FURNITURE**
Bedroom 1
• Bed + Nightstand – $2,500 – $3,700
Bedroom 2
• Bed + Mattress + Nightstands – $2,500
Bedroom 3
• Bedroom Set + Furniture + Rug – approximately $7,200
Bedroom 4
• Chairs, dresser, desk, mirror, bed – $7,000 – $9,700
Master Bedroom
• Sofa, bed, chairs, console, mirror, bench – approximately $10,343

7. **GAME ROOM**
• Custom Poker Table – $9,000
• Poker Chairs (8) – $2,232
• Bar Stools – approximately $600
• Lounge Chairs (8) – $4,632
• Slot Machines – approximately $2,500
Estimated Subtotal: approximately $19,000

8. **GYM EQUIPMENT**
• Power Rack, Bench, Weights, Dumbbells
• Cable Machine, Cardio Equipment
Estimated Total: $5,000 – $9,500

9. **DINING ROOM**
• Dining Chairs (10) – $5,100 – $7,700
• Dining Table – $1,700 – $2,600
Estimated Subtotal: approximately $7,300 – $10,300

10. **ADDITIONAL FURNISHINGS**
• Curved Sectional Sofa – $2,479
• Entry Glass Table – $1,500

**EXHIBIT A (Continued)**

**11. KITCHEN APPLIANCES (THERMADOR)**

- Refrigerator – $5,299 – $8,499
- Double Wall Oven – $4,899 – $9,299
- Microwave Drawer – $2,399
- Induction Cooktop – $3,499 – $6,499

Estimated Subtotal: approximately $16,000 – $27,000

**12. MISCELLANEOUS KITCHEN EQUIPMENT, DISHES, DINING EQUIPMENT, AND OTHER HOUSEHOLD ITEMS**

- **Kitchen cookware, utensils, dishes, glassware, flatware, small appliances, and all other miscellaneous household furnishings and personal effects not specifically itemized above.**

**Estimated Value: approximately $35,000 – $45,000**

**TOTAL ESTIMATED VALUE**

The personal property has an estimated fair market value exceeding $250,000 (conservatively estimated). The exact value will be proven at trial.

**EXHIBIT B**

**DEMAND AND REFUSAL**

**On or about September 3, 2025, Plaintiff, through counsel Anita Khachikyan, sent a written demand to Defendant's counsel requesting the return of at least the Petrof Chippendale Grand Piano.**
**Defendant's counsel, Raymond H. Aver, replied the same day and refused to return any of the personal property. The full email exchange is as follows:**

**From: Anita Khachikyan ak@khachlaw.com**
**Sent: Wednesday, September 3, 2025 10:00:07 AM**
**To: Raymond H. Aver ray@averlaw.com**
**Subject: Re: Nazaryan**

**Hello Ray,**

**Hope all is well.**
**I wanted to follow up on my below email and see if your client would be willing to part ways with the piano? Please let me know.**
**Thank you.**
**Anita Khachikyan**

**Attorney at Law | Licensed in CA and IL**
**Khach Law Group, PC**
**126 S. Jackson St., Suite 203**
**Glendale, CA 91205**
**818.243.8500 Tel | 866.577.6740 Fax**
**www.khachlaw.com | ak@khachlaw.com**

**EXHIBIT B (Continued)**

**DEMAND AND REFUSAL**

**From: Raymond H. Aver ray@averlaw.com**
**Sent: Wednesday, September 3, 2025 3:25 PM**
**To: Anita Khachikyan ak@khachlaw.com**
**Subject: Re: Nazaryan**

**Anita:**

**As you are aware, Mehran Javaherian was required to pay $120,000 to the Chapter 7 Trustee to facilitate a settlement with the Nazaryan bankruptcy estate. As part of that settlement, the Nazaryan bankruptcy estate's interest in all the personal property at the La Masina Court Property was sold to Mehran Javaherian and Mr. Nazaryan was paid $1,000. Given the losses incurred, Mr. Javaherian is not in a position to return any of the personal property paid for.**

**RAYMOND H. AVER, ESQUIRE**
**LAW OFFICES OF RAYMOND H. AVER**
**A Professional Corporation**
**11849 West Olympic Boulevard, Suite 204**
**Los Angeles, California 90064**
**Tel.: (310) 571-3511**
**email: ray@averlaw.com**

NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, California 90071
(213) 488-9411 FAX: (213) 488-9418
e-mail: zamora3@aol.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>HOVHANNES NAZARYAN,<br><br>Debtor. | Case No. 1:25-bk-10617-MB<br><br>Chapter 7<br><br>STIPULATION BY AND BETWEEN TRUSTEE AND CREDITOR MEHRAN JAVAHERIAN TO RESOLVE SALE MOTION AND MOTION FOR RELIEF FROM STAY<br><br>DATE: July 16, 2025<br>TIME: 11:00 a.m.<br>CTRM: 303 |

This stipulation (the "Stipulation") is entered into by and between Nancy Hoffmeier Zamora, Chapter 7 Trustee ("Trustee") of the bankruptcy estate (the "Estate") in the above-captioned case (the "Case") of debtor Hovhannes Nazaryan ("Debtor"), and creditor Mehran Javaherian ("Creditor").

**RECITALS**

A. On April 14, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code commencing the Case.

B. Trustee is the duly appointed, permanent, and acting Chapter 7 Trustee for the Estate.

C. The assets of the Estate include that certain residential real property improved with a single-family residence commonly

known as 24366 La Masina Court, Calabasas, California, 91302, identified as Los Angeles County Assessor's Parcel Number 2069-033-066 (the "Real Property") and certain personal property at the Real Property described in Debtor's schedules (the "Schedules") [dkt. no. 1] as "used housing goods" (the "Personal Property"). Debtor valued the Real Property at $2,800,000.00 and claimed an exemption of $36,750.00 (the "Real Property Exemption"). Debtor valued the Personal Property at $1,000.00 and claimed an exemption in the Personal Property of $1,000.00 (the "Personal Property Exemption"). Debtor has no equity in the Real Property and, consequently, there are no funds to which the Real Property Exemption applies.

D. Creditor is owed debt secured by the second deed of trust (the "Second TD") in the original principal amount of $1,200,000.00 recorded on July 13, 2023 as instrument no. 20230460230 of Official Records of the Recorder's Office, County of Los Angeles, for the benefit of Creditor. Creditor contends that he is owed $1,678,645.60 as of May 15, 2025.

E. On April 22, 2025, Debtor filed a motion to compel abandonment of the Real Property (the "Debtor's Abandonment Motion") [dkt. no. 14]. On May 9, 2025, Trustee filed an opposition to the Debtor's Abandonment Motion (the "Opposition to Debtor's Abandonment Motion") [dkt. no. 21]. On May 11, 2025, Creditor filed a statement of position [dkt. no. 25] related to the Debtor's Abandonment Motion indicating that Creditor did not consent to any surcharge. On May 13, 2025, the Court held an initial hearing on the Debtor's Abandonment Motion and continued the hearing to July 15, 2025 and then to July 16, 2025.

F. Trustee negotiated a carve-out/assignment related to that

**STIPULATION**

WHEREFORE, Trustee and Creditor agree and stipulate as follows:

1. All of the Recitals set forth above are included in this Stipulation by this reference.

2. Creditor shall tender to Trustee, by wire transfer to the Estate bank account, the settlement payment of $120,000.00 (the "Settlement Payment"). Trustee has provided Creditor's counsel with wire instructions. The Settlement Payment by Creditor shall be in exchange for Trustee's release and transfer to Creditor of the Estate's right, title and interest in the Real Property (including the right to transfer Artur's interest pursuant to the Default Judgment and 11 U.S.C. §363(h)) and the Personal Property (the "Transfer") and for satisfaction of the Estate's expenses and fees incurred for preservation and disposition of the Real Property and the Personal Property as provided by 11 U.S.C. §506(c) (the "Section 506(c) Fees and Expenses"). Within 24 business hours of the Court's entry of an order approving this Stipulation (the "Order"), Creditor shall tender the initial installment of $30,000.00 (the "Initial Installment") of the Settlement Payment. Within 48 business hours of the Order becoming final and non-appealable, Creditor shall tender the final installment of $90,000.00 (the "Final Installment") of the Settlement Payment. The Transfer is free and clear of all liens and encumbrances except Los Angeles County real property taxes, homeowner association fees, the LAPFCU Lien, the first trust deed of AmWest Funding Corp., and the restitution lien of the USA.

3. If Creditor defaults on timely tender of the Initial

Installment, Trustee shall be entitled to sell the Real Property on the terms set forth in the Sale Motion. If Creditor defaults on timely tender of the Final Installment, Trustee shall be entitled to retain the Initial Installment as liquidated damages and Trustee shall be entitled to sell the Real Property on the terms set forth in the Sale Motion.

4. Trustee shall set aside a minimum of $40,000.00 of the Settlement Payment for distribution to creditors with timely-filed allowed priority and general unsecured claims in the Case.

5. Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, Creditor shall have relief from the automatic stay to exercise his state law rights, including those provided by the Second TD.

6. Debtor's Abandonment Motion is moot.

7. Upon entry of the Order, the USA Stipulation is approved in its entirety by the Court and Creditor shall tender the USA Payment of $25,000.00 pursuant to the terms of the USA Stipulation and USA shall record a release of the USA restitution lien as to the Real Property only and shall do so within 10 days of receipt of the USA Payment.

8. Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, the LAPFCU Stipulation shall be of no further force and effect as the condition subsequent, i.e., entry of the Court's order approving sale of the property was not satisfied, and the LAPFCU Lien shall be unaffected.

9. The Personal Property Exemption shall be deemed allowed and Debtor shall not amend the amount of the Personal Property

Exhibit C –Bankruptcy Stipulation and Order Approving Stipulation (Docket Nos. 94 & 96) - 5

NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, California 90071
(213) 488-9411 FAX: (213) 488-9418
e-mail: zamora3@aol.com

Chapter 7 Trustee

FILED & ENTERED

JUL 18 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Betulio DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

In re

HOVHANNES NAZARYAN,

Debtor.

Case No. 1:25-bk-10617-MB

Chapter 7

ORDER APPROVING STIPULATION BY AND BETWEEN TRUSTEE AND CREDITOR MEHRAN JAVAHERIAN TO RESOLVE SALE MOTION AND MOTION FOR RELIEF FROM STAY

[docket entry no. 94]

DATE: July 16, 2025
TIME: 11:00 a.m.
CTRM: 303

The Court, having read and considered the Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (the "Stipulation") [dkt. 94], and good cause appearing therefor,

**IT IS ORDERED** that the Stipulation is approved in its entirety.

#####

Date: July 18, 2025



Martin R Barash
United States Bankruptcy Judge

**Exhibit D – Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024)**




Exhibit D Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024) - 1




Exhibit D Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024) - 2




Exhibit D Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024) - 3




Exhibit D Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024) - 4




Exhibit D Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024) - 5




Exhibit D Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024) - 6




Exhibit D Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024) - 7




Exhibit D Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024) - 8




Exhibit D Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024) - 9




Exhibit D Key Text Message Communications Between Plaintiff and Defendant Benjamin Javaherian (August – December 2024) - 10

ESCROW

**Chartwell Escrow, Inc.**
14140 Ventura Boulevard
Suite 110
Sherman Oaks, CA 91423
(818) 995-2580

# Seller's Estimated Closing Statement

| | | | | | |
|---|---|---|---|---|---|
| **Property** | 24366 La Masina Court<br>Calabasas, CA 91302 | **Escrow Officer** | Peter O. Jett | **Prepared** | 11/06/2024 |
| | | **Seller** | | **Closing** | 12/09/2024 |
| **Escrow #** | CW-PJ-1267 | Artur Nazaryan and Hovhannes Nazaryan | | **Disbursement Date** | 12/09/2024 |
| **Title #** | E119113 | | | **Title by** | Priority Title Company |

| | Debit | Credit |
|---|---|---|
| **Primary Charges & Credits** | | |
| Sale Price of Property | | $4,800,000.00 |
| | | |
| **Prorations/Adjustments** | | |
| 1st Loan Balance taken subject to | $2,895,196.00 | |
| 2nd Loan Balance taken subject to | $1,200,000.00 | |
| Annual HOA2 Dues ($121.63) 12/09/2024 to 04/01/2025 | | $37.84 |
| County Taxes ($41,204.94) 12/09/2024 to 01/01/2025 | | $5,036.16 |
| Hero Loan Balance taken subject to | $201,271.00 | |
| November HOA Dues ($285.00) 12/09/2024 to 01/01/2025 | | $209.00 |
| | | |
| **Payoffs/Payments** | | |
| Payoff to United States | $25,000.00 | |
| Principal : $25,000.00 | | |
| | | |
| **Government Recording and Transfer Charges** | | |
| Recording Fee - Seller Documents | $150.00 | |
| County Transfer Tax (Deed) to Los Angeles County Recorder | $5,280.00 | |
| | | |
| **Commissions** | | |
| Listing Agent Commission to Century Max Realty | $77,500.00 | |
| Selling Agent Commission to Century Max Realty | $77,500.00 | |
| | | |
| **Title Charges** | | |
| Electronic Recording Fee to Fidelity National Title Company | $11.50 | |
| Inspection Fee to Fidelity National Title Company | $100.00 | |
| Messenger/Overnight to Fidelity National Title Company | $50.00 | |
| Sub-Escrow Fee to Fidelity National Title Company | $62.50 | |
| Owner's Policy to Fidelity National Title Company | $6,000.00 | |
| | | |
| **Escrow Charges** | | |
| Document Preparation to Chartwell Escrow, Inc. | $200.00 | |
| Messenger/Overnight/Wire Fees to Chartwell Escrow, Inc. | $135.00 | |
| Payoff Processing to Chartwell Escrow, Inc. | $150.00 | |
| Settlement or Closing Fee to Chartwell Escrow, Inc. | $10,100.00 | |
| State Withholding Assistance/Digital Archive to Chartwell Escrow, Inc. | $77.51 | |
| | | |
| **Miscellaneous Charges** | | |
| 1st 1/2 24/25 Property Taxes to Los Angeles County Tax Collector | $41,204.94 | |
| Bring 2nd Loan current to Lender | $171,600.00 | |
| Defaulted Property Taxes to Los Angeles County Tax Collector | $96,870.21 | |
| HOA 2 Document Fee to HOA/Mgmt Company | $545.00 | |
| HOA 2 Dues (Seller) to HOA (Balance due if any) | [illegible] | |

| | Debit | Credit |
|---|---|---|
| HOA 2 Transfer Fee to HOA/Mgmt Company | $100.00 | |
| HOA Document Fee to HOA/Mgmt Company | $457.50 | |
| HOA Dues (Seller) to HOA (October, November & December) | $912.00 | |
| HOA Transfer Fee to HOA/Mgmt Company | $395.00 | |
| Home Warranty to Home Warranty Co (if any) | $1,000.00 | |
| Property Disclosure Report to MyNHD, Inc. | $94.95 | |
| Property Retrofitting to Retrofitter (if any) | $500.00 | |
| Traveling Notary/Signing Services Fee to Notary (if any) | $200.00 | |
| | **Debit** | **Credit** |
| **Subtotals** | **$4,812,796.91** | **$4,805,283.00** |
| Due from Seller | | $7,513.91 |
| **Totals** | **$4,812,796.91** | **$4,812,796.91** |

Exhibit F - Payoff Demand Letter from Mehran Javaherian (September 19, 2024)

# Payoff Demand Letter

Lender: Mehran Javaherian

203 S. Willaman Dr.

Beverly Hills, CA 90211

Borrower: Arthur Nazaryan, Hovannes Nazaryan

Property: 24366 La Masina Court, Calabasas, CA 91302

As of 9/19/2024 the payoff on the above-mentioned loan is calculated as follow:

| | |
|---|---|
| Principal Balance Owed | $1,200,000.00 |
| Interest Due through 9/30/2024 | $156,000.00 |
| Late Charges | $15,600.00 |
| **Total Amount Due** | **$1,371,600** |

Mehran Javaherian 9/19/2024

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by Superior Court of California, County of Los Angeles 7/15/2026 10:27 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Mirzoyan, Deputy Clerk**

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

BENJAMIN JAVAHERIAN

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

HOVHANNES NAZARYAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Los Angeles
Van Nuys Courthouse East – 6230 Sylmar Ave., Van Nuys, CA 91401

CASE NUMBER:
*(Número del Caso):*
26VECV02080

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Hovhannes Nazaryan, Pro Se – Reg. No. 86590-509, FCI Texarkana, Satellite Prison Camp, PO Box 9300, Texarkana, TX 75505

DATE: *(Fecha)* 07/15/2026 Clerk, by *(Secretario)* A. Mirzoyan, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

under:
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (authorized person)
- [ ] other *(specify):*

4. [ ] by personal delivery on *(date)*:





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Hovhannes Nazaryan, Pro Se<br>Reg. No. 86590-509<br>FCI Texarkana<br>Satellite Prison Camp<br>PO BOX 9300<br>Texarkana, TX 75505<br>TELEPHONE NO: 206-259-0073 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: clericalassistant.nazaryan@gmail.com<br>ATTORNEY FOR *(Name)*: Pro Se | **Electronically FILED by Superior Court of California, County of Los Angeles 7/29/2026 9:36 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Inloes, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 6230 Sylmar Ave<br>MAILING ADDRESS: 6230 Sylmar Ave<br>CITY AND ZIP CODE: Van Nuys, CA 91401<br>BRANCH NAME: Superior Court of California, County of Los Angeles | |
| PLAINTIFF / PETITIONER: HOVHANNES NAZARYAN<br>DEFENDANT / RESPONDENT: MEHRAN JAVAHERIAN AND BENJAMIN JAVAHERIAN, and DOES 1 through 5, inclusive, | CASE NUMBER:<br>26VECV02080 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>16448628 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint FIRST AMENDED
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:
3. a. Party served *(specify name of party as shown on documents served)*:
   Benjamin Javaherian
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
4. Address where the party was served:
   21777 Ventura Blvd Suite 228, Woodland Hills, CA 91364 SUITE 236
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Tue, Jul 28 2026 (2) at *(time)*: 01:50 PM
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
      from *(city)*: or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| PLAINTIFF / PETITIONER: | HOVHANNES NAZARYAN | CASE NUMBER: 26VECV02080 |
| DEFENDANT / RESPONDENT: | MEHRAN JAVAHERIAN AND BENJAMIN JAVAHERIAN, and DOES 1 through 5, inclusive, | |

5. c. ☐ **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)*:
   under the following Code of Civil Procedure section:
   ☐ 416.10 (corporation) ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation) ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity) ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name: ELIJAH SHUT
   b. Address: 25350 Magic Mountain Parkway 300, Valencia, CA 91321
   c. Telephone number: 818-857-4333
   d. **The fee** for service was: $195.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration No: 2026000474
   (iii) County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 07/28/2026
ELIJAH SHUT

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL) (SIGNATURE)

**POS-040**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Hovhannes Nazaryan, Pro Se<br>FIRM NAME:<br>STREET ADDRESS: Reg. No. 86590-509, FCI Texarkana, Satellite Prison Camp, PO Box 930(<br>CITY: Texarkana STATE: TX ZIP CODE: 75505<br>TELEPHONE NO.: 903-838-4587 FAX NO. :<br>E-MAIL ADDRESS: clericalassistant.nazaryan@gmail.com<br>ATTORNEY FOR (*name*): Plaintiff, Pro Se | **Electronically FILED by Superior Court of California, County of Los Angeles 8/03/2026 12:00 AM David W. Slayton, Executive Officer/Clerk of Court, By J. Inloes, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 6230 Sylmar Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Van Nuys, CA 91401<br>BRANCH NAME: Van Nuys Courthouse East | |
| Plaintiff/Petitioner: Hovhannes Nazaryan<br>Defendant/Respondent: Mehran Javaherian, et al. | CASE NUMBER:<br>26VECV02080 |
| **PROOF OF SERVICE—CIVIL**<br>**Check method of service *(only one)*:**<br>☐ By Personal Service ☐ By Mail ☒ By Overnight Delivery<br>☐ By Messenger Service ☐ By Fax | JUDICIAL OFFICER:<br><br>DEPARTMENT: |

***Do not use this form to show service of a summons and complaint or for electronic service.***
***See USE OF THIS FORM on page 3.***

1. At the time of service I was over 18 years of age **and not a party to this action**.
2. My residence or business address is:
   200 W Milford St, Apt 534Glendale, CA 91203
3. ☐ The fax number from which I served the documents is *(complete if service was by fax)*:
4. On *(date)*: July 20, 2026 I served the following **documents** *(specify)*:
   First Amended Complaint

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).
5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: Sanaz Sarah Bereliani (Attorney of record for Defendant Mehran Javaherian)
   b. ☒ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      12100 Wilshire Blvd, 8th FloorLos Angeles, CA 90025
   c. ☐ *(Complete if service was by fax.)*
      Fax number where person was served:

   ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).
6. The documents were served by the following means *(specify)*:
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

**POS-040**

| CASE NAME: HOVHANNES NAZARYAN vs. MEHRAN JAVAHERIAN, et al. | CASE NUMBER: 26VECV02080 |
|---|---|

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☒ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/31/26

Zarik Minasyan
(TYPE OR PRINT NAME OF DECLARANT)

▶ [signature]
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: ______________________

(NAME OF DECLARANT)

▶
(SIGNATURE OF DECLARANT)

Exhibit A

FedEx

July 24, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 874627114212

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | R.Jerry | **Delivery Location:** | 12100 WILSHIRE BLVDSTE 800 |
| **Service type:** | FedEx Standard Overnight | | |
| **Special Handling:** | Deliver Weekday;<br>Adult Signature Required | | LOS ANGELES, CA, 90025 |
| | | **Delivery date:** | Jul 22, 2026 10:20 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 874627114212 | **Ship Date:** | Jul 21, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Sanaz Sarah Bereliani, Bereliani Law Firm, PC
12100 Wilshire Blvd, 8th Floor
LOS ANGELES, CA, US, 90025

**Shipper:**
Zarik Minasyan,
200 W Milford St
Apt 534
GLENDALE, CA, US, 91203



Thank you for choosing FedEx

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Northwest District, Van Nuys Courthouse East, Department B

**26VECV02080** August 6, 2026
**HOVHANNES NAZARYAN vs MEHRAN JAVAHERIAN** 8:30 AM

Judge: Honorable Elaine W. Mandel CSR: None
Judicial Assistant: P. Boyadzhyan ERM: None
Courtroom Assistant: G. Mikayelyan Deputy Sheriff: None

---

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): Sanaz Sarah Bereliani ViaLACourtconnect

---

**NATURE OF PROCEEDINGS:** Case Management Conference

The matter is not called for hearing.

On the Court's own motion, the Case Management Conference scheduled for 08/06/2026 is continued to 11/04/26 at 08:30 AM in Department B at Van Nuys Courthouse East.

Defense counsel is to give notice.

Sanaz Sarah Bereliani, Esq (SBN 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
Telephone: 310-882-5482
Fax: 888-876-0896
E-mail: sanaz@berelianilaw.com

Attorneys for Defendants
MEHRAN JAVAHERIAN
BENJAMIN JAVAHERIAN

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/06/2026 6:20 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Inloes, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| HOVHANNES NAZARYAN,<br><br>Plaintiff,<br><br>vs.<br><br>MEHRAN JAVAHERIAN; BENJAMIN JAVAHERIAN; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 26VECV02080<br><br>[Assigned to the Hon. Elaine W. Mandel, Department B]<br><br>**NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE**<br><br>Former Date: August 6, 2026<br><br>Continued Date: November 4, 2026<br>Time: 8:30 a.m.<br>Dept.: B<br><br>Action Filed: April 8, 2026<br>Trial Date: None Set |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 6, 2026, the Court, on its own motion, ordered the Case Management Conference in the above-entitled action, previously scheduled for August 6, 2026, at 8:30 a.m. in Department B, continued to November 4, 2026, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Department B of the above-entitled Court, the Honorable Elaine W. Mandel presiding, located at the Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, California 91401.

///

PLEASE TAKE FURTHER NOTICE that, pursuant to California Rules of Court, rule 3.725, all parties must file and serve a completed Case Management Statement (Judicial Council form CM-110) no later than fifteen (15) calendar days before the continued Case Management Conference date, and must otherwise comply with California Rules of Court, rules 3.720 through 3.730, and Chapter Three of the Los Angeles Superior Court Rules.

Parties may appear at the Case Management Conference in person or remotely through LACourtConnect, in accordance with the Court's remote appearance procedures available at www.lacourt.org.

DATED: August 6, 2026

**BERELIANI LAW FIRM, P.C.**

By: ______________________________
Sanaz Sarah Bereliani, Esq.
Attorneys for Defendants
MEHRAN JAVAHERIAN and
BENJAMIN JAVAHERIAN

Sanaz Sarah Bereliani, Esq (SBN 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
Telephone: 310-882-5482
Fax: 888-876-0896
E-mail: sanaz@berelianilaw.com

Attorneys for Defendants
MEHRAN JAVAHERIAN
BENJAMIN JAVAHERIAN

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**8/06/2026 6:20 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By J. Inloes, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| HOVHANNES NAZARYAN,<br><br>Plaintiff,<br><br>vs.<br><br>MEHRAN JAVAHERIAN; BENJAMIN JAVAHERIAN; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 26VECV02080<br><br>[Assigned to the Hon. Elaine W. Mandel, Department B]<br><br>**NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE**<br><br>Former Date: August 6, 2026<br><br>Continued Date: November 4, 2026<br>Time: 8:30 a.m.<br>Dept.: B<br><br>Action Filed: April 8, 2026<br>Trial Date: None Set |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 6, 2026, the Court, on its own motion, ordered the Case Management Conference in the above-entitled action, previously scheduled for August 6, 2026, at 8:30 a.m. in Department B, continued to November 4, 2026, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Department B of the above-entitled Court, the Honorable Elaine W. Mandel presiding, located at the Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, California 91401.

///

PLEASE TAKE FURTHER NOTICE that, pursuant to California Rules of Court, rule 3.725, all parties must file and serve a completed Case Management Statement (Judicial Council form CM-110) no later than fifteen (15) calendar days before the continued Case Management Conference date, and must otherwise comply with California Rules of Court, rules 3.720 through 3.730, and Chapter Three of the Los Angeles Superior Court Rules.

Parties may appear at the Case Management Conference in person or remotely through LACourtConnect, in accordance with the Court's remote appearance procedures available at www.lacourt.org.

DATED: August 6, 2026

**BERELIANI LAW FIRM, P.C.**

By: ______________________

Sanaz Sarah Bereliani, Esq.
Attorneys for Defendants
MEHRAN JAVAHERIAN and
BENJAMIN JAVAHERIAN

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| BERELIANI LAW FIRM, PC<br>Sanaz Bereliani SBN 256465<br>12100 Wilshire Blvd, 8th Floor<br>Los Angeles, CA 90025<br>TELEPHONE NO: 3105924204 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: sanaz@berelianilaw.com<br>ATTORNEY FOR *(Name)*: Defendant | **Electronically FILED by Superior Court of California, County of Los Angeles 8/07/2026 3:19 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Inloes, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 6230 Sylmar Avenue<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Van Nuys, 91401<br>BRANCH NAME: Los Angeles - Van Nuys - Northwest | |
| PLAINTIFF / PETITIONER: HOVHANNES NAZARYAN<br>DEFENDANT / RESPONDENT: MEHRAN JAVAHERIAN, et al. | CASE NUMBER:<br>26VECV02080 |
| **PROOF OF SERVICE BY FIRST-CLASS MAIL — CIVIL** | Ref. No. or File No.:<br>16559574 (28952601) |

***(Do not use this Proof of Service to show service of a Summons and Complaint)***

1. I am over 18 years of age and **not a party to this action. I am a resident of or employed in the county where the mailing took place.**
2. My residence or business address is:
   5341 Old Redwood Highway Suite 310, Petaluma, CA 94954
3. On *(date)*: Fri, Aug 07 2026 I mailed from *(city and state)* Petaluma, California
   the following **documents** *(specify):*
   Notice of Continuance of Case Management Conference
   ☐ The documents are listed in the *Attachment to Proof of Personal Service by First-Class Mail—Civil (Documents Served) (form POS-030(D)).*
4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with postage fully prepaid.
   b. ☒ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Hovhannes Nazaryan - Register No. 86590-509
   b. **Address** of person served:
   PO Box 7000, Texarkana, TX 75505
   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Personal Service by First-Class—Civil (Persons Served)* (form POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 7, 2026

Melissa Berry

(TYPE OR PRINT THE NAME OF PERSON COMPLETING THIS FORM)

M Berry

(SIGNATURE OF PERSON COMPLETING THIS FORM)

Hovhannes Nazaryan, Pro Se
Reg. No. 86590-509
FCI Texarkana
Satellite Prison Camp
PO BOX 9300
Texarkana, TX 75505

**Electronically FILED by Superior Court of California, County of Los Angeles 9/10/2026 4:09 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Inloes, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – VAN NUYS COURTHOUSE EAST

HOVHANNES NAZARYAN,

Plaintiff,

vs.

MEHRAN JAVAHERIAN AND BENJAMIN JAVAHERIAN, and DOES 1 through 5, inclusive,

Defendants.

**Case No.: 26VECV02080**
**Dept: B**
**Hon. Elaine W. Mandel**

**STATEMENT OF PUNITIVE DAMAGES**

**(Code Civ. Proc., § 425.115)**

**NOTICE TO: MEHRAN JAVAHERIAN and BENJAMIN JAVAHERIAN**

Plaintiff **HOVHANNES NAZARYAN** reserves the right to seek **$400,000** in punitive damages when Plaintiff seeks a judgment in the suit filed against you.

Defendant Mehran Javaherian has appeared. This statement is served on his attorney of record under Code of Civil Procedure section 425.115, subdivision (g)(2).

Defendant Benjamin Javaherian has not appeared. Service on him will be completed in the same manner as a summons under Code of Civil Procedure section 425.115, subdivision (g)(1).

This statement is not a request for entry of default.

Dated this 10th day of September, 2026.

Hovhannes Nazaryan, Pro Se

**HOVHANNES NAZARYAN**
Plaintiff, Pro Se
P.O. Box 9300
Texarkana, TX 75505

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/10/2026 3:31 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Haroutunian, Deputy Clerk

Hovhannes Nazaryan, Pro Se
Reg. No. 86590-509
FCI Texarkana
Satellite Prison Camp
PO BOX 9300
Texarkana, TX 75505

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – VAN NUYS COURTHOUSE EAST

HOVHANNES NAZARYAN,

Plaintiff,

vs.

MEHRAN JAVAHERIAN AND BENJAMIN JAVAHERIAN, and DOES 1 through 5, inclusive,

Defendants.

**Case No.: 26VECV02080**
**Dept: B**
**Hon. Elaine W. Mandel**

**Hearing: on October 8, 2026,**
**Time: 8:30 a.m., Dept. B**
**CRS Reservation ID: 703375471171**
**Appearance: LACourtConnect (video) requested**

**NOTICE OF MOTION FOR LEAVE TO AMEND PRAYER A; MEMORANDUM; DECLARATION; EXS. 1-2**

**NOTICE OF MOTION**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 8, 2026, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Department B of the Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, California 91401, Plaintiff Hovhannes Nazaryan will and hereby does move for leave to file a limited amendment to Prayer A of the First Amended Complaint. Reserved hearing: October 8, 2026, at 8:30 a.m., Department B. Reservation ID: 703375471171.

Plaintiff is incarcerated at FCI Texarkana Satellite Camp until a scheduled release of September 28, 2026. An earlier date would require an appearance he cannot make from camp.

**Appearance.** After release Plaintiff expects to be placed in a residential reentry center / halfway house. He has not yet spoken with counselors and does not know whether travel to Van Nuys will be authorized. Plaintiff requests to appear by LACourtConnect (video) under California Rules of Court, rule 3.672. Telephone is requested if video is unavailable. If the Court requires an in-person appearance, Plaintiff asks that the hearing be set or continued to a later date when that is possible.

The motion is made under Code of Civil Procedure sections 473(a) and 576, on the ground that the amendment is confined to Prayer A and notices $400,000 as the conversion / trespass figure, as supported by Exhibit 2.

**MOTION — RELIEF SOUGHT**

Leave to amend Prayer A only, to read:

A. For general, special, and compensatory damages according to proof, but not less than $400,000 for conversion and trespass to chattels, plus additional damages for interference and conspiracy;

Prayers B through G are unchanged. No new parties and no new causes of action. If default is later sought, Plaintiff intends to serve a separate statement of punitive damages under Code of Civil Procedure section 425.115. That statement is not part of this amendment.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. The amendment is a prayer correction, not a new case**

The First Amended Complaint already states conversion and trespass to chattels for furnishings at 24366 La Masina Court and prays for damages “not less than $250,000.” Exhibit 2 consists of written communications from David R. Smith of Team Smith CA (DRE 01503210), buyer-side agent on a proposed sale of that property. On August 30, 2026, Mr. Smith wrote that “the offer on the table now has a purchase price of $4.5M and then $400k for the furniture for a total purchase price of $4.9M.” In a subsequent message he stated there is no itemized list, described the furnished rooms (bedrooms, formal living room, family room, gym, bar/game room, outdoor furniture, and office), and wrote that the furniture “can be paid for separately.” The listing photographs for the same address depict the piano and other furnishings already alleged in Exhibit A to the First Amended Complaint.

Mr. Smith's $400,000 furniture allocation is therefore value evidence on the conversion claim already pled, not a new item of property. The amendment notices the $400,000 furniture figure so Code of Civil Procedure section 580 is met if default or judgment is later entered. Sass v. Cohen (2020) 3 Cal.5th 1160.

**II. Leave is granted liberally**

Code of Civil Procedure sections 473(a) and 576. Nestle v. City of Santa Monica (1972) 6 Cal.3d 920, 939. Defendants have not answered the First Amended Complaint. Prejudice is notice of a higher conversion ceiling on a claim already pled.

**III. Hearing date and remote appearance**

Plaintiff cannot appear before September 28, 2026. After release he expects a halfway-house placement. Until travel authority is known, LACourtConnect is the requested appearance. A hearing on or after October 8, 2026 complies with Code of Civil Procedure section 1005. If the Court requires Plaintiff in the courtroom, the date can be set or continued accordingly.

**IV. Conclusion**

The Court should grant leave and authorize service of the amended Prayer A attached as Exhibit 1. A proposed order is lodged separately. (Cal. Rules of Court, rule 3.1113(m).)

Dated this 10th of September, 2026.

Hovhannes Nazaryan, Pro Se

**HOVHANNES NAZARYAN**
Plaintiff, Pro Se
P.O. Box 9300
Texarkana, TX 75505

**DECLARATION OF HOVHANNES NAZARYAN**

I, Hovhannes Nazaryan, declare:

1. I am the Plaintiff. I am incarcerated at FCI Texarkana Satellite Camp. My scheduled release date is September 28, 2026. After release I expect to be placed in a halfway house. I have not yet spoken with counselors there and do not know whether I will be allowed to travel to Van Nuys. I request that this motion be heard on October 8, 2026, and that I appear by LACourtConnect (video) under CRC 3.672, or by telephone if video is unavailable.
2. I cannot reasonably appear at an ex parte or other hearing before release. This request is therefore made by noticed motion.
3. The First Amended Complaint already seeks conversion damages of not less than $250,000 for personal property at 24366 La Masina Court.
4. David R. Smith of Team Smith CA, license no. 01503210, david@teamsmithca.com, is the buyer-side agent on a proposed purchase of 24366 La Masina Court. On August 30, 2026, at 5:24 p.m., Mr. Smith emailed that "the offer on the table now has a purchase price of $4.5M and then $400k for the furniture for a total purchase price of $4.9M." A true and correct copy of that email printout is attached as Exhibit 2-A.
5. In a subsequent email in the same matter, Mr. Smith wrote that there is not a list, that all bedrooms are furnished and that the formal living room, family room, gym, bar/game room, outdoor furniture, and office are included, that the furniture "can be paid for separately," and again that the buyer is offering $4.5 million for the house and an additional $400,000 for furniture. A true and correct copy of that message is attached as Exhibit 2-B.
6. The furniture Mr. Smith described is the same personal property shown in the listing photographs for 24366 La Masina Court, including the piano and other furnishings already identified in Exhibit A to the First Amended Complaint. I am informed and believe those listing photographs are the "pictures" referenced in the August 30 inquiry to which Mr. Smith replied.
7. The receiving account, annapali123@icloud.com, was used to inquire about the property. I do not contend that the account name is a third-party witness.

8. I seek only to notice $400,000 in Prayer A so that figure is the conversion ceiling if default or judgment is later entered. This motion does not seek entry of default.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 10, 2026, at Texarkana, Texas.

Hovhannes Nazaryan, Pro Se

**HOVHANNES NAZARYAN**
Plaintiff, Pro Se
P.O. Box 9300
Texarkana, TX 75505

**EXHIBIT 1**

**PROPOSED AMENDED PRAYER A**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A. For general, special, and compensatory damages according to proof, but not less than $400,000 for conversion and trespass to chattels, plus additional damages for interference and conspiracy;

B. For punitive and exemplary damages in an amount sufficient to punish and deter Defendants' wrongful conduct;

C. For an accounting of any proceeds derived from the Property or from Plaintiff's personal property;

D. For declaratory relief as prayed in the Fourth Cause of Action;

E. For cancellation of any void or voidable written instruments obtained through Defendants' wrongful conduct;

F. For restitution and disgorgement;

G. For costs of suit, prejudgment interest, and such other and further relief as the Court deems just and proper, including injunctive relief.

Dated: September 9, 2026

Hovhannes Nazaryan, Plaintiff

**EXHIBIT 2-A**

Email from David R. Smith to annapali123@icloud.com

August 30, 2026, 5:24 p.m. CDT

Subject: Re: La Masina HVAC

> It can be.
> The offer on the table now has a purchase price of $4.5M and then $400k for the furniture for a total purchase price of $4.9M.
> To Your Success!

annapali123@icloud.com 4:37 PM
Thank you for sending I also noticed th...

David R. Smith 5:24 PM
To: annapali123@icloud.com >

It can be.

The offer on the table now has a purchase price of $4.5M and then $400k for the furniture for a total purchase price of $4.9M.

To Your Success!

TEAM SMITH REAL ESTATE CALIFORNIA



David Randal Smith
310.480.7523
David@TeamSmithCA.com
License #: 01503210

Tracy Smith
310.804.7079
Tracy@TeamSmithCA.com
License #: 01898036
TeamSmithCA.com

Keller Williams Calabasas
23975 Park Sorrento, Suite 110
Calabasas, CA 91302

See More

Gmail **Clerical Assistant <clericalassistant.nazaryan@gmail.com>**

# Fwd: La Masina HVAC

**annapali123@icloud.com** <annapali123@icloud.com> Sun, Aug 30, 2026 at 4:10 PM
To: clericalassistant.nazaryan@gmail.com

Sent from my iPhone

Begin forwarded message:

**From:** "David R. Smith" <david@teamsmithca.com>
**Date:** August 30, 2026 at 5:24:04 PM CDT
**To:** annapali123@icloud.com
**Subject: Re: La Masina HVAC**

It can be.

The offer on the table now has a purchase price of $4.5M and then $400k for the furniture for a total purchase price of $4.9M.

To Your Success!

On Aug 30, 2026, at 2:37 PM, annapali123@icloud.com wrote:

Thank you for sending

**I also noticed the furniture shown in the pictures. Could you please let me know if the furniture is included in the asking price?**

Sent from my iPhone

On Aug 30, 2026, at 3:05 PM, David R. Smith <david@teamsmithca.com> wrote:

To Your Success!

<Invoice #138584.pdf>
<Comfort Condensing Unit, Furnace and Coil with Ductwork and Multiple Furnaces_.pdf>

<PastedGraphic-1.tiff>

**EXHIBIT 2-B**

Email from David R. Smith to annapali123@icloud.com

Subject: Re: From Anna

> There isn’t a list but all bedrooms are furnished, formal living room and one family room, gym, bar/ game room, outdoor furniture, and office too.
> Yes they can be paid for separately.
> I thought I sent you the current offer breaksodnw where buyer is offering to pay $4.5M for house and an additional $400k for furniture.
> Any other questions let me know.
> Just FYI the faster way to communicate for me is via text 310-480-7523 but its up to you.
> To Your Success!



DS David R. Smith 11:48 AM
To: annapali123@icloud.com >

**Re: From Anna**

There isn’t a list but all bedrooms are furnished, formal living room and one family room, gym, bar/ game room, outdoor furniture, and office too.

Yes they can be paid for separately.

I thought I sent you the current offer breaksodnw where buyer is offering to pay $4.5M for house and an additional $400k for furniture.

Any other questions let me know.

Just FYI the faster way to communicate for me is via text 310-480-7523 but its up to you.

To Your Success!

Tap to Download
ic-1.tiff

Gmail **Clerical Assistant <clericalassistant.nazaryan@gmail.com>**

## Fwd: From Anna

**annapali123@icloud.com** <annapali123@icloud.com> Tue, Sep 1, 2026 at 10:32 AM
To: clericalassistant.nazaryan@gmail.com

Sent from my iPhone

Begin forwarded message:

**From:** "David R. Smith" <david@teamsmithca.com>
**Date:** September 1, 2026 at 11:48:47 AM CDT
**To:** annapali123@icloud.com
**Subject: Re: From Anna**

There isn't a list but all bedrooms are furnished, formal living room and one family room, gym, bar/ game room, outdoor furniture, and office too.

Yes they can be paid for separately.

I thought I sent you the current offer breaksodnw where buyer is offering to pay $4.5M for house and an additional $400k for furniture.

Any other questions let me know.

Just FYI the faster way to communicate for me is via text 310-480-7523 but its up to you.

To Your Success!

> On Aug 31, 2026, at 8:14 PM, annapali123@icloud.com wrote:
>
> Hi David,
>
> If there is a list of what the $400k covers, please send it.
>
> Also: can the house and the furniture be treated separately, or does the buyer have to take both together?
>
> Thank you.
>
> Sent from my iPhone
>
> > On Aug 31, 2026, at 6:28 PM, David R. Smith <david@teamsmithca.com> wrote:
> >
> > Any questions?
> >
> > To Your Success!
> >
> > > On Aug 28, 2026, at 2:54 PM, annapali123@icloud.com wrote:
> > >
> > > Dear David,

Great speaking to you earlier today and thank you for offering to share what you have.

Please send any information you have regarding a potential sale, listing of, or any information regarding a prospective buyer for:

-the real property at 24366 La Masina Court, Calabasas, California 91302, and
-any personal property located at that address.

Thank you for your time.

<PastedGraphic-1.tiff>




**PastedGraphic-1.tiff**
87K

# Journal Technologies eFiling Portal

Los Angeles Superior Court

# Make a Reservation

HOVHANNES NAZARYAN vs MEHRAN JAVAHERIAN

Case Number: 26VECV02080 Case Type: Civil Unlimited Category: Quiet Title
Date Filed: 2026-04-08 Location: Van Nuys Courthouse East - Department B

## Reservation

| | |
|---|---|
| Case Name:<br>HOVHANNES NAZARYAN vs MEHRAN JAVAHERIAN | Case Number:<br>26VECV02080 |
| Type:<br>Motion for Leave to Amend (Leave to Amend Prayer A of First Amended Complaint) | Status:<br>RESERVED |
| Filing Party:<br>Hovhannes Nazaryan (Plaintiff) | Location:<br>Van Nuys Courthouse East - Department B |
| Date/Time:<br>10/08/2026 8:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>703375471171 | Confirmation Code:<br>CR-MZS5VYXL2ZRK8RVWG |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion for Leave to Amend (name extension) | 0.00 | 1 | 0.00 |
| TOTAL | | | **$0.00** |

## Payment

| | |
|---|---|
| Amount:<br>$0.00 | Type:<br>NOFEE |
| Account Number:<br>n/a | Authorization:<br>n/a |
| Payment Date:<br>n/a | |

Print Receipt | Reserve Another Hearing | View My Reservations

Chat

Copyright © Journal Technologies, USA. All rights reserved.

**POS-040**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Hovhannes Nazaryan, Pro Se<br>FIRM NAME:<br>STREET ADDRESS: Reg. No. 86590-509, FCI Texarkana Satellite Camp, P.O. Box 9300<br>CITY: Texarkana STATE: TX ZIP CODE: 75505<br>TELEPHONE NO.: FAX NO. :<br>E-MAIL ADDRESS: clericalassistant.nazaryan@gmail.com<br>ATTORNEY FOR (*name*): (Pro Se) | **Electronically FILED by Superior Court of California, County of Los Angeles 9/10/2026 3:31 PM David W. Slayton, Executive Officer/Clerk of Court, By C. Haroutunian, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 6230 Sylmar Ave, Van Nuys, CA 91401,<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Van Nuys, 91401<br>BRANCH NAME: Van Nuys Courthouse | |
| Plaintiff/Petitioner: Hovhannes Nazaryan<br>Defendant/Respondent: Mehran Javaherian, Benjamin Javaherian | CASE NUMBER: 26VECV02080 |
| **PROOF OF SERVICE—CIVIL**<br>**Check method of service *(only one)*:**<br>☐ By Personal Service ☐ By Mail ☒ By Overnight Delivery<br>☐ By Messenger Service ☐ By Fax | JUDICIAL OFFICER: Hon. Elaine W. Mandel<br>DEPARTMENT: B |

***Do not use this form to show service of a summons and complaint or for electronic service.***
***See USE OF THIS FORM on page 3.***

1. At the time of service I was over 18 years of age **and not a party to this action**.
2. My residence or business address is:
   200 W Milford St, Apt 534, Glendale, CA 91203
3. ☐ The fax number from which I served the documents is *(complete if service was by fax):*
4. On *(date):* September 10 I served the following **documents** *(specify):*
   Notice of Motion and Motion for Leave to Amend Prayer A; Memorandum; Declaration of Hovhannes Nazaryan; Exhibits 1, 2-A, and 2-B; CRS reservation receipt (ID 703375471171); [Proposed] Order Granting Leave to Amend Prayer A

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).
5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served:
   b. ☐ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
   Business or residential address where person was served:
   c. ☐ *(Complete if service was by fax.)*
   Fax number where person was served:

   ☒ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).
6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

**POS-040**

| CASE NAME: Hovhannes v. Mehran Javaherian, et al. | CASE NUMBER: 26VECV02080 |
|---|---|

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

   c. ☒ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

   d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

   e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 10, 2026

Zarik Minasyan
(TYPE OR PRINT NAME OF DECLARANT)

▶ [signature]
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: ______________________

______________________________
(NAME OF DECLARANT)

▶ ______________________________
(SIGNATURE OF DECLARANT)

POS-040(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Nazaryan v. Javaherian | 26VECV02080 |

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served<br>*(If the person served is an attorney, the party or parties represented should also be stated.)* | Where Served<br>*(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For service by fax, provide fax number.)* |
|---|---|
| Sanaz Sarah Bereliani, Esq. – Att. of record for Defendant Mehran Javaherian | 12100 Wilshire Blvd, 8th Floor, Los Angels, CA 90025 – Overnight FedEx,tracking: 877028316871 |
| Benjamin Javaherian | 21777 Ventura Blvd, Suite 228, Woodland Hills, CA 91364 – Overnight FedEx, tracking: 877029527686 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |



For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

POS-040

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO:
NAME: Hovhannes Nazaryan, Pro Se
FIRM NAME:
STREET ADDRESS: Reg. No. 86590-509, FCI Texarkana Satellite Camp, P.O. Box 9300
CITY: Texarkana STATE: TX ZIP CODE: 75505
TELEPHONE NO.: FAX NO. :
E-MAIL ADDRESS: clericalassistant.nazaryan@gmail.com
ATTORNEY FOR (*name*): (Pro Se)

FOR COURT USE ONLY

**Electronically FILED by Superior Court of California, County of Los Angeles 9/22/2026 7:37 AM David W. Slayton, Executive Officer/Clerk of Court, By J. Inloes, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 6230 Sylmar Ave, Van Nuys, CA 91401,
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, 91401
BRANCH NAME: Van Nuys Courthouse

Plaintiff/Petitioner: Hovhannes Nazaryan
Defendant/Respondent: Mehran Javaherian, Benjamin Javaherian

CASE NUMBER: 26VECV02080

JUDICIAL OFFICER: Hon. Elaine W. Mandel

DEPARTMENT: B

## PROOF OF SERVICE—CIVIL

**Check method of service *(only one)*:**

☐ By Personal Service ☐ By Mail ☒ By Overnight Delivery
☐ By Messenger Service ☐ By Fax

***Do not use this form to show service of a summons and complaint or for electronic service.***
***See USE OF THIS FORM on page 3.***

1. At the time of service I was over 18 years of age **and not a party to this action**.
2. My residence or business address is:
   200 W Milford St, Apt 534, Glendale, CA 91203
3. ☐ The fax number from which I served the documents is *(complete if service was by fax):*
4. On *(date):* September 10 I served the following **documents** *(specify):*
   Statement of Punitive Damages (Code Civ. Proc., § 425.115)

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).
5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: Sanaz Saran Bereliani, Esq., attorney of record for Defendant Mehran Javaherian
   b. ☒ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      12100 Wilshire Blvd, 8th Floor, Los Angeles, CA 90025
   c. ☐ *(Complete if service was by fax.)*
      Fax number where person was served:

   ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).
6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

**POS-040**

| CASE NAME: Hovhannes v. Mehran Javaherian, et al. | CASE NUMBER: 26VECV02080 |
|---|---|

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☒ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 22, 2026

Zarik Minasyan
(TYPE OR PRINT NAME OF DECLARANT)

▶ [signature]
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: ____________________

(NAME OF DECLARANT)

▶
(SIGNATURE OF DECLARANT)

September 21, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 877028316871

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | A.Aj | **Delivery Location:** | 12100 WILSHIRE BLVDSTE 800 |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday;<br>Adult Signature Required | | LOS ANGELES, CA, 90025 |
| | | **Delivery date:** | Sep 11, 2026 09:44 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 877028316871 | **Ship Date:** | Sep 10, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Sanaz Sarah Bereliani, Esq., Attorney for Mehran Javaherian
12100 Wilshire Blvd
8th Floor
LOS ANGELES, CA, US, 90025

**Shipper:**
Zarik Minasyan,
200 W Milford St
Apt 534
GLENDALE, CA, US, 91203



Thank you for choosing FedEx

Sanaz Sarah Bereliani, Esq. (SBN 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Boulevard, 8th Floor
Los Angeles, California 90025
Telephone: (310) 882-6258
Facsimile: (888) 876-0896
Email: sanaz@berelianilaw.com

Attorneys for Defendants
Mehran Javaherian & Benjamin Javaherian

**Electronically FILED by Superior Court of California, County of Los Angeles 9/28/2026 12:00 AM David W. Slayton, Executive Officer/Clerk of Court, By J. Inloes, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – VAN NUYS COURTHOUSE EAST**

| | |
|---|---|
| In re:<br><br>HOVHANNES NAZARYAN,<br><br>Plaintiff,<br><br>vs.<br><br>MEHRAN JAVAHERIAN and BENJAMIN JAVAHERIAN, and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.: 26VECV02080<br>[Assigned to the Hon. Elaine W. Mandel, Department B]<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND PRAYER A OF FIRST AMENDED COMPLAINT; DECLARATION OF SANAZ SARAH BERELIANI**<br><br>Hearing Date: October 8, 2026<br>Time: 8:30 a.m.<br>Dept.: B<br>Reservation ID: 703375471171<br><br>Action Filed: April 8, 2026<br>FAC Filed: July 15, 2026<br>Trial Date: None Set |

TO THE COURT, PLAINTIFF, AND ALL INTERESTED PARTIES:

Pursuant to Evidence Code sections 452, subdivision (d), and 453, Defendants Mehran Javaherian and Benjamin Javaherian request that the Court take judicial notice of the following records of the United States Bankruptcy Court for the Central District of California, San

Fernando Valley Division, in support of their Opposition to Plaintiff's Motion for Leave to Amend Prayer A:

**Exhibit 1:** Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay, filed July 18, 2025, *In re Hovhannes Nazaryan*, Case No. 1:25-bk-10617-MB, Docket No. 94.

**Exhibit 2:** Order Approving Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay, entered July 18, 2025, Case No. 1:25-bk-10617-MB, Docket No. 96.

**Exhibit 3:** Certificate of Notice for Docket No. 96, including the CM/ECF Notice of Electronic Filing list, Case No. 1:25-bk-10617-MB, Docket No. 97.

**Exhibit 4:** Adversary Complaint, filed June 1, 2026, *Javaherian v. Nazaryan*, Adv. No. 1:26-ap-01031-MB, Docket No. 1, and the docket of that adversary proceeding as of September 24, 2026.

**Exhibit 5:** Complaint Objecting to Discharge, filed September 12, 2025, *United States Trustee v. Nazaryan*, Adv. No. 1:25-ap-01058-MB, Docket No. 1, and the docket of that adversary proceeding as of September 24, 2026.

///

///

///

Each exhibit is a record of a court of the United States and is properly the subject of judicial notice under Evidence Code section 452, subdivision (d). Defendants request notice of the existence, contents, and legal effect of the court orders, and of the existence and filing of the pleadings, schedules, and dockets, including the fact that the statements in the schedules were made under penalty of perjury. Defendants do not ask the Court to accept the truth of allegations in the pleadings. (See *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1564–1565.) Exhibits 1 and 2 are also attached by Plaintiff as Exhibit C to his First Amended Complaint.

DATED: September 24, 2026

BERELIANI LAW FIRM, PC

By: /s/ Sanaz Sarah Bereliani
Sanaz Sarah Bereliani, Esq.
Attorneys for Defendants
MEHRAN JAVAHERIAN and
BENJAMIN JAVAHERIAN

**DECLARATION OF SANAZ SARAH BERELIANI**

I, Sanaz Sarah Bereliani, declare:

1. I am an attorney licensed to practice in the State of California and counsel of record for Defendants Mehran Javaherian and Benjamin Javaherian in this action. I have personal knowledge of the facts stated here and could competently testify to them.

2. Exhibits 1 through 5 are true and correct copies of documents I downloaded from the United States Bankruptcy Court's CM/ECF / PACER system on or about September 24, 2026, in the cases and at the docket numbers identified above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 24, 2026, at Los Angeles, California.

____/s/ Sanaz Sarah Bereliani_____
Sanaz Sarah Bereliani

Sanaz Sarah Bereliani, Esq. (SBN 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Boulevard, 8th Floor
Los Angeles, California 90025
Telephone: (310) 882-6258
Facsimile: (888) 876-0896
Email: sanaz@berelianilaw.com

Attorneys for Defendants
Mehran Javaherian & Benjamin Javaherian

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/28/2026 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Inloes, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – VAN NUYS COURTHOUSE EAST**

In re:

HOVHANNES NAZARYAN,

Plaintiff,

vs.

MEHRAN JAVAHERIAN and BENJAMIN JAVAHERIAN, and DOES 1 through 5, inclusive,

Defendants.

Case No.: 26VECV02080
[Assigned to the Hon. Elaine W. Mandel, Department B]

**DEFENDANTS MEHRAN JAVAHERIAN AND BENJAMIN JAVAHERIAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND PRAYER A OF FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

[Filed concurrently with Request for Judicial Notice]

Hearing Date: October 8, 2026
Time: 8:30 a.m.
Dept.: B
Reservation ID: 703375471171

Action Filed: April 8, 2026
FAC Filed: July 15, 2026
Trial Date: None Set

TO THE COURT, PLAINTIFF HOVHANNES NAZARYAN, AND ALL INTERESTED PARTIES:

///

Defendants Mehran Javaherian ("Mehran") and Benjamin Javaherian ("Benjamin") (together, "Defendants") oppose Plaintiff Hovhannes Nazaryan's ("Plaintiff") Motion for Leave to Amend Prayer A of the First Amended Complaint (the "Motion"). The Motion should be denied because (1) the amendment is futile, since Plaintiff's own exhibits show that the personal property at issue was transferred to Mehran by order of the United States Bankruptcy Court; (2) the Motion does not comply with California Rules of Court, rule 3.1324, and misstates the scope of the proposed changes; and (3) the Motion's only stated purpose is to raise the ceiling on a future default judgment while the Bankruptcy Court is considering whether this action may proceed at all. In the alternative, Defendants request that the hearing be continued until after the Bankruptcy Court's October 13, 2026 hearing, and that any order granting leave provide Defendants thirty days after service of the amended pleading to respond.

This Opposition is based on the Memorandum of Points and Authorities below, the concurrently filed Request for Judicial Notice ("RJN"), the pleadings and records on file in this action, and such further argument as the Court may permit.

DATED: September 24 , 2026

BERELIANI LAW FIRM, PC

By: /s/ Sanaz Sarah Bereliani
Sanaz Sarah Bereliani, Esq.
Attorneys for Defendants
MEHRAN JAVAHERIAN and
BENJAMIN JAVAHERIAN

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff asks for leave to raise the floor of his conversion prayer from $250,000 to $400,000. He is candid about why: he wants $400,000 to be "the conversion ceiling if default or judgment is later entered." (Nazaryan Decl. ¶ 8; Mot. at p. 3.) The number comes from a real estate agent's description of what a prospective buyer is offering Mehran for Mehran's furniture.

A larger number cannot cure the absence of a claim. The furnishings at 24366 La Masina Court, Calabasas (the "Property") became property of Plaintiff's chapter 7 bankruptcy estate when he filed his petition. The chapter 7 trustee then transferred "the Estate's right, title and interest in the Real Property . . . and the Personal Property" to Mehran for $120,000, under a stipulation the Bankruptcy Court approved "in its entirety." (FAC Ex. C; RJN Exs. 1–2.) Plaintiff's allowed $1,000 exemption in those goods was paid. (FAC Ex. B.) Plaintiff attaches all of this to his own pleading and concedes in paragraph 31 of the FAC that the trustee "transferred to Mehran all of the Estate's right, title, and interest in the Real Property and Personal Property." Plaintiff therefore has no ownership or possessory interest on which a conversion or trespass-to-chattels claim can rest, at $250,000 or at $400,000.

## II.

## STATEMENT OF FACTS

### A. <u>The Bankruptcy Case and the Sale Order</u>

On April 14, 2025, Plaintiff filed a voluntary chapter 7 petition, *In re Hovhannes Nazaryan*, Case No. 1:25-bk-10617-MB (Bankr. C.D. Cal.) (the "Bankruptcy Case"). (FAC ¶ 30.) Under penalty of perjury, he scheduled the personal property at the Property as "used

housing goods" valued at $1,000 and claimed a $1,000 exemption in it. (FAC ¶ 30; RJN Ex. 1, Recital C.)

The chapter 7 trustee, Nancy J. Zamora (the "Trustee"), moved to sell the Property, and Mehran, the holder of the second deed of trust, moved for relief from stay. Those motions were resolved by the Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (the "Stipulation"). (RJN Ex. 1.) Under the Stipulation, Mehran paid $120,000 "in exchange for Trustee's release and transfer to Creditor of the Estate's right, title and interest in the Real Property . . . and the Personal Property." (*Id.*, ¶ 2.) The Stipulation also provided that Plaintiff's Personal Property Exemption "shall be deemed allowed." (*Id.*, ¶ 9.) The Stipulation mooted Plaintiff's own pending motion to compel abandonment of the Property, which his counsel had been litigating. (*Id.*, Recital E and ¶ 6.)

On July 18, 2025, the Bankruptcy Court entered its order approving the Stipulation "in its entirety" (the "Sale Order"). (RJN Ex. 2.) Plaintiff's bankruptcy counsel received electronic notice of the Sale Order that day. (RJN Ex. 3.) Plaintiff did not appeal. The $1,000 exemption was paid to Plaintiff. (FAC Ex. B [September 3, 2025 email of Raymond H. Aver].)

**B. <u>This Action</u>**

Plaintiff filed this action on April 8, 2026 and recorded a notice of pendency of action against the Property two days later. On July 15, 2026, he filed the First Amended Complaint ("FAC"), which asserts conversion, trespass to chattels, unjust enrichment, declaratory relief, intentional interference with prospective economic advantage, civil conspiracy, and accounting. The FAC attaches the Stipulation and Sale Order as Exhibit C, and alleges that "the Trustee transferred to Mehran all of the Estate's right, title, and interest in the Real Property and Personal

Property." (FAC ¶ 31.) Elsewhere, the FAC alleges the opposite, that the Stipulation "resolved only the Chapter 7 Trustee's interest in the real property." (FAC ¶¶ 2, 32.)

**C. <u>The Pending Adversary Proceeding</u>**

On June 1, 2026, Mehran filed an adversary proceeding in the Bankruptcy Court, *Javaherian v. Nazaryan*, Adv. No. 1:26-ap-01031-MB, seeking a declaration that this action is an impermissible collateral attack on the Sale Order and an injunction against its prosecution. (RJN Ex. 4.) Mehran notified this Court of that proceeding on June 23, 2026. The Bankruptcy Court has set Mehran's motion for preliminary injunction and a status conference for October 13, 2026. (*Id.*)

**D. <u>The Motion</u>**

On September 10, 2026, Plaintiff filed this Motion and, the same day, a Statement of Punitive Damages under Code of Civil Procedure section 425.115, the notice that section requires before punitive damages may be awarded on a default. The Motion's Exhibit 2 consists of emails from a real estate agent to "annapali123@icloud.com," an account Plaintiff says "was used to inquire about the property" without identifying who used it, and which forwarded the agent's replies to Plaintiff's assistant. (Nazaryan Decl. ¶¶ 4–7 & Ex. 2.) The emails describe a prospective buyer's offer to pay $4.5 million for the Property and $400,000 for the furniture in it.

**III.**

**ARGUMENT**

**A. <u>Leave Should Be Denied Because the Amendment Is Futile</u>**

Leave to amend is liberally granted, but the Court may deny leave where the proposed amendment would not state a valid claim. (*Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217,

230; *California Casualty Gen. Ins. Co. v. Superior Court* (1985) 173 Cal.App.3d 274, 281, disapproved on another ground in *Kransco v. American Empire Surplus Lines Ins. Co.* (2000) 23 Cal.4th 390, 407.) An amendment that only increases the amount demanded on a claim that fails as a matter of law serves no legitimate purpose.

**1. Plaintiff Has No Ownership or Possessory Interest in the Goods**

Conversion requires the plaintiff's ownership or right to possession of the property at the time of the conversion. (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1240.) Trespass to chattels likewise requires an interference with the plaintiff's possessory interest. (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1350–1351.) Plaintiff has neither.

When Plaintiff filed his chapter 7 petition, all of his legal and equitable interests in the goods became property of the bankruptcy estate. (11 U.S.C. § 541(a)(1).) A debtor who claims an exemption in a stated dollar amount is entitled to that value, not to the asset itself, which remains in the estate for the trustee to administer. (*Schwab v. Reilly* (2010) 560 U.S. 770.) Here the Trustee sold the estate's interest in the goods to Mehran, Plaintiff's $1,000 exemption was allowed, and it was paid. (RJN Exs. 1–2; FAC Ex. B.)

Plaintiff's allegations that the Stipulation reached only the real property (FAC ¶¶ 2, 32) cannot be credited. They are contradicted by the Stipulation itself, which Plaintiff attaches, and by his own paragraph 31. Where a pleading's allegations conflict with the exhibits attached to it, the exhibits control. (*Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627; *Holland v. Morse Diesel Internat., Inc.* (2001) 86 Cal.App.4th 1443, 1447.)

**2. The Claim Is an Impermissible Collateral Attack on the Sale Order**

The value Plaintiff seeks to recover is the value of property the Bankruptcy Court authorized the Trustee to transfer. An order approving a bankruptcy sale is a final judgment, and later claims that would undo the sale or recover its subject matter from the purchaser are barred. (*In re International Nutronics, Inc.* (9th Cir. 1994) 28 F.3d 965.) The Bankruptcy Court retains jurisdiction to interpret and enforce its own orders (*Travelers Indemnity Co. v. Bailey* (2009) 557 U.S. 137, 151), and it is presently considering that question in the pending adversary proceeding. Nor can Plaintiff avoid the Sale Order by suggesting he lacked notice: an order is not void where the party had actual notice of it (*United Student Aid Funds, Inc. v. Espinosa* (2010) 559 U.S. 260, 270–272), and Plaintiff's counsel received electronic notice of the Sale Order the day it was entered, while actively litigating the abandonment motion the Stipulation resolved. (RJN Exs. 1, 3.)

**3. The $400,000 Figure Is Not Evidence of Any Loss to Plaintiff**

Exhibit 2 describes the price a prospective buyer is offering Mehran for furniture Mehran owns. What a third party would pay the owner for his own property says nothing about damages to someone who has no interest in it. The emails are also unauthenticated hearsay (Evid. Code, §§ 1200, 1401), obtained through an inquiry account whose user Plaintiff does not identify. And the same Plaintiff swore in his bankruptcy schedules that these goods were worth $1,000. (RJN Ex. 1, Recital C.) The United States Trustee has since filed an adversary proceeding to deny Plaintiff's discharge, alleging among other things that Plaintiff did not provide the Trustee the list of household goods and furnishings she requested. (RJN Ex. 5.) Plaintiff cannot use a buyer's offer to Mehran to multiply the value of goods he told the Bankruptcy Court were worth $1,000.

**B. <u>The Motion Does Not Comply With Rule 3.1324 and Misstates What It Changes</u>**

A motion for leave to amend must state what allegations are proposed to be deleted and added, by page, paragraph, and line number, and must be accompanied by a declaration specifying the effect of the amendment, why it is necessary and proper, when the facts giving rise to it were discovered, and why the request was not made earlier. (Cal. Rules of Court, rule 3.1324(a)–(b).)

The Motion represents that "Prayers B through G are unchanged." (Mot. at p. 2.) That is not accurate. Comparing the FAC's prayer (FAC at pp. 10–11) with the proposed prayer (Mot., Ex. 1):

- Prayer C is rewritten, from "a full accounting of all rents, profits, proceeds, and value derived from the Property and Plaintiff's personal property, and for judgment . . . for all sums found due" to "an accounting of any proceeds derived from the Property or from Plaintiff's personal property."
- Prayer E deletes the words "as an alternative remedy," converting a request for cancellation of written instruments from an alternative remedy into a standalone one.
- Prayer F deletes "of all unjust enrichment obtained by Defendants."
- Prayer G adds a new request for "injunctive relief."

None of these changes is identified or explained as rule 3.1324 requires. The change to Prayer E is not trivial. The FAC pleads no cause of action affecting title to or possession of real property, yet Plaintiff continues to maintain a recorded notice of pendency of action against the Property. A motion presented as a "limited amendment to Prayer A" should not be used to expand the relief sought against the real property without disclosure.

**C. <u>The Motion Seeks Default Leverage and Is Premature While the Bankruptcy Court Decides Whether This Action May Proceed</u>**

Plaintiff states that the purpose of the amendment is to satisfy Code of Civil Procedure section 580 "if default or judgment is later entered." (Mot. at p. 3; Nazaryan Decl. ¶ 8.) No default has been entered, and Defendants have filed a demurrer and motion to strike directed to the FAC. There is no occasion to adjust a default ceiling.

More fundamentally, the Bankruptcy Court will hear Mehran's motion to enjoin prosecution of this action on October 13, 2026, five days after this hearing. The trial court has inherent power to stay or continue proceedings in the interests of justice and to avoid inconsistent rulings. (*Freiberg v. City of Mission Viejo* (1995) 33 Cal.App.4th 1484, 1489.) Ruling on the scope of Plaintiff's damages prayer before the Bankruptcy Court determines whether the claims may proceed at all risks exactly the inconsistency that power exists to prevent.

**D. <u>Alternatively, Any Order Granting Leave Should Preserve Defendants' Time to Respond</u>**

If the Court grants leave, Plaintiff must file and serve the amended pleading, and Defendants are entitled to thirty days after service to respond to it. (Code Civ. Proc., § 471.5, subd. (a).) Defendants request that any order granting leave so state, and that it confirm the amendment is limited to Prayer A as Plaintiff represents, with Prayers B through G remaining as pleaded in the FAC.

///

///

///

## IV.

## CONCLUSION

Defendants respectfully request that the Court deny the Motion. In the alternative, Defendants request that the Court continue the hearing until after the Bankruptcy Court's October 13, 2026 hearing and the hearing on Defendants' demurrer, or, if leave is granted, limit the amendment to Prayer A and order that Defendants have thirty days after service of the amended pleading to respond.

Respectfully Submitted,

DATED: September 24, 2026

**BERELIANI LAW FIRM, PC**

By: __/s/ Sanaz Sarah Bereliani______
Sanaz Sarah Bereliani, Esq.
Attorneys for Defendants
MEHRAN JAVAHERIAN and
BENJAMIN JAVAHERIAN

Sanaz Sarah Bereliani, Esq. (SBN 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Boulevard, 8th Floor
Los Angeles, California 90025
Telephone: (310) 882-6258
Facsimile: (888) 876-0896
Email: sanaz@berelianilaw.com

Attorneys for Defendants
Mehran Javaherian & Benjamin Javaherian

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/28/2026 1:16 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Inloes, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – VAN NUYS COURTHOUSE EAST**

| | |
|---|---|
| In re:<br><br>HOVHANNES NAZARYAN,<br><br>Plaintiff,<br><br>vs.<br><br>MEHRAN JAVAHERIAN and BENJAMIN JAVAHERIAN, and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.: 26VECV02080<br>[Assigned to the Hon. Elaine W. Mandel, Department B]<br><br>**EXHIBIT LIST TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND PRAYER A OF FIRST AMENDED COMPLAINT**<br><br>Hearing Date: October 8, 2026<br>Time: 8:30 a.m.<br>Dept.: B<br>Reservation ID: 703375471171<br><br>Action Filed: April 8, 2026<br>FAC Filed: July 15, 2026<br>Trial Date: None Set |

# EXHIBIT “1”

NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, California 90071
(213) 488-9411 FAX: (213) 488-9418
e-mail: zamora3@aol.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>HOVHANNES NAZARYAN,<br><br>Debtor. | Case No. 1:25-bk-10617-MB<br><br>Chapter 7<br><br>STIPULATION BY AND BETWEEN TRUSTEE AND CREDITOR MEHRAN JAVAHERIAN TO RESOLVE SALE MOTION AND MOTION FOR RELIEF FROM STAY<br><br>DATE: July 16, 2025<br>TIME: 11:00 a.m.<br>CTRM: 303 |

This stipulation (the "Stipulation") is entered into by and between Nancy Hoffmeier Zamora, Chapter 7 Trustee ("Trustee") of the bankruptcy estate (the "Estate") in the above-captioned case (the "Case") of debtor Hovhannes Nazaryan ("Debtor"), and creditor Mehran Javaherian ("Creditor").

**RECITALS**

A. On April 14, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code commencing the Case.

B. Trustee is the duly appointed, permanent, and acting Chapter 7 Trustee for the Estate.

C. The assets of the Estate include that certain residential real property improved with a single-family residence commonly

known as 24366 La Masina Court, Calabasas, California, 91302, identified as Los Angeles County Assessor's Parcel Number 2069-033-066 (the "Real Property") and certain personal property at the Real Property described in Debtor's schedules (the "Schedules") [dkt. no. 1] as "used housing goods" (the "Personal Property"). Debtor valued the Real Property at $2,800,000.00 and claimed an exemption of $36,750.00 (the "Real Property Exemption"). Debtor valued the Personal Property at $1,000.00 and claimed an exemption in the Personal Property of $1,000.00 (the "Personal Property Exemption"). Debtor has no equity in the Real Property and, consequently, there are no funds to which the Real Property Exemption applies.

D. Creditor is owed debt secured by the second deed of trust (the "Second TD") in the original principal amount of $1,200,000.00 recorded on July 13, 2023 as instrument no. 20230460230 of Official Records of the Recorder's Office, County of Los Angeles, for the benefit of Creditor. Creditor contends that he is owed $1,678,645.60 as of May 15, 2025.

E. On April 22, 2025, Debtor filed a motion to compel abandonment of the Real Property (the "Debtor's Abandonment Motion") [dkt. no. 14]. On May 9, 2025, Trustee filed an opposition to the Debtor's Abandonment Motion (the "Opposition to Debtor's Abandonment Motion") [dkt. no. 21]. On May 11, 2025, Creditor filed a statement of position [dkt. no. 25] related to the Debtor's Abandonment Motion indicating that Creditor did not consent to any surcharge. On May 13, 2025, the Court held an initial hearing on the Debtor's Abandonment Motion and continued the hearing to July 15, 2025 and then to July 16, 2025.

F. Trustee negotiated a carve-out/assignment related to that

certain abstract of judgment (the "LAPFCU Lien") secured by the Real Property in the amount of $78,382.31 (subject to additional interest and costs) for the benefit of the Estate that is memorialized in that certain stipulation (the "LAPFCU Stipulation") [dkt. no. 46] between Trustee and senior judgment creditor Los Angeles Police Federal Credit Union ("LAPFCU") filed on June 2, 2025. On June 13, 2025, the Court entered that certain order approving the LAPFCU Stipulation (the "LAPFCU Order") [dkt. no. 57].

G. On June 9, 2025, creditor United States of America ("USA") filed that certain Stipulation Between United States of America and Mehran Javaherian for Payment of Release of Liens (the "USA Stipulation") [dkt. no. 54]. The USA Stipulation provides that Javaherian shall tender a payment of $25,000.00 to USA (the "USA Payment") within three business days of entry of an order approving the USA Stipulation. The Court has not yet entered an order approving the USA Stipulation.

H. On May 27, 2025, Creditor filed that certain Notice of Motion and Motion for Relief from the Automatic Stay under 11 U.S.C. §362 (Real Property) (the "RFS Motion") [dkt. no. 37]. Trustee filed an opposition to the RFS Motion (the "Trustee Opposition") [dkt. no. 52] and creditor filed a reply to the Trustee Opposition (the "Creditor Reply") [dkt. no. 56]. On June 17, 2025, the Court held an initial hearing on the RFS Motion and continued the hearing to July 16, 2025. On July 2, 2025, Trustee filed a supplemental opposition (the "Supplemental Opposition") [dkt. no. 80] and on July 9, 2025, Creditor filed a supplemental reply (the "Supplemental Reply") [dkt. no. 90].

I. On June 25, 2025, the Court entered the default judgment against joint tenant Artur Nazaryan [the "Default Judgment"] [adv. dkt. no. 13] in adversary proceeding no. 1:25-ap-01025-MB (the "Adversary Proceeding"). The Default Judgment authorizes Trustee to sell the Real Property in its entirety in accordance with the provisions of 11 U.S.C. §§363(b) and (h). There is no equity in the Real Property for defendant Artur Nazaryan ("Artur").

J. On June 25, 2025, Trustee filed that certain Motion for Order Authorizing Trustee to Sell Real Property Free and Clear of Liens and Interests (Except L.A. County HERO Lien), Subject to Overbid, and Approving Surcharge for Administrative Fees and Expenses Per 11 U.S.C. §506(c) (the "Sale Motion") [dkt. no. 63] noticed for hearing on July 16, 2025. On July 2, 2025, Creditor filed an opposition to the Sale Motion (the "Creditor Opposition") [dkt. no. 79] and on July 9, 2025, Trustee filed a reply to the Creditor Opposition (the "Trustee Reply") [dkt. no. 91]. On July 16, 2025, the Court held a hearing on the Sale Motion (the "Sale Hearing"). The Court did not approve the Sale Motion and, at the Court's direction during the Sale Hearing, Trustee and Creditor met and conferred to resolve their differences regarding the Sale Motion and the RFS Motion.

K. Trustee and Creditor agreed on terms for a settlement of their dispute and stated on the record the outline of such a settlement subject to memorialization in this Stipulation to be filed with and approved by the Court through the entry of an order approving the Stipulation.

. . . . .

. . . . .

**STIPULATION**

WHEREFORE, Trustee and Creditor agree and stipulate as follows:

1. All of the Recitals set forth above are included in this Stipulation by this reference.

2. Creditor shall tender to Trustee, by wire transfer to the Estate bank account, the settlement payment of $120,000.00 (the "Settlement Payment"). Trustee has provided Creditor's counsel with wire instructions. The Settlement Payment by Creditor shall be in exchange for Trustee's release and transfer to Creditor of the Estate's right, title and interest in the Real Property (including the right to transfer Artur's interest pursuant to the Default Judgment and 11 U.S.C. §363(h)) and the Personal Property (the "Transfer") and for satisfaction of the Estate's expenses and fees incurred for preservation and disposition of the Real Property and the Personal Property as provided by 11 U.S.C. §506(c) (the "Section 506(c) Fees and Expenses"). Within 24 business hours of the Court's entry of an order approving this Stipulation (the "Order"), Creditor shall tender the initial installment of $30,000.00 (the "Initial Installment") of the Settlement Payment. Within 48 business hours of the Order becoming final and non-appealable, Creditor shall tender the final installment of $90,000.00 (the "Final Installment") of the Settlement Payment. The Transfer is free and clear of all liens and encumbrances except Los Angeles County real property taxes, homeowner association fees, the LAPFCU Lien, the first trust deed of AmWest Funding Corp., and the restitution lien of the USA.

3. If Creditor defaults on timely tender of the Initial

Installment, Trustee shall be entitled to sell the Real Property on the terms set forth in the Sale Motion. If Creditor defaults on timely tender of the Final Installment, Trustee shall be entitled to retain the Initial Installment as liquidated damages and Trustee shall be entitled to sell the Real Property on the terms set forth in the Sale Motion.

4. Trustee shall set aside a minimum of $40,000.00 of the Settlement Payment for distribution to creditors with timely-filed allowed priority and general unsecured claims in the Case.

5. Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, Creditor shall have relief from the automatic stay to exercise his state law rights, including those provided by the Second TD.

6. Debtor's Abandonment Motion is moot.

7. Upon entry of the Order, the USA Stipulation is approved in its entirety by the Court and Creditor shall tender the USA Payment of $25,000.00 pursuant to the terms of the USA Stipulation and USA shall record a release of the USA restitution lien as to the Real Property only and shall do so within 10 days of receipt of the USA Payment.

8. Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, the LAPFCU Stipulation shall be of no further force and effect as the condition subsequent, i.e., entry of the Court's order approving sale of the property was not satisfied, and the LAPFCU Lien shall be unaffected.

9. The Personal Property Exemption shall be deemed allowed and Debtor shall not amend the amount of the Personal Property

Exemption. Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, Trustee is authorized to issue an Estate check in the amount of $1,000.00 made payable to Debtor and sent to the office address of Debtor's counsel of record in the Case. Debtor shall have no other exemption in the Settlement Payment based on applicable statutes and case law discussed in the Opposition to Debtor's Abandonment Motion, the Sale Motion, the Trustee Reply, the Trustee Opposition, and the Supplemental Opposition.

10. Trustee shall cancel the pending sale escrow for the Real Property and is authorized to instruct Mission Escrow to release the proposed buyer's earnest money deposit to the proposed buyer.

11. Upon entry of the Order and Trustee's receipt of the Initial Installment, Trustee shall issue an Estate check to The ONE Luxury Properties ("Estate Broker") for a commission of 2% of the Settlement Payment consistent with the broker employment order entered May 14, 2025 [dkt. no. 28].

12. Upon entry of the Order, Trustee shall be authorized to turn over the keys for the Real Property (the "Keys") and Estate Broker's video of the Personal Property (the "Video") to Creditor by 5:00 p.m. on the first business day after entry of the Order, and cancel insurance, utilities, pool service, and gardening service for the Real Property. Upon entry of the Order and turnover of the Keys and the Video to Creditor, Creditor shall assume all responsibility for insurance, security, utilities, pool service, gardening service, other maintenance, and preservation of the Real Property and the Personal Property.

13. Upon entry of the Order and Trustee's receipt of the

Initial Installment, Trustee shall be authorized to issue Estate checks for the following Section 506(c) Fees and Expenses:

a. Locksmith charge of $629.00 to be paid to City One Locksmith;

b. Pool service charges of $750.00 to be paid to Valley Preferred Services (Jose Ruiz);

c. Clean-up and gardening charges of $6,355.00 to be paid to Gerardo Gonzalez;

d. Insurance premiums to be paid to Trustee Insurance Agency, Inc. in the amount of approximately $12,281.58 but in a final amount to be determined upon cancellation of the insurance policy;

e. Electricity bill(s) to be paid to Southern California Edison in amounts to be determined upon cancellation of the utility service, with final bill(s) and confirmation of payment, to be provided to Creditor contemporaneously with payment;

f. Water bill(s) to be paid to Las Virgenes Water District in amounts to be determined upon cancellation of the utility service, with final bill(s) and confirmation of payment, to be provided to Creditor contemporaneously with payment; and

g. Reimbursement to Zamora & Hoffmeier, A Professional Corporation for expenses advanced in the amount of $7,428.39.

14. Creditor may file a proof of claim in the Case for a secured claim in the amount of $1,678,645.60 plus any additional interest and attorney's fees for the months of June and July 2025

but Creditor shall not amend such claim to be partially unsecured and such claim shall not share in any distribution from funds in the Estate (the "Secured Claim"). Creditor may file a proof of claim for an unsecured claim in the amount of $120,000.00, but Creditor shall not amend such claim unless it is to reduce the amount or withdraw such claim (the "Unsecured Claim"). Trustee will not object to the Secured Claim or the Unsecured Claim. The Unsecured Claim will share pro rata with other timely-filed, allowed general unsecured claims in the Case for the distribution of funds in the Estate available for such claims.

15. This Stipulation was negotiated at "arm's-length" and is a good faith settlement of the disputes between Trustee and Creditor.

16. Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, and except for the obligations and rights expressly set forth in this Stipulation, in consideration for the promises, agreements and covenants made in this Stipulation and upon satisfaction of all of the terms, conditions, and provisions set forth herein, Trustee, on behalf of herself and the Estate, their successors and assigns and all other persons claiming through or under Trustee and/or the Estate, or who could have claimed through or under Trustee or the Estate, past, present, and future (each a "Trustee Releasor"), unconditionally and forever fully and finally releases, acquits, and discharges Creditor and each of Creditor's agents, servants, representatives, employees, proprietors, general partners, limited partners, members, managers, joint venturers, officers, directors, shareholders, subsidiaries, corporate parents, affiliates,

Case 1:25-bk-10617-MB Doc 94 Filed 07/01/25 Entered 07/01/25 10:24:21 Desc
Main Document Page 10 of 24

attorneys, predecessors, successors and assigns and all other persons claiming through or under Creditor, or who could have claimed through or under Creditor, past, present, and future (each a "Creditor Releasee”), from any and all actions, complaints, causes of action, claims (whether they be unsecured, secured, priority, and/or administrative, including cross-claims, counter-claims, rights of set-off and recoupment), promises, obligations, losses, demands, damages, expenses, fees, liens, attorney’s fees or costs and any and all liabilities that any Trustee Releasor has, had or may have in the future against any Creditor Releasee, of whatsoever nature and kind, whether known or unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, now existing or hereafter arising at law or in equity, in connection with, based upon, by reason of, relating to or arising from the Real Property, the Personal Property, and/or the Case, whether based in contract, in tort, or pursuant to any other theory of liability.

17. Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, and except for the obligations and rights expressly set forth in this Stipulation, in consideration for the promises, agreements and covenants made in this Stipulation and upon satisfaction of all of the terms, conditions, and provisions set forth herein in this Stipulation, Creditor, on behalf of himself, and each of Creditor's agents, servants, representatives, employees, proprietors, general partners, limited partners, members, managers, joint venturers, officers, directors, shareholders, subsidiaries, corporate parents,

affiliates, attorneys, predecessors, successors and assigns and all other persons claiming through or under Creditor, or who could have claimed through or under Creditor, past, present, and future (each a "Creditor Releasor"), unconditionally and forever fully and finally releases, acquits, and discharges Trustee and the Estate and each of their respective agents, servants, representatives, affiliates, attorneys, predecessors, successors and assigns and all other persons claiming through or under Trustee and/or the Estate, or who could have claimed through or under Trustee and/or the Estate, past, present, and future (each a "Trustee Releasee"), from any and all actions, complaints, causes of action, claims (whether they be unsecured, secured, priority, and/or administrative, including cross-claims, counter-claims, rights of set-off and recoupment), promises, obligations, losses, demands, damages, expenses, fees, liens, attorney's fees or costs and any and all liabilities that any Creditor Releasor has, had or may have in the future against any Trustee Releasee, of whatsoever nature and kind, whether known or unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, now existing or hereafter arising at law or in equity, in connection with, based upon, by reason of, relating to or arising from the Real Property, the Personal Property, and the Case, whether founded in contract, in tort, or pursuant to any other theory of liability.

18. Waiver of Section 1542: Trustee and Creditor recognize, acknowledge, and waive the provisions of, and relinquish any rights and benefits afforded under, Section 1542 of the California Civil

Code, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

In waiving the provisions of Section 1542 of the California Civil Code, Trustee and Creditor each acknowledge that he/she may discover facts in addition to or different than those which he/she now believes to be true with respect to the matters released in this Stipulation, but agree that he/she has taken that possibility into account in reaching this Stipulation, and the releases given in this Stipulation shall remain in effect as a full and complete release notwithstanding the discovery or existence of such additional or different facts, as to which each party expressly assumes the risk. Trustee and Creditor also expressly waive and relinquish any rights and benefits afforded under any other statutes or common law principles of similar effect of any other jurisdiction.

19. The Court shall have sole and exclusive jurisdiction over any dispute between the parties, over the terms of this Stipulation, and over any transaction or event referenced or contemplated by this Stipulation.

Dated: July 18, 2025

TRUSTEE

Nancy Hoffmeier Zamora [signature]

Nancy Hoffmeier Zamora
Chapter 7 Trustee

Dated: July 18, 2025

CREDITOR

Mehran Javaherian

APPROVED AS TO FORM AND CONTENT:

Dated: July 18, 2025

LAW OFFICES OF RAYMOND H. AVER,
A Professional Corporation

By: ______________________
Raymond H. Aver
Counsel for Creditor Mehran Javaherian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

U.S. Bank Tower, 633 West 5th Street, Suite 2600, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):

**STIPULATION BY AND BETWEEN TRUSTEE AND CREDITOR MEHRAN JAVAHERIAN TO RESOLVE SALE MOTION AND MOTION FOR RELIEF FROM STAY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 18, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee: United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov; Eryk R. Escobar, eryk.r.escobar@usdoj.gov
Trustee: Nancy Zamora, zamora3@aol.com, nzamora@ecf.axosfs.com
Counsel for Debtor: Anita Khachikyan, ak@khachlaw.com
Counsel for Creditors: Raymond H. Aver ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com, katya@averlaw.com, jesus@averlaw.com; Sanaz Sarah Bereliani, berelianilaw@gmail.com, chris@berelianilaw.com, r48595@notify.bestcase.com; Shannon A. Doyle, sdoyle@ghidottiberger.com, bknotifications@ghidottiberger.com; Bruce P. Needleman, attybpn@aol.com; Elan S. Levey, elan.levey@usdoj.gov, julie.morales@usdoj.gov, caseview.ecf@usdoj.gov, usacac.tax@usdoj.gov
Counsel for Defendant Vanecian: Michael G. D'Alba, mgd@lnbyg.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On July 18, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's copy waived per Judge's procedures

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 18, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 9, 2025 | Cynthia Casas | /s/ Cynthia Casas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# EXHIBIT “2”

NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, California 90071
(213) 488-9411 FAX: (213) 488-9418
e-mail: zamora3@aol.com

Chapter 7 Trustee

FILED & ENTERED
JUL 18 2025
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Betulio DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>HOVHANNES NAZARYAN,<br><br>Debtor. | Case No. 1:25-bk-10617-MB<br><br>Chapter 7<br><br>ORDER APPROVING STIPULATION BY AND BETWEEN TRUSTEE AND CREDITOR MEHRAN JAVAHERIAN TO RESOLVE SALE MOTION AND MOTION FOR RELIEF FROM STAY<br><br>[docket entry no. 94]<br><br>DATE: July 16, 2025<br>TIME: 11:00 a.m.<br>CTRM: 303 |

The Court, having read and considered the Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (the "Stipulation") [dkt. 94], and good cause appearing therefor,

**IT IS ORDERED** that the Stipulation is approved in its entirety.

# # # # #

Date: July 18, 2025

Martin R Barash
United States Bankruptcy Judge

# EXHIBIT “3”

United States Bankruptcy Court

Central District of California

In re: Case No. 25-10617-MB

Hovhannes Nazaryan Chapter 7

Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-1 User: admin Page 1 of 2

Date Rcvd: Jul 18, 2025 Form ID: pdf042 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 20, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Hovhannes Nazaryan, 24366 La Masina Court, Calabasas, CA 91302-1402 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 20, 2025 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 18, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Anita Khachikyan | on behalf of Debtor Hovhannes Nazaryan ak@khachlaw.com |
| Bruce P. Needleman | on behalf of Creditor Los Angeles Police Federal Credit Union attybpn@aol.com |
| Elan S Levey | on behalf of Creditor United States Of America elan.levey@usdoj.gov usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov |
| Eryk R Escobar | on behalf of U.S. Trustee United States Trustee (SV) eryk.r.escobar@usdoj.gov |
| Michael G D'Alba | on behalf of Defendant Andrei Vanecian mgd@lnbyg.com |
| Nancy J Zamora (TR) | zamora3@aol.com nzamora@ecf.axosfs.com |

| | |
|---|---|
| Raymond H. Aver | on behalf of Creditor Mehran Javaherian ray@averlaw.com averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com |
| Raymond H. Aver | on behalf of Interested Party Courtesy NEF ray@averlaw.com averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com |
| Sanaz Sarah Bereliani | on behalf of Interested Party Courtesy NEF berelianilaw@gmail.com chris@berelianilaw.com;r48595@notify.bestcase.com |
| Shannon A Doyle | on behalf of Interested Party Courtesy NEF sdoyle@ghidottiberger.com bknotifications@ghidottiberger.com |
| Shannon A Doyle | on behalf of Creditor AmWest Funding Corporation sdoyle@ghidottiberger.com bknotifications@ghidottiberger.com |
| United States Trustee (SV) | ustpregion16.wh.ecf@usdoj.gov |

TOTAL: 12

NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, California 90071
(213) 488-9411 FAX: (213) 488-9418
e-mail: zamora3@aol.com

Chapter 7 Trustee

FILED & ENTERED

JUL 18 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Petulio DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>HOVHANNES NAZARYAN,<br><br>Debtor. | Case No. 1:25-bk-10617-MB<br><br>Chapter 7<br><br>ORDER APPROVING STIPULATION BY AND BETWEEN TRUSTEE AND CREDITOR MEHRAN JAVAHERIAN TO RESOLVE SALE MOTION AND MOTION FOR RELIEF FROM STAY<br><br>[docket entry no. 94]<br><br>DATE: July 16, 2025<br>TIME: 11:00 a.m.<br>CTRM: 303 |

The Court, having read and considered the Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (the "Stipulation") [dkt. 94], and good cause appearing therefor,

**IT IS ORDERED** that the Stipulation is approved in its entirety.

#####

Date: July 18, 2025

Martin R Barash
United States Bankruptcy Judge

# EXHIBIT "4"

Sanaz Sarah Bereliani Esq. (CA Bar No. 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
(310) 882-5482-Voice
(888) 876-0896-Facsimile
sanaz@berelianilaw.com-Email

Attorney for Plaintiff,
MEHRAN JAVAHERIAN

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY**

| | |
|---|---|
| In Re :<br><br>HOVHANNES NAZARYAN;<br><br>Debtor.<br>_______________________________<br><br>MEHRAN JAVAHERIAN,<br><br>Plaintiff,<br><br>v.<br><br>HOVHANNES NAZARYAN;<br><br>Defendant.<br>_______________________________ | **Case No.: 1:25-bk-10617-MB**<br><br>**Chapter 7**<br><br>**Adv. No.: __________________**<br><br>**ADVERSARY COMPLAINT FOR:**<br>**(1) DECLARATORY JUDGMENT**<br>[28 U.S.C. §2201; 11 U.S.C. §§105(a), 363(m); Fed. R. Bankr. P. 7001(9)]; AND<br><br>**(2) INJUNCTIVE RELIEF**<br>[11 U.S.C. §105(a); Fed. R. Bankr. P. 7001(7)]<br><br>**<u>Status Conference:</u>**<br>Date: TBD<br>Time: TBD<br>Place: Courtroom 303<br>21041 Burbank Blvd<br>Woodland Hills, CA 91367<br><br>Judge: Hon. Martin R. Barash |

///

///

Plaintiff Mehran Javaherian ("Plaintiff" or "Javaherian"), a secured creditor of the bankruptcy estate and counterparty to the Sale Stipulation approved by this Court, brings this adversary proceeding against Hovhannes Nazaryan, the above-captioned debtor ("Defendant" or "Debtor"), and alleges as follows:

**CORE PROCEEDING**

1. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) (matters concerning administration of the estate); §157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay); §157(b)(2)(N) (orders approving the sale of property); and §157(b)(2)(O) (other proceedings affecting the liquidation of the assets of the estate). Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Local Bankruptcy Rule 7008-1, Plaintiff consents to the entry of final orders and judgment by the United States Bankruptcy Court.

**JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. The matters at issue "arise under," "arise in," and are "related to" the above-captioned bankruptcy case (the "Bankruptcy Case").

3. This Court has continuing jurisdiction to interpret, enforce, and implement its prior orders, including the Sale Order described below. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders"); *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934).

4. Venue is proper in this District and Division pursuant to 28 U.S.C. §§1408 and 1409, because this adversary proceeding arises in and relates to the Bankruptcy Case, which is pending in this Court.

**PARTIES**

5. Plaintiff Mehran Javaherian is an individual residing in California. Plaintiff is a secured creditor of the bankruptcy estate, holds a deed of trust encumbering the real property at 24366 La Masina Court, Calabasas, California 91302 (the "Property"), and is the counterparty to the Sale Stipulation approved by this Court.

6. Defendant Hovhannes Nazaryan is the debtor in the above-captioned Chapter 7 case. Defendant is currently housed at the Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505.

**GENERAL ALLEGATIONS**

7. On April 14, 2025, Defendant filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (Dkt. 1). The Bankruptcy Case remains open. Anita Khachikyan of Khach Law Group, PC has appeared as counsel of record for Defendant at all relevant times.

8. On the petition date, all of Defendant's legal and equitable interests in the Property and the personal property located thereon became property of the Estate. 11 U.S.C. §541(a)(1); *see Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986).

9. In his Schedule A/B and Schedule C, signed under penalty of perjury, Defendant identified the personal property at the Property as "used household goods" valued at $1,000 and claimed a $1,000 exemption against that property.

10. On May 27, 2025, Plaintiff filed a Motion for Relief from the Automatic Stay as to the Property (Dkt. 37) (the "MFR"), supported by declarations establishing his deed of trust against the Property and the absence of equity. The Trustee opposed the MFR (Dkts. 52, 53, 80).

11. On June 25, 2025, the Trustee, Nancy J. Zamora (the "Trustee"), filed her Motion to Sell Property of the Estate Free and Clear of Liens under 11 U.S.C. §363(f) (Dkt. 63) (the "Sale Motion"),

seeking authority to sell the Property free and clear of Plaintiff's deed of trust. Plaintiff opposed the Sale Motion (Dkt. 79).

12. On July 18, 2025, the Trustee and Plaintiff filed the Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Dkt. 94) (the "Sale Stipulation"), pursuant to which Plaintiff paid $120,000 to the bankruptcy estate. The Sale Stipulation resolved both the MFR and the Sale Motion, granting Plaintiff relief from the automatic stay to exercise his state-law rights under his deed of trust upon final payment and finality of the order, and transferring the estate's interest in the personal property at the Property to Plaintiff.

13. On July 18, 2025, this Court entered its Order Approving Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Dkt. 96) (the "Sale Order"), approving the Sale Stipulation "in its entirety."

14. Defendant was represented by counsel of record at all times during the negotiation, noticing, and approval of the Sale Stipulation. Defendant did not object to the Sale Stipulation, did not appeal the Sale Order, and did not seek a stay pending appeal.

15. Plaintiff paid the $120,000 consideration in full and the transaction was consummated. The Trustee filed her Report of Sale/Settlement on August 7, 2025 (Dkt. 103). Plaintiff is, and was at all relevant times, a good-faith purchaser within the meaning of 11 U.S.C. §363(m).

16. After the Sale Order was entered, Defendant filed a renewed Motion to Dismiss the Bankruptcy Case (Dkt. 89), which the Bankruptcy Court denied (Dkt. 105). On September 12, 2025, the United States Trustee filed an adversary complaint (Adv. Proc. No. 1:25-ap-01058) (the "Discharge Adversary") objecting to Defendant's discharge under 11 U.S.C. §§727(a)(2), (a)(3), (a)(4), (a)(5), and (a)(6) (Dkt. 114). The Discharge Adversary remains pending.

17. On December 11, 2025, the Trustee filed her Final Report (Dkt. 135). On January 7, 2026, the Bankruptcy Court entered its Order of Distribution (Dkt. 139).

18. On September 3, 2025, Defendant's then-counsel, Anita Khachikyan of Khach Law Group, PC, sent a written demand to Plaintiff's bankruptcy counsel, Raymond H. Aver, Esq., requesting return of one item of personal property (a Petrof Chippendale grand piano). The same day, Mr. Aver responded in writing, declined the demand, and explained that the estate's interest in the personal property had been sold to Plaintiff under the Sale Stipulation.

19. On April 8, 2026, Defendant - appearing pro se from federal prison - filed a verified Complaint in the Superior Court of the State of California, County of Los Angeles, captioned *Nazaryan v. Javaherian, et al.*, Case No. 26VECV02080 (the "State Court Action"), asserting seven causes of action against Plaintiff: (1) Conversion; (2) Trespass to Chattels; (3) Unjust Enrichment / Restitution; (4) Declaratory Relief; (5) Wrongful Foreclosure; (6) Cancellation of Written Instruments; and (7) Quiet Title.

20. The State Court Action expressly attaches the Sale Stipulation as Exhibit A and references the Bankruptcy Case by case number. The Complaint alleges that the personal property the Estate sold to Plaintiff under the Sale Stipulation has a fair market value "exceed[ing] $250,000 and may exceed $300,000" - notwithstanding that Defendant himself scheduled the same property at $1,000 under penalty of perjury and claimed a $1,000 exemption against it.

21. The State Court Action expressly alleges that the Sale Stipulation was the product of "a process infected by unfairness, procedural defect, lack of notice, gross undervaluation of personal property, and abuse of Plaintiff's inability to protect himself while incarcerated." Each cause of action seeks, in substance, to undo or extract value from the very Sale Order this Court entered.

22. On April 10, 2026, Defendant caused a Notice of Pendency of Action to be recorded with the Los Angeles County Recorder against the Property in connection with the State Court Action (the "Lis Pendens").

23. On May 12, 2026, Plaintiff's counsel served Defendant with a written demand that he withdraw or cause to be expunged the Notice of Pendency of Action and voluntarily dismiss the State Court Action with prejudice. The demand was served by United States Mail and Certified Mail, return receipt requested, on May 13, 2026, at Defendant's address at the Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505, and set a deadline of May 22, 2026. Defendant did not respond, and the deadline has passed. The State Court Action remains pending. Plaintiff brings this adversary proceeding to enforce the Sale Order and to enjoin Defendant's continued prosecution of the State Court Action, which constitutes an impermissible collateral attack on the Sale Order.

24. Each cause of action in the State Court Action arises out of, and seeks to undo, the Sale Stipulation and Sale Order this Court approved. The Conversion, Trespass to Chattels, and Unjust Enrichment counts seek the value of personal property the Estate transferred to Plaintiff. The Wrongful Foreclosure, Cancellation of Written Instruments, Declaratory Relief, and Quiet Title counts seek to invalidate the very instruments and transactions authorized by the Sale Stipulation and Sale Order, including the resolution of Plaintiff's MFR and the deed of trust pursuant to which Plaintiff exercises his state-law foreclosure rights.

25. Each of Defendant's causes of action is foreclosed as a matter of law:

   a. By 11 U.S.C. §363(m), because the Sale Order was not appealed or stayed and Plaintiff is a good-faith purchaser. *See In re Filtercorp, Inc.*, 163 F.3d 570, 576–78 (9th Cir. 1998); *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 279–81 (9th Cir.

1992); *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988).

b. By judicial estoppel, because Defendant's sworn $1,000 valuation in his Schedules cannot be reversed for litigation advantage. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–85 (9th Cir. 2001); *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992).

c. By Defendant's lack of standing to prosecute claims that were Estate property as of the petition date and were sold or settled by the Trustee under the Sale Order. *See* 11 U.S.C. §541(a)(1); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986).

d. By the rule against impermissible collateral attacks on final orders. *See Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938); *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152–54 (2009).

26. Defendant's continued prosecution of the State Court Action and maintenance of the Lis Pendens cause Plaintiff immediate and ongoing harm: (a) the Lis Pendens clouds title to the Property and impairs Plaintiff's ability to refinance, sell, encumber, or foreclose under his deed of trust pursuant to the rights this Court authorized in the Sale Order; (b) Plaintiff is forced to defend seven causes of action in another forum that should have been resolved (or never raised) within the Bankruptcy Case; and (c) absent injunctive relief, Defendant may file additional duplicative actions or record additional encumbrances.

27. Plaintiff has no adequate remedy at law for the harms identified in Paragraph 26. Money damages cannot remedy the impairment of title or the dilution of the finality protections that this Court's Sale Order was intended to confer.

**I.**

**<u>FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT</u>**

*[28 U.S.C. §2201; 11 U.S.C. §§105(a), 363(m); Fed. R. Bankr. P. 7001(9)]*

28. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

29. An actual case or controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. §2201 concerning the validity, finality, and enforceability of the Sale Order and Plaintiff's rights as a secured creditor and Section 363 purchaser.

30. Plaintiff seeks a declaratory judgment establishing the following:

   a. The Sale Order (Dkt. 96) is final, was not appealed, and was never stayed pending appeal;

   b. Plaintiff purchased the Estate's interest in the personal property at the Property in good faith and for value, and is entitled to the protections of 11 U.S.C. §363(m);

   c. Plaintiff's relief from the automatic stay pursuant to the Sale Stipulation and Sale Order is final, and Plaintiff's deed of trust against the Property is unimpaired by Defendant's claims in the State Court Action;

   d. Title to the personal property at the Property is vested in Plaintiff free and clear of any adverse claim asserted by Defendant in the State Court Action or otherwise;

   e. The State Court Action constitutes an impermissible collateral attack on the Sale Order;

   f. Defendant lacks standing to prosecute the claims asserted in the State Court Action because those claims were property of the Estate under 11 U.S.C. §541(a)(1) and were resolved by the Sale Order; and

   g. The Notice of Pendency of Action recorded by Defendant on April 10, 2026 is void and unenforceable, and must be expunged or withdrawn of record.

31. A judicial declaration is necessary and appropriate at this time so that Plaintiff may enforce the Sale Order, realize the protections of §363(m), and protect his rights to the Property and personal property without further interference by Defendant.

**II.**

**<u>SECOND CLAIM FOR RELIEF – INJUNCTIVE RELIEF</u>**

*[11 U.S.C. §105(a); Fed. R. Bankr. P. 7001(7), 7065]*

32. Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

33. Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. §105(a). The Ninth Circuit has confirmed that §105(a) authorizes a bankruptcy court to enjoin actions that threaten the integrity of estate administration or undermine the court's prior orders. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093–95 (9th Cir. 2007); *Celotex Corp. v. Edwards*, 514 U.S. 300, 308–11 (1995).

34. Plaintiff is entitled to permanent injunctive relief because: (a) Plaintiff will succeed on the merits, as Defendant's claims are foreclosed by 11 U.S.C. §363(m), judicial estoppel, lack of standing, and the bar against collateral attack on final orders; (b) Plaintiff is suffering and will continue to suffer irreparable harm absent an injunction, in the form of impaired title, dilution of the statutory finality protections of §363(m), and the prospect of duplicative litigation in multiple forums; (c) the balance of equities favors Plaintiff, who paid full consideration for the Estate's interest and is now defending an attempt by the Debtor to extract a second recovery from the same property; and (d) the public interest favors enforcement of bankruptcy sale orders and the protection of good-faith purchasers under §363(m).

35. Plaintiff therefore seeks a permanent injunction (a) enjoining Defendant, and any person acting in concert with him, from prosecuting the State Court Action or any other action, in any court, that constitutes a collateral attack on the Sale Order; (b) enjoining Defendant from recording any

Case 1:26-ap-01061-MB Doc 1 Filed 06/01/26 Entered 06/01/26 16:50:11 Desc
Main Document Page 10 of 12

further notice of pendency of action or other encumbrance against the Property based on, or relating to, the matters resolved by the Sale Order; and (c) directing Defendant to cause the Notice of Pendency of Action recorded on April 10, 2026 to be expunged or withdrawn of record forthwith.

36. Plaintiff reserves the right to seek temporary and preliminary injunctive relief to the same effect by separate motion, pursuant to Federal Rule of Bankruptcy Procedure 7065 and Local Bankruptcy Rule 7065-1, pending entry of judgment in this adversary proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mehran Javaherian respectfully prays that the Court enter judgment in his favor and against Defendant Hovhannes Nazaryan as follows:

1. On the First Claim for Relief, entering a declaratory judgment on each of the matters set forth in Paragraph 30 above;
2. On the Second Claim for Relief, entering a permanent injunction granting the relief described in Paragraph 35 above;
3. Awarding Plaintiff his attorney's fees and costs of suit to the extent permitted by law;
4. Granting such further and additional relief as the Court deems just and proper.

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

Dated: June 1, 2026

By: _/s/ Sanaz Sarah Bereliani_____
Sanaz Sarah Bereliani, Esq.
Attorney for Plaintiff,
MEHRAN JAVAHERIAN

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>**MEHRAN JAVAHERIAN** | **DEFENDANTS**<br>**HOVHANNES NAZARYAN** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>**Sanaz Sarah Bereliani, Esq., Bereliani Law Firm, PC**<br>**12100 Wilshire Blvd, 8th FL, LA CA 90025 // 310-882-5482** | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>X Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>X Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**(1) Declaratory Judgment under 28 USC 2201 & 11 USC 105(a) & 363(m) that the Court's Sale Order is final & enforceable & that the debtor's state-court action is an impermissible collateral attack; and (2) Injunctive Relief under 11 USC 105(a) enjoining the Debtor's Collateral Attack**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- X 71-Injunctive relief – imposition of stay
- X 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- X 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ **Injunctive & Declaratory Reiief** |

Other Relief Sought

**Attorney's Fees and Costs to the extent permitted by law; such other relief as is just.**

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Hovhannes Nazaryan | BANKRUPTCY CASE NO.<br>1:25-bk-10617-MB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Hon. Martin R. Barash |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF<br>United States Trustee | DEFENDANT<br>Hovhannes nazaryan | ADVERSARY PROCEEDING NO.<br>1:25-ap-01058 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Hon. Martin R. Barash |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>June 1, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Sanaz Sarah Bereliani, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
## Adversary Proceeding #: 1:26-ap-01031-MB

*Assigned to:* Martin R. Barash
*Lead BK Case:* 25-10617
*Lead BK Title:* Hovhannes Nazaryan
*Lead BK Chapter:* 7
*Demand:*

*Date Filed:* 06/01/26

*Nature[s] of Suit:* 91 Declaratory judgment
71 Injunctive relief - reinstatement of stay
72 Injunctive relief - other

***Plaintiff***
-----------------------
**Mehran Javaherian**
203 South Willaman Drive
Beverly Hills, CA 90211

represented by **Sanaz Sarah Bereliani**
Bereliani Law Firm, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
310-882-5482
Fax : 888-876-0896
Email: berelianilaw@gmail.com

V.

***Defendant***
-----------------------
**Hovhannes Nazaryan**
24366 La Masina Court
Calabasas, CA 91302
SSN / ITIN: xxx-xx-1190

represented by **Hovhannes Nazaryan**
PRO SE

***Trustee***
-----------------------
**Nancy J Zamora (TR)**
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, CA 90071
213-488-9411

***U.S. Trustee***
-----------------------
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 06/01/2026 | 1 (12 pgs) | Adversary case 1:26-ap-01031. Complaint by MEHRAN JAVAHERIAN against Hovhannes Nazaryan. Fee Amount $350 *Adversary Complaint for Declaratory Judgement and Injunctive Relief Pursuant [28 U.S.C. §2201; 11 U.S.C. §§105(a), 363(m); Fed. R. Bankr. P. 7001(9)]; and [11 U.S.C. §105(a); Fed. R. Bankr. P. 7001(7)]* Nature of Suit: (91 (Declaratory judgment)), (71 (Injunctive relief - reinstatement of stay)),(72 (Injunctive relief - other)) (Bereliani, Sanaz) (Entered: 06/01/2026) |
| 06/01/2026 | | Receipt of Complaint( 1:26-ap-01031-MB) [cmp,cmp] ( 350.00) Filing Fee. Receipt number A60170176. Fee amount 350.00. (re: Doc# 1) (U.S. Treasury) (Entered: 06/01/2026) |
| 06/02/2026 | 2 (8 pgs; 2 docs) | Summons Issued on Hovhannes Nazaryan Date Issued 6/2/2026, Answer Due 7/2/2026 (RE: related document(s)1 Complaint filed by Plaintiff MEHRAN JAVAHERIAN) Status hearing to be held on 8/27/2026 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (JC) (Entered: 06/02/2026) |
| 06/03/2026 | 3 (25 pgs) | Summons Service Executed on Hovhannes Nazaryan 6/3/2026 (Bereliani, Sanaz) (Entered: 06/03/2026) |
| 06/11/2026 | 4 (21 pgs) | Motion for Preliminary Injunction *Notice of Motion and Motion for Preliminary Injunction;Memorandum of Points and Authorities; Declaration of Sanaz Sarah Bereliani* Filed by Plaintiff Mehran Javaherian (Bereliani, Sanaz) (Entered: 06/11/2026) |
| 06/12/2026 | 5 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date was selected. This matter is not eligible for self-calendaring THE FILER IS INSTRUCTED TO REVIEW JUDGE BARASH'S SELF-CALENDARING INSTRUCTIONS ON THE COURT'S WEBSITE.** (RE: related document(s)4 Motion for Preliminary Injunction filed by Plaintiff Mehran Javaherian) (JC) (Entered: 06/12/2026) |
| 06/23/2026 | 6 (21 pgs) | Amended Motion (related document(s): 4 Motion for Preliminary Injunction *Notice of Motion and Motion for Preliminary Injunction;Memorandum of Points and Authorities; Declaration of Sanaz Sarah Bereliani* filed by Plaintiff Mehran Javaherian) *Amended Notice of Motion and Motion for Preliminary Injunction;Memorandum of Points and Authorities; Declaration of Sanaz Sarah Bereliani* Filed by Plaintiff Mehran Javaherian (Bereliani, Sanaz) (Entered: 06/23/2026) |
| 07/16/2026 | 7 (9 pgs) | Order Setting Hearing on Plaintiff's Motion for Preliminary Injunction (BNC-PDF) (Related Doc # 6 ) Signed on 7/16/2026 (JC) (Entered: 07/16/2026) |

| | | |
|---|---|---|
| 07/17/2026 | 8 | Hearing Set (RE: related document(s)4 Motion for Preliminary Injunction filed by Plaintiff Mehran Javaherian) The Hearing date is set for 9/24/2026 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (JC) (Entered: 07/17/2026) |
| 07/17/2026 | 9 (4 pgs) | Request that the Clerk Issue Another Summons and Notice of Status Conference (LBR 7004-1(a)(1)(B)) *with Proof of Service* Filed by Plaintiff Mehran Javaherian. (Bereliani, Sanaz) (Entered: 07/17/2026) |
| 07/19/2026 | 10 (10 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)7 Order on Amended Motion (BNC-PDF)) No. of Notices: 2. Notice Date 07/19/2026. (Admin.) (Entered: 07/19/2026) |
| 07/20/2026 | 11 (8 pgs; 2 docs) | Another Summons Issued on Hovhannes Nazaryan Date Issued 7/20/2026, Answer Due 8/19/2026 (RE: related document(s)1 Complaint filed by Plaintiff Mehran Javaherian, 9 Request that the Clerk Issue Another Summons and Ntc of Status Conf (AP) filed by Plaintiff Mehran Javaherian) Status hearing to be held on 9/24/2026 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (JC) (Entered: 07/20/2026) |
| 07/22/2026 | 12 (23 pgs) | Amended Motion (related document(s): 6 Amended Motion (related document(s): 4 Motion for Preliminary Injunction *Notice of Motion and Motion for Preliminary Injunction;Memorandum of Points and Authorities; Declaration of Sanaz Sarah Bereliani* filed by Plaintiff Mehran Javaherian) Filed by Plaintiff Mehran Javaherian (Bereliani, Sanaz) (Entered: 07/22/2026) |
| 07/22/2026 | 13 (33 pgs) | Summons Service Executed on Hovhannes Nazaryan 7/22/2026 (Bereliani, Sanaz) (Entered: 07/22/2026) |
| 08/25/2026 | 14 (2 pgs) | Letter to chambers, Filed by Defendant Hovhannes Nazaryan (JC) (Entered: 08/26/2026) |
| 08/27/2026 | 15 (4 pgs) | Order Continuing Hearing on Plaintiff's Motion for Preliminary Injunction and Extending Related Deadlines (BNC-PDF) (Related Doc # 12 ) Signed on 8/27/2026 (JC) (Entered: 08/27/2026) |
| 08/27/2026 | 16 | Hearing Rescheduled/Continued - Plaintiff's amended motion for preliminary injunction (RE: related document(s)12 Amended Motion filed by Plaintiff Mehran Javaherian) The Hearing date is set for 10/13/2026 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (JC) (Entered: 08/27/2026) |

| | | |
|---|---|---|
| 08/30/2026 | 17<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)15 Order on Amended Motion (BNC-PDF)) No. of Notices: 2. Notice Date 08/30/2026. (Admin.) (Entered: 08/30/2026) |
| 09/10/2026 | 18<br>(2 pgs) | Notice of Rescheduled Status Conference (RE: related document(s)1 Adversary case 1:26-ap-01031. Complaint by MEHRAN JAVAHERIAN against Hovhannes Nazaryan. Fee Amount $350 *Adversary Complaint for Declaratory Judgement and Injunctive Relief Pursuant [28 U.S.C. §2201; 11 U.S.C. §§105(a), 363(m); Fed. R. Bankr. P. 7001(9)]; and [11 U.S.C. §105(a); Fed. R. Bankr. P. 7001(7)]* Nature of Suit: (91 (Declaratory judgment)),(71 (Injunctive relief - reinstatement of stay)),(72 (Injunctive relief - other)) filed by Plaintiff Mehran Javaherian). (PG) (Entered: 09/10/2026) |
| 09/10/2026 | | Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 1 COMPLAINT filed by Mehran Javaherian) Status Hearing to be held on 10/13/2026 at 01:30 PM 21041 Burbank BlvdWoodland Hills, CA 91367 for 1 , (PG) (Entered: 09/10/2026) |


| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/25/2026 16:16:32 | | | |
| **PACER Login:** | Bereliani2886 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-ap-01031-MB Fil or Ent: filed From: 6/26/2020 To: 9/25/2026 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT "5"

**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
Ken Misken, CA SBN: 349167
Assistant United States Trustee
Brian D. Fittipaldi, CA SBN: 146864
Trial Attorney
**OFFICE OF THE UNITED STATES TRUSTEE**
1415 State Street, Suite 148
Santa Barbara, California 93101
Telephone: (805) 957-4100
E-mail: brian.fittipaldi@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**HOVHANNES NAZARYAN,**<br><br>**Debtor.**<br>________________________________<br><br>**UNITED STATES TRUSTEE, REGION 16,**<br><br>**Plaintiff.**<br><br>**vs.**<br><br>**HOVHANNES NAZARYAN,**<br><br>**Defendant.** | **Case No. 1:25-bk-10617-MB**<br><br>**Adversary Proc. No.:**<br><br>**Chapter 7**<br><br>**COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5), and 727(a)(6)** |

Plaintiff, the United States Trustee ("U.S. Trustee" or "Plaintiff"), by his undersigned counsel, brings this complaint objecting to the discharge of Hovhannes Nazaryan, pursuant to 11 U.S.C. §§ 727(a)(2), 727(a)3), 727(a)(4), 727(a)(5), and 727(a)(6) as follows:

## JURISDICTIONAL ALLEGATIONS

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157 and 1334 and 11 U.S.C. § 727.[1]

2. This is a core proceeding under 28 U.S.C. § 157.

3. Venue is proper in the Central District of California under 28 U.S.C. § 1409(a), as this bankruptcy case was filed in this judicial district.

4. The U.S. Trustee has standing to seek the denial of the Debtor's discharge in this case pursuant to §§ 307 and 727(c).

**GENERAL ALLEGATIONS**

5. On April 14, 2025, Hovhannes Nazaryan (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition"). The Petition was assigned case number 1:25-bk-10617-MB, and Nancy Zamora was appointed the Chapter 7 Trustee (the "Trustee").

6. On April 14, 2025, the Defendant's bankruptcy Schedules and Statement of Financial affairs were filed. Plaintiff is informed and believes that the Defendant swore under penalty of perjury to the truth of those schedules and statements.

7. The original meeting to be held pursuant to 11 U.S.C. § 341(a) under the Bankruptcy Code was scheduled for May 14, 2025. Plaintiff is informed and believes that the Defendant was incarcerated at the time of that hearing and is incarcerated currently. The Chapter 7 Trustee attempted to obtain the Defendant's testimony on that date by making special arrangements with Defendant's counsel, but Plaintiff is informed and believes that the Defendant refused to testify. The Chapter 7 Trustee continued the meeting to June 18, 2025; July 21, 2025; and July 28, 2025. Plaintiff is informed and believes that the Defendant refused to appear at the meeting on any of those dates notwithstanding that the Chapter 7 Trustee confirmed with personnel of the Federal Bureau of Prisons that the personnel would assist Defendant to participate in the continued meeting on July 21, 2025 and July 28, 2025.

8. The Defendant's bankruptcy Schedules indicate that he owned real property at 24366

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

Case 1:23-ap-01018-MB Doc 11 Filed 09/12/23 Entered 09/12/23 16:05:51 Desc
Main Document Page 3 of 12

La Masina Court in Calabasas, California. However, the Chapter 7 Trustee never received insurance documentation for that property from the Defendant. As a result, the Chapter 7 Trustee obtained liability and hazard insurance on the property. Notwithstanding multiple requests by Trustee, the Defendant did not provide any authorization for why guests were at that property and did not confirm whether guests at that property had vacated the property and removed their personal belongings from the property.

9. The Chapter 7 Trustee requested that the Defendant provide a list of all assets not included in the original schedules. The Chapter 7 Trustee asked specifically, but without limitation, for previously undisclosed assets that may include bank accounts, vehicles, retirement funds, investment accounts, cryptocurrency, collectibles, antiques, artwork, cash and currency. The Chapter 7 Trustee has not received this information.

10. The Chapter 7 Trustee requested that the Defendant provide a detailed list of all household goods, furnishings, collectibles, antiques, artwork, clothing, shoes, and other personal property at the Calabasas property. The Chapter 7 Trustee has not received this information.

11. The Chapter 7 Trustee requested that the Defendant provide any and all real property and financial documents related to the Calabasas property and liens secured by the property. The Chapter 7 Trustee has not received this information.

12. The Chapter 7 Trustee requested that the Defendant provide five years of federal and state tax returns. The Chapter 7 Trustee has not received this information.

13. The Chapter 7 Trustee requested that the Defendant provide detailed information about, and documents related to, Defendant's purchase and subsequent sale/transfer of that certain real property located at 3351 Coldwater Canyon Avenue, Studio City, California 91604-4039. This request included all transfer deeds, escrow documents, debt secured by liens recorded against the real property, the identity and contact information for the party that transferred this property to Defendant and how that party is related to Defendant, the identity and contact information for the party to which Defendant transferred this property and how that party is related to Defendant, the identity and contact information for all title companies, escrow

companies, realtors and attorneys related to these two transfers. The Chapter 7 Trustee has not received this information.

14. The Chapter 7 Trustee requested that the Defendant provide the names and addresses of Defendant's current and former spouses, if any, and any and all petition(s) for dissolution, marital settlement agreements, and other similar documents. The Chapter 7 Trustee has not received this information.

15. The Chapter 7 Trustee requested that the Defendant provide the names, email addresses, telephone numbers, and addresses of all attorneys who have represented Defendant from 2015. . The Chapter 7 Trustee has not received this information.

16. The Chapter 7 Trustee requested that the Defendant provide the names, email addresses, telephone numbers, and addresses of all realtors Defendant has engaged since 2015. The Chapter 7 Trustee has not received this information.

17. The Chapter 7 Trustee requested that the Defendant document all transfers he has made of real and personal property, including repossessions, sales, and transfers for no value, since 2020. The Chapter 7 Trustee has not received this information.

18. The Chapter 7 inquired whether the Defendant has a safe in the Calabasas Property. The Chapter 7 Trustee has not received this information.

19. The Chapter 7 Trustee inquired whether the Defendant has a safe deposit box. The Chapter 7 Trustee has not received this information.

20. The Chapter 7 Trustee inquired whether anyone was in possession or control of any property of Defendant. The Chapter 7 Trustee has not received this information.

21. The Statement of Financial Affairs, Item 18, requires debtors to disclose all transfers made two years prior to the filing of a bankruptcy petition. The Defendant indicated "none" on his Statement of Financial Affairs regarding such transfers. However, it appears that the Defendant sold and/or transferred real property at 3351 Coldwater Canyon Avenue, Studio City,

California within one year of the filing of the bankruptcy. Records obtained by the Chapter 7 Trustee indicated that the Debtor purchased the property at 3351 Coldwater Canyon Avenue, Studio City, California 91604 for $2.6 million in late 2023 and sold it for $1,980,000 in December, 2024 with the related transfer deed recorded on January 2, 2025. That same property was listed for sale by the transferee for $3.5 million and is currently listed for sale with a listing price of $2,995,000.00. This property and this transaction were not listed on the Defendant's Schedules or Statement of Financial Affairs.

**<u>FIRST CLAIM FOR RELIEF</u>**

**[11 U.S.C. § 727 (a)(2)(A) and (B)]**

22. Plaintiff realleges the allegations set forth in Paragraphs 1 through 21 above, as though fully set forth herein.

23. Under § 727 (a)(2)(A) and (B), the Court shall not grant the debtor a discharge if:

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed---
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition.

24. Upon information and belief, the Defendant sold and/or transferred real property at 3351 Coldwater Canyon Avenue, Studio City, California, within one year of the filing of the bankruptcy. Records obtained by the Chapter 7 Trustee indicated that the Debtor purchased a property at 3351 Coldwater Canyon Avenue, Studio City, California 91604 for $2.6 million in late 2023 and sold it for $1,980,000 in December, 2024 with the transfer deed recorded on January 2, 2025. That same property was listed for $3.5 million and is currently listed for $2,995,000.00. This property and this transaction were not listed on the Defendant's Schedules or Statement of Financial Affairs.

25. Accordingly, pursuant to § 727(a)(2)(A) and (B), this Court should deny the Defendant's discharge in this case.

**SECOND CLAIM FOR RELIEF**

**[11 U.S.C. § 727 (a)(3)]**

26. Plaintiff realleges the allegations set forth in Paragraphs 1 through 25 above, as though fully set forth herein.

27. Under § 727 (a)(3), the Court shall not grant the debtor a discharge if:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

28. Upon information and belief, the Chapter 7 Trustee has asked for numerous documents from the Defendant, but has received no such documents:

a. Insurance and guest documentation for the property at 24366 La Masina Court, Calabasas, California;
b. List of all assets not included on the Schedules, including bank accounts, investment accounts and several other items:
c. List of all household goods, furnishings, and other items:
d. Real property and financial items pertaining to the Calabasas property;
e. Five years of federal and state tax returns;
f. Documentation pertaining to the property at 3351 Coldwater Canyon Avenue, Calabasas, California;
g. Names of current and former spouses;
h. Names and pertinent information of all attorneys who have represented him since 2015;
i. Information pertaining to transfers of real and personal property since 2020;
j. Information pertaining to a safe that may be on the Calabasas property;
k. Information pertaining to a potential safe deposit box;
l. Information whether any person or persons are holding property for the Defendant.

29. Upon information and belief, the Chapter 7 Trustee has not received a response to these inquiries.

30. Accordingly, pursuant to § 727(a)(3), this Court should deny the Defendant's discharge in this case.

**THIRD CLAIM FOR RELIEF**

**[11 U.S.C. § 727 (a)(4)(A)]**

31. Plaintiff realleges the allegations set forth in Paragraphs 1 through 30 above, as though fully set forth herein.

32. Under § 727 (a)(4)(A), the Court shall not grant the debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account."

33. Upon information and belief, the Defendant sold and/or transferred real property at 3351 Coldwater Canyon Avenue, Studio City, California, within one year of the filing of the bankruptcy. Records obtained by the Chapter 7 Trustee indicated that the Debtor purchased a property at 3351 Coldwater Canyon Avenue, Studio City, California 91604 for $2.6 million in late 2023 and sold it for $1,980,000 in December, 2024 with the transfer deed for the sale recorded on January 2, 2025. That same property was listed for $3.5 million and is now listed for $2,995,000.00. This property and this transaction were not listed on the Defendant's Schedules or Statement of Financial Affairs.

34. Accordingly, pursuant to § 727(a)(4)(A), this Court should deny the Defendant's discharge in this case.

**FOURTH CLAIM FOR RELIEF**

**[11 U.S.C. § 727 (a)(5)]**

35. Plaintiff realleges the allegations set forth in Paragraphs 1 through 34 above, as though fully set forth herein.

36. Under § 727 (a)(5), the Court shall not grant the debtor a discharge if "the defendant has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the defendant's liabilities."

37. The Defendant's Schedules list one piece of real property.

38. The Statement of Financial Affairs, Item 18, requires debtors to disclose all transfers made two years prior to the filing of a bankruptcy petition. The Defendant indicated "none" on his Statement of Financial Affairs regarding such transfers.

39. Records obtained by the Chapter 7 Trustee indicated that the Debtor purchased a property at 3351 Coldwater Canyon Avenue, Studio City, California 91604 for $2.6 million in late 2023 and sold it for $1,980,000 in December, 2024 with the transfer deed recorded on January 2, 2025. That same property was listed for $3.5 million and is currently listed for $2,995,000.00. This property and this transaction were not listed on the Defendant's Schedules or Statement of Financial Affairs.

40. Upon information and belief, the Defendant has failed to explain the transfer of that asset and how such transfer did not contribute to the loss of assets or deficiency of assets to meet his liabilities.

41. Accordingly, pursuant to § 727(a)(5), this Court should deny the Defendant's discharge in this case.

**<u>FIFTH CLAIM FOR RELIEF</u>**

**[11 U.S.C. § 727 (a)(6)]**

42. Plaintiff realleges the allegations set forth in Paragraphs 1 through 41 above, as though fully set forth herein.

43. Under § 727 (a)(6), the Court shall not grant the debtor a discharge if

> The debtor has refused, in the case—
> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify; .
> (B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or
> (C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify.

44. The original meeting to be held pursuant to 11 U.S.C. § 341(a) under the Bankruptcy Code was scheduled for May 14, 2025. Plaintiff is informed and believes that the Defendant was incarcerated at that time of that hearing and is incarcerated currently. The Chapter 7 Trustee

attempted to obtain the Defendant's testimony on that date by making special arrangements with Defendant's counsel, but Plaintiff is informed and believes that the Defendant refused to testify. The Chapter 7 Trustee continued the meeting to June 18, 2025; July 21, 2025; and July 28, 2025. Plaintiff is informed and believes that the Defendant refused to appear at the meeting on any of those dates notwithstanding that the Chapter 7 Trustee confirmed with personnel of the Federal Bureau of Prisons that the personnel would assist Defendant to participate in the continued meeting on July 21, 2025 and July 28, 2025.

45. The Defendant apparently refuses to testify at a duly noticed meeting of creditors pursuant to 11 U.S.C. §341(a).

46. Accordingly, pursuant to § 727(a)(6), this Court should deny the Defendant's discharge in this case.

WHEREFORE, Plaintiff prays for judgement as follows:

A. For an order denying Defendant's discharge, pursuant to §§ 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5) and 727(a)(6);

B. For costs of suit; and

C. For such other and further relief as this Court deems just and proper.

DATED: September 12, 2025

UNITED STATES TRUSTEE

*/s/ Brian D. Fittipaldi*
Brian D. Fittipaldi
Attorney for the U.S. Trustee

Case 1:25-ap-01065-MB Doc 11 Filed 09/01/26 Entered 09/01/26 16:05:51 Desc Main Document Page 216 of 229

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): **COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5), and 727(a)(6),** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **9/12/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **9/12/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/12/2025 | Veronica M. Hernandez | */s/ Veronica M. Hernandez* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## SERVICE LIST FOR PROOF OF SERVICE

**<u>SERVED ELECTRONICALLY</u>**

Brian D Fittipaldi brian.fittipaldi@usdoj.gov
Raymond H. Aver ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
Sanaz Sarah Bereliani berelianilaw@gmail.com, chris@berelianilaw.com;r48595@notify.bestcase.com
Michael G D'Alba mgd@lnbyg.com
Shannon A Doyle sdoyle@ghidottiberger.com, bknotifications@ghidottiberger.com
Eryk R Escobar eryk.r.escobar@usdoj.gov
Anita Khachikyan ak@khachlaw.com
Elan S Levey elan.levey@usdoj.gov, usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
Bruce P. Needleman attybpn@aol.com
Nancy J Zamora (TR) zamora3@aol.com, nzamora@ecf.axosfs.com

**<u>SERVED BY U.S. MAIL</u>**

United States Bankruptcy Court
1415 State Street
Santa Barbara, CA 93101

SLBiggs
10960 Wilshire Blvd., Ste. 1100
Los Angeles, CA 90024

Hovhannes Nazaryan
24366 La Masina Court
Calabasas, CA 91302

**727OBJ, NoFeeRequired**

# U.S. Bankruptcy Court
# Central District of California (San Fernando Valley)
# Adversary Proceeding #: 1:25-ap-01058-MB

*Assigned to:* Martin R. Barash
*Lead BK Case:* 25-10617
*Lead BK Title:* Hovhannes Nazaryan
*Lead BK Chapter:* 7
*Demand:*

*Date Filed:* 09/12/25

*Nature[s] of Suit:* 41 Objection / revocation of discharge - 727(c),(d),(e)

***Plaintiff***
-----------------------

**United States Trustee (SV)**
United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

represented by **Brian David Fittipaldi**
US Department of Justice
1415 State Street
Santa Barbara, CA 93111
202-834-1629
Email: brian.fittipaldi@usdoj.gov

V.

***Defendant***
-----------------------

**Hovhannes Nazaryan**
24366 La Masina Court
Calabasas, CA 91302
SSN / ITIN: xxx-xx-1190

represented by **Hovhannes Nazaryan**
PRO SE

***Trustee***
-----------------------

**Nancy J Zamora (TR)**
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, CA 90071
213-488-9411

***U.S. Trustee***
-----------------------

**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 09/12/2025 | 1 (11 pgs) | Adversary case 1:25-ap-01058. Complaint by United States Trustee (SV), Hovhannes Nazaryan against Hovhannes Nazaryan. ($350.00 Fee Not Required). *Complaint objecting to discharge pursuant to 11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5), and 727(a)(6) with proof of service* Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) (Fittipaldi, Brian) (Entered: 09/12/2025) |
| 09/15/2025 | | Judge Martin R. Barash added to case (AG1) (Entered: 09/15/2025) |
| 09/15/2025 | 2 (8 pgs; 2 docs) | Summons Issued on Hovhannes Nazaryan Date Issued 9/15/2025, Answer Due 10/15/2025 (RE: related document(s)1 Complaint filed by Plaintiff United States Trustee (SV), U.S. Trustee United States Trustee (SV)) Status hearing to be held on 12/11/2025 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (JC) (Entered: 09/15/2025) |
| 09/17/2025 | 3 (19 pgs; 3 docs) | Summons Service Executed on United States Trustee (SV) 9/17/2025 (Attachments: # 1 COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5), and 727(a)(6) # 2 STATUS CONFERENCE PROCEDURES FOR THE HON. MARTIN R. BARASH) (Fittipaldi, Brian) (Attachment 1 replaced on 9/17/2025) (AG1). (Entered: 09/17/2025) |
| 09/17/2025 | 4 (12 pgs) | Notice *of Requirement to Comply with Local Bankruptcy Rule 7026-1 with proof of service* Filed by Plaintiff United States Trustee (SV) (RE: related document(s)1 Adversary case 1:25-ap-01058. Complaint by United States Trustee (SV), Hovhannes Nazaryan against Hovhannes Nazaryan. ($350.00 Fee Not Required). *Complaint objecting to discharge pursuant to 11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5), and 727(a)(6) with proof of service* Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) filed by Plaintiff United States Trustee (SV), U.S. Trustee United States Trustee (SV)). (Fittipaldi, Brian) (Entered: 09/17/2025) |
| 12/05/2025 | 5 (34 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to Hovhannes Nazaryan Filed by Plaintiff United States Trustee (SV). (Fittipaldi, Brian) (Entered: 12/05/2025) |
| 12/05/2025 | 6 (7 pgs) | Declaration re: *Declaration of Brian D. Fittipaldi in Support of Request for Entry of Default* Filed by Plaintiff United States Trustee (SV) (RE: related document(s)5 Request for Entry of Default (Local BK Rule 7055-1)). (Fittipaldi, Brian) (Entered: 12/05/2025) |
| 12/09/2025 | 7 (1 pg) | Notice That Clerk Has Entered Default Against Defendant(s) Hovhannes Nazaryan (RE: related document(s)5 Request for Entry of Default (Local BK Rule 7055-1) filed by Plaintiff United States Trustee (SV), U.S. Trustee United States Trustee (SV)) (JC) (Entered: 12/09/2025) |
| 12/09/2025 | 8 (6 pgs) | Status report *re: Unilateral Status Report by Plaintiff United States Trustee* Filed by Plaintiff United States Trustee (SV) (RE: related document(s)1 Complaint). (Fittipaldi, Brian) (Entered: 12/09/2025) |
| 12/11/2025 | 9 (2 pgs) | BNC Certificate of Notice (RE: related document(s)7 Notice that Clerk Has Entered Default (BNC)) No. of Notices: 1. Notice Date 12/11/2025. |

| | | |
|---|---|---|
| | | (Admin.) (Entered: 12/11/2025) |
| 12/12/2025 | | Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 1 COMPLAINT filed by United States Trustee (SV)) Status Hearing to be held on 02/23/2026 at 01:30 PM 21041 Burbank BlvdWoodland Hills, CA 91367 for 1 , (JC) (Entered: 12/12/2025) |
| 02/09/2026 | 10 (3 pgs) | Notice *of Continued Status Conference* Filed by Plaintiff United States Trustee (SV) (RE: related document(s) Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 1 COMPLAINT filed by United States Trustee (SV)) Status Hearing to be held on 02/23/2026 at 01:30 PM 21041 Burbank BlvdWoodland Hills, CA 91367 for 1, (JC)). (Fittipaldi, Brian) (Entered: 02/09/2026) |
| 02/12/2026 | 11 (6 pgs) | Notice *of Unilateral Status Report* Filed by Plaintiff United States Trustee (SV) (RE: related document(s)8 Status report *re: Unilateral Status Report by Plaintiff United States Trustee* Filed by Plaintiff United States Trustee (SV) (RE: related document(s)1 Complaint). filed by Plaintiff United States Trustee (SV), U.S. Trustee United States Trustee (SV)). (Fittipaldi, Brian) (Entered: 02/12/2026) |
| 02/25/2026 | | Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 1 COMPLAINT filed by United States Trustee (SV)) Status Hearing to be held on 05/06/2026 at 01:30 PM 21041 Burbank BlvdWoodland Hills, CA 91367 for 1 , (JC) (Entered: 02/25/2026) |
| 04/27/2026 | | Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 1 COMPLAINT filed by United States Trustee (SV)) Status Hearing to be held on 05/08/2026 at 01:30 PM 21041 Burbank BlvdWoodland Hills, CA 91367 for 1 , (JC) (Entered: 04/27/2026) |
| 05/06/2026 | 12 (6 pgs) | Status report *re: Notice of Unilateral Status Report* Filed by Plaintiff United States Trustee (SV) (RE: related document(s) Hearing Rescheduled/Continued (Other) (AP Case)). (Fittipaldi, Brian) (Entered: 05/06/2026) |
| 05/11/2026 | | Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 1 COMPLAINT filed by United States Trustee (SV)) Status Hearing to be held on 07/09/2026 at 01:30 PM 21041 Burbank BlvdWoodland Hills, CA 91367 for 1 , (PG) (Entered: 05/11/2026) |
| 07/10/2026 | | Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 1 COMPLAINT filed by United States Trustee (SV)) Status Hearing to be held on 09/24/2026 at 02:30 PM 21041 Burbank BlvdWoodland Hills, CA 91367 for 1 , (JC) (Entered: 07/10/2026) |
| 08/10/2026 | 13 (3 pgs) | Notice of Hearing *of Continued Status Conference with proof of service* Filed by Plaintiff United States Trustee (SV). (Fittipaldi, Brian) (Entered: 08/10/2026) |
| 09/22/2026 | 14 (37 pgs) | Motion to set aside default Filed by Defendant Hovhannes Nazaryan [EDB FILING] (JC) (Entered: 09/23/2026) |

| | | |
|---|---|---|
| 09/23/2026 | 15 | Hearing Set (RE: related document(s)14 Motion to set aside filed by Defendant Hovhannes Nazaryan) The Hearing date is set for 11/19/2026 at 02:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (JC) (Entered: 09/23/2026) |
| 09/23/2026 | 16 | Notice to Filer of Error and/or Deficient Document **Other -Notice of hearing is incomplete. Filer is required to file the [REVISED] Supplemental Notice Re: Availability of ZoomGov Audio and Video for Remote Appearance (September 2023). See Judge Barash's self-calendaring instructions for more information.** (RE: related document(s)14 Motion to set aside filed by Defendant Hovhannes Nazaryan) (JC) (Entered: 09/23/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/24/2026 12:09:23 | | | |
| **PACER Login:** | bereliani2886 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-ap-01058-MB Fil or Ent: filed From: 6/26/2020 To: 9/24/2026 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

*Superior Court of California, County of Los Angeles*

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**
- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**
- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

Language Access
English

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **CASE INFORMATION:** | 26VECV02080 |
| **Case Title:** | HOVHANNES NAZARYAN VS MEHRAN JAVAHERIAN |
| **Filing Courthouse:** | Van Nuys Courthouse East |
| **Filing Date:** | 4/8/2026 |
| **Case Type:** | Quiet Title (General Jurisdiction) |
| **Status:** | Pending |

Click here to access document images for this case.

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

Print New Search

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | | | | |
|---|---|---|---|---|
| **10/8/2026** | 08:30 | Department B | 6230 Sylmar Ave., Van Nuys, CA 91401 | Hearing on Motion for Leave to Amend Leave to Amend Prayer A of First Amended Complaint |
| **11/4/2026** | 08:30 | Department B | 6230 Sylmar Ave., Van Nuys, CA 91401 | Case Management Conference |

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| BERELIANI SANAZ SARAH | Attorney for Defendant |
| JAVAHERIAN BENJAMIN | Defendant |
| JAVAHERIAN MEHRAN | Defendant |
| NAZARYAN HOVHANNES | Plaintiff |

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | | |
|---|---|---|
| **9/28/2026** | Exhibit List | Filed by Mehran Javaherian (Defendant); Benjamin Javaherian (Defendant) |

| | | |
|---|---|---|
| **9/28/2026** | Opposition Defendants Mehran Javaherian and Benjamin's Opposition to Plaintiff's Motion for Leave to Amend Prayer A of First Amended Complaint; Memorandum of Points and Authorities | Filed by Mehran Javaherian (Defendant); Benjamin Javaherian (Defendant) |
| **9/28/2026** | Request for Judicial Notice | Filed by Mehran Javaherian (Defendant); Benjamin Javaherian (Defendant) |
| **9/28/2026** | Request for Judicial Notice | Filed by Mehran Javaherian (Defendant); Benjamin Javaherian (Defendant) |
| **9/22/2026** | Proof of Service by Mail | Filed by Hovhannes Nazaryan (Plaintiff) |
| **9/10/2026** | Motion for Leave Leave to Amend Prayer A of FAC | Filed by Hovhannes Nazaryan (Plaintiff) |
| **9/10/2026** | Notice Statement of Punitive Damages CCP 425.115 | Filed by Hovhannes Nazaryan (Plaintiff) |
| **9/10/2026** | Proof of Service by Mail | Filed by Hovhannes Nazaryan (Plaintiff) |
| **8/7/2026** | Proof of Service by Mail | Filed by Mehran Javaherian (Defendant) |
| **8/6/2026** | Minute Order (Case Management Conference) | Filed by Clerk |
| **8/6/2026** | Notice of Continuance | Filed by Mehran Javaherian (Defendant); Benjamin Javaherian (Defendant) |
| **8/3/2026** | Proof of Service by Mail | Filed by Hovhannes Nazaryan (Plaintiff) |
| **7/29/2026** | Proof of Personal Service | Filed by Hovhannes Nazaryan (Plaintiff) |
| **7/15/2026** | Amended Complaint (1st) | Filed by Hovhannes Nazaryan (Plaintiff) |
| **7/15/2026** | Summons on Amended Complaint (1st) | Filed by Hovhannes Nazaryan (Plaintiff) |
| **6/23/2026** | Notice Defendant's Notice of Pendency of Bankruptcy Court Adversary Proceeding and Application for Injunctive Relief | Filed by Mehran Javaherian (Defendant) |
| **6/15/2026** | Notice of Rejection Default/Clerk's Judgment | Filed by Clerk |
| **5/13/2026** | Proof of Service by Mail | Filed by Hovhannes Nazaryan (Plaintiff) |
| **5/7/2026** | Declaration of Hovhannes Nazaryan | Filed by Hovhannes Nazaryan (Plaintiff) |
| **4/21/2026** | Proof of Service of Summons | Filed by Hovhannes Nazaryan (Plaintiff) |
| **4/14/2026** | Order on Court Fee Waiver (Superior Court) | Filed by Clerk |
| **4/10/2026** | Certificate of Mailing for Notice of Lis Pendens | Filed by Clerk |
| **4/10/2026** | Notice of Lis Pendens | Filed by Hovhannes Nazaryan (Plaintiff) |
| **4/9/2026** | Notice of Case Management Conference | Filed by Clerk |

| | | |
|---|---|---|
| **4/9/2026** | Order to Show Cause Failure to File Proof of Service | Filed by Clerk |
| **4/8/2026** | Alternative Dispute Resolution Packet | Filed by Clerk |
| **4/8/2026** | Civil Case Cover Sheet | Filed by Hovhannes Nazaryan (Plaintiff) |
| **4/8/2026** | Complaint | Filed by Hovhannes Nazaryan (Plaintiff) |
| **4/8/2026** | Notice of Case Assignment - Unlimited Civil Case | Filed by Clerk |
| **4/8/2026** | Summons on Complaint | Filed by Clerk |

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | **Past Proceedings**

| | | | |
|---|---|---|---|
| **8/6/2026 08:30 AM** | Department B | Case Management Conference | Held - Continued |
| **8/6/2026 08:30 AM** | Department B | Order to Show Cause Re: Failure to File Proof of Service | Not Held - Vacated by Court |

## REGISTER OF ACTIONS

Case Information | **Register Of Actions** | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **9/28/2026** | Opposition Defendants Mehran Javaherian and Benjamin's Opposition to Plaintiff's Motion for Leave to Amend Prayer A of First Amended Complaint; Memorandum of Points and Authorities; Filed by: Mehran Javaherian (Defendant); Benjamin Javaherian (Defendant) |
| **9/28/2026** | Request for Judicial Notice; Filed by: Mehran Javaherian (Defendant); Benjamin Javaherian (Defendant) |
| **9/28/2026** | Request for Judicial Notice; Filed by: Mehran Javaherian (Defendant); Benjamin Javaherian (Defendant) |
| **9/28/2026** | Exhibit List; Filed by: Mehran Javaherian (Defendant); Benjamin Javaherian (Defendant) |
| **9/22/2026** | Proof of Service by Mail; Filed by: Hovhannes Nazaryan (Plaintiff); As to: Mehran Javaherian (Defendant); After Substituted Service of Summons and Complaint ?: No |
| **9/11/2026** | Hearing on Motion for Leave to Amend Leave to Amend Prayer A of First Amended Complaint scheduled for 10/08/2026 at 08:30 AM in Van Nuys Courthouse East at Department B |
| **9/10/2026** | Notice Statement of Punitive Damages CCP 425.115; Filed by: Hovhannes Nazaryan (Plaintiff); As to: Hovhannes Nazaryan (Plaintiff) |
| **9/10/2026** | Proof of Service by Mail; Filed by: Hovhannes Nazaryan (Plaintiff); As to: Mehran Javaherian (Defendant); Benjamin Javaherian (Defendant); After Substituted Service of Summons and Complaint ?: No |
| **9/10/2026** | Motion for Leave Leave to Amend Prayer A of FAC; Filed by: Hovhannes Nazaryan (Plaintiff) |
| **8/7/2026** | Proof of Service by Mail; Filed by: Mehran Javaherian (Defendant); As to: Hovhannes Nazaryan (Plaintiff); After Substituted Service of Summons and Complaint ?: No |
| **8/6/2026** | Case Management Conference scheduled for 11/04/2026 at 08:30 AM in Van Nuys Courthouse East at Department B |

| | |
|---|---|
| **8/6/2026** | Notice of Continuance; Filed by: Mehran Javaherian (Defendant); Benjamin Javaherian (Defendant) |
| **8/6/2026** | Minute Order (Case Management Conference) |
| **8/6/2026** | On the Court's own motion, Case Management Conference scheduled for 08/06/2026 at 08:30 AM in Van Nuys Courthouse East at Department B Held - Continued was rescheduled to 11/04/2026 08:30 AM |
| **8/3/2026** | Proof of Service by Mail; Filed by: Hovhannes Nazaryan (Plaintiff); As to: Mehran Javaherian (Defendant); After Substituted Service of Summons and Complaint ?: No |
| **7/29/2026** | Proof of Personal Service; Filed by: Hovhannes Nazaryan (Plaintiff); As to: Benjamin Javaherian (Defendant); Service Date: 07/28/2026; Service Cost Waived: No |
| **7/16/2026** | Updated -- Summons on Amended Complaint (1st): Name Extension changed from on Complaint (1st) to on Amended Complaint (1st) |
| **7/16/2026** | Updated -- Amended Complaint (1st): Name Extension: (1st) |
| **7/15/2026** | Summons on Complaint (1st); Issued and Filed by: Hovhannes Nazaryan (Plaintiff); As to: Benjamin Javaherian (Defendant) |
| **7/15/2026** | Amended Complaint; Filed by: Hovhannes Nazaryan (Plaintiff); As to: Mehran Javaherian (Defendant) |
| **6/29/2026** | Order to Show Cause Re: Failure to File Proof of Service scheduled for 08/06/2026 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Vacated by Court on 06/29/2026 |
| **6/23/2026** | Notice Defendant's Notice of Pendency of Bankruptcy Court Adversary Proceeding and Application for Injunctive Relief; Filed by: Mehran Javaherian (Defendant); As to: Mehran Javaherian (Defendant) |
| **6/15/2026** | Request for Entry of Default / Judgment; Filed by: Hovhannes Nazaryan (Plaintiff); As to: Mehran Javaherian (Defendant) |
| **6/15/2026** | ; Default not entered as to Mehran Javaherian; On the Complaint filed by Hovhannes Nazaran on 04/08/2026 |
| **6/15/2026** | Updated -- Request for Entry of Default / Judgment: Status changed from Filed to Rejected |
| **6/15/2026** | Notice of Rejection Default/Clerk's Judgment; Filed by: Clerk |
| **5/13/2026** | Proof of Service by Mail; Filed by: Hovhannes Nazaryan (Plaintiff); After Substituted Service of Summons & Complaint ?: No |
| **5/7/2026** | Declaration of Hovhannes Nazaryan; Filed by: Hovhannes Nazaryan (Plaintiff) |
| **4/21/2026** | Proof of Service of Summons; Filed by: Hovhannes Nazaryan (Plaintiff); As to: Mehran Javaherian (Defendant); Proof of Mailing Date: 04/20/2026; Service Cost: 0.00; Service Cost Waived: No |
| **4/14/2026** | Updated -- Order on Court Fee Waiver (Superior Court): Result: Denied |
| **4/14/2026** | Updated -- Order on Court Fee Waiver (Superior Court): Status Date changed from 04/13/2026 to 04/14/2026 ; Status changed from To Be Processed to Signed and Filed |
| **4/14/2026** | ** Case Name changed from HOVHANNES NAZARAN vs MEHRAN JAVAHERIAN to HOVHANNES NAZARYAN vs MEHRAN JAVAHERIAN |
| **4/13/2026** | Updated -- Hovhannes Nazaryan (Plaintiff): Last Name changed from Nazaran to Nazaryan |
| **4/10/2026** | Notice of Lis Pendens; Signed and Filed by: Hovhannes Nazaran (Plaintiff) |
| **4/10/2026** | Certificate of Mailing for Notice of Lis Pendens; Filed by: Clerk |
| **4/9/2026** | Case Management Conference scheduled for 08/06/2026 at 08:30 AM in Van Nuys Courthouse East at Department B |
| **4/9/2026** | Order to Show Cause Failure to File Proof of Service; Filed by: Clerk |
| **4/9/2026** | Notice of Case Management Conference; Filed by: Clerk |

| | |
|---|---|
| **4/9/2026** | Order to Show Cause Re: Failure to File Proof of Service scheduled for 08/06/2026 at 08:30 AM in Van Nuys Courthouse East at Department B |
| **4/8/2026** | Case assigned to Hon. Elaine W. Mandel in Department B Van Nuys Courthouse East |
| **4/8/2026** | Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk |
| **4/8/2026** | Alternative Dispute Resolution Packet; Filed by: Clerk |
| **4/8/2026** | Summons on Complaint; Issued and Filed by: Clerk |
| **4/8/2026** | Civil Case Cover Sheet; Filed by: Hovhannes Nazaran (Plaintiff) |
| **4/8/2026** | Complaint; Filed by: Hovhannes Nazaran (Plaintiff); As to: Mehran Javaherian (Defendant) |

Back To Top