Sanaz Sarah Bereliani, Esq. (CA Bar No. 256465)
**BERELIANI LAW FIRM, PC**
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
(310) 882-5482 – Voice
(888) 876-0896 – Facsimile
sanaz@berelianilaw.com – Email

Attorney for Defendants
MEHRAN JAVAHERIAN, and
BENJAMIN JAVAHERIAN

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>HOVHANNES NAZARYAN,<br><br>Debtor. | Case No. 1:25-bk-10617-MB<br><br>Chapter 7<br><br>Adv. No. 1:26-ap-01061-MB |
| HOVHANNES NAZARYAN,<br><br>Plaintiff,<br><br>vs.<br><br>MEHRAN JAVAHERIAN; BENJAMIN JAVAHERIAN,<br><br>Defendants. | [Removed from Los Angeles Superior Court, Case No. 26VECV02080]<br><br>[Related to Adv. No. 1:26-ap-01031-MB]<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER - PERSONAL PROPERTY**<br><br>[Relates to Adv. Dkt. No. 7]<br><br>[No hearing set]<br><br>Honorable Judge Martin Barash |

Defendants Mehran Javaherian and Benjamin Javaherian ("Defendants") oppose the Application for a Temporary Restraining Order - Personal Property (Adv. Dkt. 7) (the "Application") filed by Plaintiff and Debtor Hovhannes Nazaryan ("Plaintiff").

## I.

## INTRODUCTION

Plaintiff does not want the furniture. He says so: Defendants "may sell or deliver the personal property" so long as "not less than $400,000" is set aside. (Adv. Dkt. 7 at 2:3-6.) This is not a request to preserve property. It is a request to hold the furniture price as security for a claim that this Court's own order forecloses.

The furniture is the "used housing goods" Plaintiff scheduled at $1,000 and exempted at $1,000. The estate's interest in it was transferred to Mr. Javaherian under the Court's July 18, 2025 order, and Plaintiff was paid his $1,000. He is not likely to succeed. Nothing is about to happen to the furniture. Any harm could be fixed with money. And he has known Mr. Javaherian's position for more than a year. The Application should be denied.

## II.

## BACKGROUND

The background is set out in Defendants' Opposition to Plaintiff's Request for Partial Remand and is not repeated here. In short: the Court approved the Trustee's stipulation with Mr. Javaherian on July 18, 2025. (Bk. Dkt. 94, 96.) For $120,000, Mr. Javaherian received the estate's "right, title and interest in the Real Property . . . and the Personal Property." (Bk. Dkt. 94, ¶ 2.) Plaintiff's $1,000 exemption in the Personal Property was allowed, the order provided that he "shall not amend the amount," and the Trustee paid it. (*Id.*, ¶ 9; Adv. Dkt. 8 at 2:23-24.)

The Application rests on two emails, dated August 30 and September 1, 2026, from David Smith to an email account that Plaintiff says was "used at my direction." (Adv. Dkt. 7-2, ¶ 2; Adv. Dkt. 7-1.) Mr. Smith is Mr. Javaherian's listing agent, not a "buyer-side broker." The actual terms of the transaction are in Mr. Javaherian's declaration filed October 7, 2026 in the related adversary, of which Defendants ask the Court to take judicial notice. Mr. Javaherian has a signed lease-to-purchase agreement. The buyer will lease the house and has up to 12 months after it passes a mold test to buy it for $4,500,000. The buyer will pay $384,000 for furniture and appliances, outside of escrow, when the purchase closes. The piano, the living room furniture, and the entry table are not part of the sale. As of October 6, 2026, no escrow had been opened, the mold work was still in

progress, and the lease had not begun. (Adv. No. 1:26-ap-01031-MB, Javaherian Decl. ¶¶ 6-8.)

## III.

## ARGUMENT

### A. **<u>The Standard.</u>**

A temporary restraining order is an extraordinary remedy. Plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm without relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The same analysis applies to a temporary restraining order. See *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

### B. **<u>Plaintiff Is Not Likely to Succeed.</u>**

Plaintiff's own Application defeats his claim. He describes the property as the furniture "listed on Schedule C in the main case . . . as used housing goods, valued at $1,000, with a $1,000 exemption claimed." (Adv. Dkt. 7 at 1:23-25; Adv. Dkt. 7-2, ¶ 1.) That is the same schedule entry the Stipulation uses to define the "Personal Property" the Trustee transferred to Mr. Javaherian. (Bk. Dkt. 94, Recital C, ¶ 2.)

A $1,000 exemption gave Plaintiff $1,000, not the furniture. When a debtor claims an exemption in a stated dollar amount, the estate can still recover the "value in the asset beyond the dollar value the debtor expressly declared exempt." *Schwab v. Reilly*, 560 U.S. 770, 774 (2010). "[T]itle to the asset will remain with the estate," and the debtor "will be guaranteed a payment in the dollar amount of the exemption." *Id.* at 792; *Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206, 1210-11 (9th Cir. 2010). The estate kept the furniture, transferred its interest to Mr. Javaherian, and paid Plaintiff his exemption. The Trustee's final report records $1,000 received by the estate for the "Household Goods" and lists them as fully administered. (Bk. Dkt. 135 at 3, 6.) Plaintiff did not object or appeal, and he has told this Court that the order is final, that he was a party, and that he did not appeal. (Adv. No. 1:26-ap-01031-MB, Dkt. 19, ¶ 19.) See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010).

The dollar figures Plaintiff now uses make things worse for him, not better. He swore in his schedules that these goods were worth $1,000, and the Court approved a Stipulation that relied

on that figure. He cannot now take the opposite position. See *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-85 (9th Cir. 2001) (debtor estopped from taking a position contrary to his bankruptcy schedules). And if the goods were worth more than he said, the extra value belonged to the estate, which the Trustee administered through the Court-approved transfer. *Schwab*, 560 U.S. at 774; *Gebhart*, 621 F.3d at 1211.

Even if the Court saw a serious question about what the Personal Property covers, Plaintiff would still have to show irreparable harm and that the hardships tip sharply his way. See *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). He cannot.

**C. Plaintiff Has Not Shown Irreparable Harm.**

No escrow is open. The lease has not started. The buyer has up to a year after the mold test to close, and the furniture is paid for only at closing. Plaintiff offers nothing to show that any furniture will be sold, paid for, or removed before this Court can decide who owns it. The order he asks for is aimed at an "escrow line" that does not exist. A possibility of harm is not enough. *Winter*, 555 U.S. at 22.

Plaintiff agrees the furniture can be sold. All he wants is cash set aside. He has already told this Court that "[m]oney damages are an adequate remedy for alleged conversion and unjust enrichment of furnishings" and that a dispute over the furniture price "is a dollar dispute." (Adv. No. 1:26-ap-01031-MB, Dkt. 19, ¶ 17.) An injury that money can fix is not irreparable. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980).

On a claim for money damages, a court has no authority "to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets." *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). Plaintiff's main furniture claims are damages claims he wants tried to a jury. (Adv. Dkt. 10, ¶ 3.) Defendants recognize that the rule is different where a plaintiff in an adversary proceeding pleads equitable claims, and that the complaint also uses the words restitution and accounting. See *Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077, 1085 (9th Cir. 2004). That does not help Plaintiff. Even where a freeze is available, he still has to meet the *Winter* test. He has not. And there is no evidence that Defendants are hiding or

dissipating anything, or that a judgment could not be collected.

Rule 64 makes state prejudgment remedies available in an adversary proceeding. Fed. R. Bankr. P. 7064; Fed. R. Civ. P. 64. Plaintiff has not used any of them and would not qualify. With exceptions that do not apply here, attachment in California is limited to contract claims for a fixed or readily ascertainable amount, and against an individual it is limited to claims arising out of the individual's trade, business, or profession. Cal. Code Civ. Proc. § 483.010(a), (c). Plaintiff sues in tort. A plaintiff who claims specific personal property can apply for a writ of possession, and for a temporary restraining order with it, but only on a sworn showing that he is entitled to possession and with an undertaking. *Id.* §§ 512.010, 513.010. Plaintiff has not applied for a writ of possession, has posted no undertaking, and does not want possession.

He has known Mr. Javaherian's position for more than a year. In September 2025 his lawyer asked for the return of a piano and was told in writing that the estate's interest in all of the personal property had been transferred and that Plaintiff had been paid his $1,000. (FAC ¶ 35 & Ex. B (Adv. Dkt. 1, Ex. A).) He did not come back to this Court. Delay alone does not decide the issue, but it counts. A "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

**D. <u>The Balance of Hardships and the Public Interest Favor Defendants.</u>**

Mr. Javaherian paid the estate $120,000 and has held the estate's interest in the house and its contents under a final order for more than a year. A hold on the furniture price would not preserve the status quo. It would put a cloud on a signed transaction for property he acquired from a bankruptcy estate. Plaintiff loses nothing if the Application is denied; if he ever proved a claim, he would have a money judgment. The public interest is in the finality of bankruptcy court orders and in buyers being able to rely on them.

**E. <u>A Preliminary Injunction Requires a Noticed Motion.</u>**

Plaintiff asks for relief that would last "until the remand is decided." (Adv. Dkt. 7 at 1:18.) The remand hearing is December 9, 2026. To the extent the Application asks for an order lasting until then, it is a request for a preliminary injunction, which requires a motion on notice and a

hearing. Fed. R. Civ. P. 65(a)(1); LBR 7065-1(b)(2); LBR 9013-1(d)(2). Plaintiff has not set one.

**F. <u>If Any Relief Is Granted, Plaintiff Should Post a Bond.</u>**

Rule 7065 permits, but does not require, the Court to excuse a debtor from posting security. If the Court grants any relief, it should require security in the amount restrained. Fed. R. Civ. P. 65(c).

## IV.

## EVIDENTIARY OBJECTION

Defendants do not dispute that Exhibit A to the Application consists of emails from Mr. Smith. They are not evidence of the terms of the transaction; those are in Mr. Javaherian's declaration. Defendants object to paragraph 3 of Plaintiff's declaration (Adv. Dkt. 7-2) to the extent "I claim it" is offered as evidence that he owns the property. Fed. R. Evid. 602.

## V.

## CONCLUSION

Defendants respectfully ask the Court to deny the Application.

Dated: October 12, 2026

**BERELIANI LAW FIRM, PC**

By: /s/ Sanaz Sarah Bereliani
Sanaz Sarah Bereliani, Attorneys for
Defendants Mehran Javaherian and
Benjamin Javaherian

| In re: **JAVAHERIAN V NAZARYAN** Debtor(s). | CHAPTER: **7**<br>CASE NUMBER: **1:25-bk-10617-MB**<br>AP CASE: **1:26-bk-01061-MB** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**12100 Wilshire Blvd., 8th Floor**
**Los Angeles, CA 90025**

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER - PERSONAL PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/12/2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Sanaz Sarah Bereliani: berelianilaw@gmail.com**
**Nancy J Zamora (TR): zamora3@aol.com, nzamora@ecf.axosfs.com**
**United States Trustee (SV): ustpregion16.wh.ecf@usdoj.gov**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **10/12/2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Plaintiff, pro se: Hovhannes Nazaryan, c/o Orion RRC, Behavioral Systems Southwest, 8141 Orion Avenue, Van Nuys, CA 91406
Chapter 7 Trustee: Nancy J. Zamora, U.S. Bank Tower, 633 West 5th Street, Suite 2600, Los Angeles, CA 90071
United States Trustee: United States Trustee (SV), 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017
Judge's copy: waived per Judge Barash's procedures (Serving Judge's Copy of Documents

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/12/2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**clericalassistant.nazaryan@gmail.com**

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **10/12/ 2026** | **Andrea Gomez** | **/s/ Andrea Gomez** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |