SANAZ SARAH BERELIANI, ESQ. (SBN 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Boulevard, 8th Floor
Los Angeles, California 90025
Telephone: (310) 882-5482
Facsimile: (888) 876-0896
Email: sanaz@berelianilaw.com

Attorneys for Defendants
MEHRAN JAVAHERIAN
BENJAMIN JAVAHERIAN

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>HOVHANNES NAZARYAN,<br><br>Debtor.<br><br>HOVHANNES NAZARYAN,<br>Plaintiff,<br><br>vs.<br><br>MEHRAN JAVAHERIAN; BENJAMIN JAVAHERIAN,<br><br>Defendants. | Case No. 1:25-bk-10617-MB<br><br>Chapter 7<br><br>Adv. No. 1:26-ap-01061-MB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MEHRAN JAVAHERIAN AND SANAZ SARAH BERELIANI**<br><br>**[Statement of Uncontroverted Facts and Conclusions of Law and Proposed Judgment filed and lodged separately]**<br><br>[Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056; LBR 7056-1]<br><br><u>Hearing</u><br>Date: To be set by the Court<br>Time: To be set by the Court<br>Place: Courtroom 303<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |

TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE; PLAINTIFF HOVHANNES NAZARYAN; THE CHAPTER 7 TRUSTEE; AND THE UNITED STATES TRUSTEE:

PLEASE TAKE NOTICE that Defendants Mehran Javaherian and Benjamin Javaherian ("Defendants") move under Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056, and Local Bankruptcy Rule 7056-1, for summary judgment in their favor on every count of the First Amended Complaint ("FAC") of Plaintiff and Debtor Hovhannes Nazaryan ("Plaintiff"). (Adv. Dkt. 1, Ex. A.) In the alternative, Defendants move for partial summary judgment on each count on which the Court finds no genuine dispute of material fact, and for an order under Rule 56(g) stating the material facts that are not genuinely in dispute.

Under Judge Barash's procedures, the Court sets the hearing date for a motion for summary judgment after the motion is filed. Defendants will file and serve notice of the hearing date, with the Court's ZoomGov notice, when the Court provides it.

The motion is made on the grounds that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law because: (1) the personal property Plaintiff says was converted was property of his bankruptcy estate, the estate's interest in it was transferred to Mehran Javaherian under this Court's July 18, 2025 order, and Plaintiff's $1,000 exemption was allowed and paid; (2) the FAC is an attack on that final order; (3) the claims based on events in 2024 belong to the bankruptcy estate, were never scheduled, and were released by the Trustee; and (4) the remaining counts depend on the others and fail with them.

The motion is based on this Notice, the attached Memorandum of Points and Authorities and declarations of Mehran Javaherian and Sanaz Sarah Bereliani with their exhibits, the Statement of Uncontroverted Facts and Conclusions of Law and proposed judgment filed and lodged with this motion, the Court's files in this adversary proceeding, in Adversary No. 1:26-ap-01031-MB, and in the bankruptcy case, and any argument at the hearing.

Under Local Bankruptcy Rule 7056-1(c), any response must be filed and served not later than 21 days before the hearing, and must be accompanied by a separate Statement of Genuine Issues identifying each material fact Plaintiff contends is disputed, with citations to the evidence. Any reply is due not later than 14 days before the hearing. LBR 7056-1(d). Defendants consent to the entry of final orders and judgment by the Bankruptcy Court.

NOTICE TO PLAINTIFF, WHO IS NOT REPRESENTED BY AN ATTORNEY

Defendants have asked the Court to decide this case against you without a trial, by a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The motion says that the facts that matter are not in dispute and that Defendants are entitled to judgment under the law. If the Court agrees, the case will end and there will be no trial.

To oppose the motion, you must file a written response by the deadline above. You cannot simply rely on what your complaint says. You must set out specific facts, in declarations signed under penalty of perjury or in other admissible evidence such as documents, that show there is a genuine dispute about a fact that matters. You must also file a separate Statement of Genuine Issues that lists each fact in Defendants' Statement of Uncontroverted Facts that you say is disputed and cites the evidence that disputes it. LBR 7056-1(c). If you believe you need discovery before you can respond, you must say in a declaration what specific facts you expect to find and why they would change the result. Fed. R. Civ. P. 56(d); LBR 7056-1(c)(4). If you do not respond, or if your response does not show a genuine dispute with evidence, the Court may treat Defendants' facts as admitted and enter judgment against you. Fed. R. Civ. P. 56(e); LBR 7056-1(f).

Respectfully submitted,
**BERELIANI LAW FIRM, PC**

Dated: October 29, 2026

By: /s/ Sanaz Sarah Bereliani
Sanaz Sarah Bereliani, Attorneys for Defendants, Mehran Javaherian and Benjamin Javaherian

**TABLE OF CONTENTS**

Page

I. INTRODUCTION....4

II. THE UNDISPUTED FACTS....4

A. The Schedules....4

B. The Stipulation and Order....5

C. The Complaint and What Plaintiff Has Told This Court....5

III. THE STANDARD....6

IV. ARGUMENT....7

A. Counts 1 and 2 Fail Because Plaintiff Did Not Own the Furniture....7

B. The Complaint Is an Attack on a Final Order of This Court....9

C. Counts 5 and 6 Belong to the Estate and Were Released....10

D. The Remaining Counts Fall With the Others....11

E. This Court Can Enter Judgment....11

F. No Discovery Is Needed....12

V. CONCLUSION....12

# TABLE OF AUTHORITIES

Page

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)....6
*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503 (1994)....11
*Burlesci v. Petersen*, 68 Cal. App. 4th 1062 (1998)....7
*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)....6
*Celotex Corp. v. Edwards*, 514 U.S. 300 (1995)....9
*Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001)....8, 10
*Dzakula v. McHugh*, 746 F.3d 399 (9th Cir. 2014)....9
*Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014)....12
*Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206 (9th Cir. 2010)....7
*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001)....9
*Janis v. California State Lottery Com.*, 68 Cal. App. 4th 824 (1998)....11
*Keathley v. Buddy Ayers Constr., Inc.*, 608 U.S. 647 (2026)....9
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)....6
*New Hampshire v. Maine*, 532 U.S. 742 (2001)....9
*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006)....6
*Schroeder v. McDonald*, 55 F.3d 454 (9th Cir. 1995)....7
*Schwab v. Reilly*, 560 U.S. 770 (2010)....7, 8
*Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559 (1996)....7
*Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009)....9, 12
*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010)....9

**Statutes**

11 U.S.C. § 541(a)(1)....7, 10
11 U.S.C. § 554(c), (d)....8, 10
28 U.S.C. § 157(b)(2)....11
28 U.S.C. § 157(c)(1)....12
Cal. Code Civ. Proc. § 703.140(b)(3)....4

**Rules**

Fed. R. Bankr. P. 7056....6
Fed. R. Bankr. P. 8002(a)(1)....9
Fed. R. Bankr. P. 9014(b)....9
Fed. R. Bankr. P. 9024....10
Fed. R. Civ. P. 5(b)(1)....9
Fed. R. Civ. P. 17(a)(3)....11
Fed. R. Civ. P. 56....6, 12
Fed. R. Civ. P. 60(c)(1)....10
Fed. R. Civ. P. 60(d)(3)....10
Fed. R. Evid. 201....6
Fed. R. Evid. 801(d)(2)....6
LBR 7056-1....6, 12

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff is a Chapter 7 debtor. He scheduled the contents of his house as "used housing goods" worth $1,000 and exempted $1,000. On July 18, 2025, this Court approved a stipulation in which the Trustee transferred the estate's interest in the house and in that personal property to Mehran Javaherian for $120,000, allowed Plaintiff's exemption at $1,000, and provided that he "shall not amend" it. Plaintiff had counsel. He did not object or appeal, and he was paid his $1,000.

He now sues Mr. Javaherian and his brother for more than $250,000, saying they "converted" the same furniture, and for interfering with a sale of the house in 2024. The facts that decide this case are not in dispute. They come from Plaintiff's own sworn schedules, this Court's order, the Trustee's final report, Plaintiff's verified complaint, and what Plaintiff has told this Court. On those facts, the furniture claims fail because Plaintiff did not own the furniture after July 18, 2025. The 2024 claims fail because they arose before the bankruptcy, belong to the estate, were never scheduled, and were released by the Trustee. And the complaint as a whole is an attack on a final order that Plaintiff has told this Court he accepts. Defendants are entitled to judgment on every count.

## II. THE UNDISPUTED FACTS

The facts are set out, with the evidence for each, in the separate Statement of Uncontroverted Facts and Conclusions of Law ("SUF") filed with this motion. In summary:

### A. The Schedules.

Plaintiff filed this Chapter 7 case through counsel on April 14, 2025. (SUF 2.) He listed the furnishings of the house in one entry, as "Used housing goods" worth $1,000. He listed no collectibles, no sports or hobby equipment, no other household items, and no other property. Asked whether he had claims against third parties, he answered "No." (SUF 3-4.) On Schedule C he claimed an exemption in a specific dollar amount, $1,000, under Cal. Code Civ. Proc. § 703.140(b)(3), and did not check the box for "100% of fair market value." (SUF 5.) He signed the schedules under penalty of perjury and has never amended them. (SUF 6-7.)

**B. The Stipulation and Order.**

On July 16, 2025, the Trustee's sale motion, Mr. Javaherian's stay relief motion, and Plaintiff's own motion to compel abandonment were heard together, and the Trustee and Mr. Javaherian put the terms of a settlement on the record. (SUF 8-9.) The written Stipulation was filed July 18, 2025 and served that day on Plaintiff's counsel. (SUF 10, 17.) The Court approved it "in its entirety" the same day. (SUF 18.) Four terms matter here. Mr. Javaherian paid $120,000 "in exchange for Trustee's release and transfer to Creditor of the Estate's right, title and interest in the Real Property . . . and the Personal Property," and the "Personal Property" is the personal property at the house "described in Debtor's schedules . . . as 'used housing goods.'" (SUF 11-12.) Plaintiff's exemption was "deemed allowed," he "shall not amend the amount," and the Trustee was authorized to pay him $1,000. (SUF 14.) Plaintiff's abandonment motion was declared moot. (SUF 13.) And the Trustee, for the estate, released Mr. Javaherian and his agents from all claims, known or unknown, "relating to or arising from the Real Property, the Personal Property, and/or the Case." (SUF 16.)

No one objected to the Stipulation, appealed the order, or moved to set it aside. (SUF 19.) Mr. Javaherian paid the $120,000. (SUF 20.) The Trustee's final report records $1,000 of that payment received for the "Household Goods," lists the asset as fully administered, and shows the $1,000 exemption check to Plaintiff through his counsel. (SUF 21-22.) Plaintiff admits the Trustee "paid the exemption." (SUF 22.) Mr. Javaherian took possession of the house and its contents after the order. (SUF 24.) In September 2025, Plaintiff's lawyer asked for the return of a piano and was told in writing that all of the personal property had been transferred to Mr. Javaherian. (SUF 25.) Plaintiff says the piano belongs to his daughter. (SUF 26.)

**C. The Complaint and What Plaintiff Has Told This Court.**

Plaintiff sued in state court on April 8, 2026 and filed a verified First Amended Complaint ("FAC") on July 15, 2026. (SUF 27.) The FAC admits that under the Stipulation "the Trustee transferred to Mehran all of the Estate's right, title, and interest in the Real Property and Personal Property." (SUF 28.) Its claims for interference and conspiracy rest on events between September 2024 and January 30, 2025, when a buyer cancelled escrow, all before the petition. (SUF 29.) It alleges that Benjamin

Javaherian acted as his brother's agent. (SUF 30.) On September 28, 2026, in the related adversary, Plaintiff told this Court: "Defendant accepts what Docket 96 decided. The Sale Order is final. Defendant was a party. He did not appeal." He said that "[t]o the extent any claim existed on the petition date and remained estate property, the Trustee administered the estate's interest through Docket 96," and he declared, "I do not ask this Court to unwind Docket 96 or to recover the $120,000 paid to the estate." (SUF 31.)

## III. THE STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. A fact is material if it could change the outcome. A dispute is genuine only if the evidence would let a reasonable trier of fact find for Plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff has the burden of proof on his claims, so Defendants can meet their burden on this motion by "pointing out" that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Plaintiff then has to come forward with evidence of his own. He "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence" is not enough. *Anderson*, 477 U.S. at 252. And under this Court's rules, a fact in Defendants' separate statement may be treated as admitted unless Plaintiff controverts it with a declaration or other evidence in a statement of genuine issues. LBR 7056-1(f).

Every document this motion relies on is a record of this Court, printed from CM/ECF and authenticated by counsel's declaration, and the Court may take judicial notice of its own files and docket. Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The schedules are Plaintiff's own sworn statements. The Stipulation and the order are the operative documents whose terms are at issue. The Trustee's Final Report is her report certified under penalty of perjury, filed in this case and acted on by the Court. Plaintiff's verified complaint and his filings in the related adversary are his own statements and are admissible against him. Fed. R. Evid. 801(d)(2)(A). His verified complaint can also serve as his own declaration, but only for facts within his personal knowledge.

*Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995). Who owned the furniture after this Court's order is a question of law, not a fact he can establish by swearing to it. The rest comes from the declarations of Mehran Javaherian and counsel filed with this motion.

## IV. ARGUMENT

### A. Counts 1 and 2 Fail Because Plaintiff Did Not Own the Furniture.

Conversion requires "the plaintiff's ownership or right to possession of the property." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1065-66 (1998). Trespass to chattels "lies where an intentional interference with the possession of personal property has proximately caused injury." *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559, 1566 (1996). Both claims depend on Plaintiff having owned the furniture, or having had the right to possess it, when Defendants took control of it. The FAC puts that after the July 18, 2025 order. (SUF 24.) On the undisputed record, he did not.

**1. The estate's interest in the furniture went to Mr. Javaherian.** When Plaintiff filed his petition, everything he owned became property of the estate. 11 U.S.C. § 541(a)(1). He scheduled the furnishings of the house as "used housing goods." (SUF 3.) The Stipulation uses that same entry to define the Personal Property, and it transferred the estate's "right, title and interest" in the Personal Property to Mr. Javaherian. (SUF 11-12.) Plaintiff admits the transfer in his verified complaint. (SUF 28.) The Trustee's own accounting confirms it: $1,000 received for the Household Goods, asset fully administered. (SUF 21.) The Stipulation's reference to "certain personal property . . . described in Debtor's schedules . . . as 'used housing goods'" (SUF 11) is not a carve-out. It tracks the one entry Plaintiff made. He scheduled no other personal property at the house (SUF 3), so there was nothing else for the Stipulation to leave out.

**2. A $1,000 exemption gave Plaintiff $1,000, not the furniture.** When a debtor claims an exemption in a stated dollar amount, the estate can still recover the "value in the asset beyond the dollar value the debtor expressly declared exempt." *Schwab v. Reilly*, 560 U.S. 770, 774 (2010). "[T]itle to the asset will remain with the estate," and the debtor "will be guaranteed a payment in the dollar amount of the exemption." *Id.* at 792. A debtor who wants the asset itself has to say so, by claiming "100% of FMV." *Id.* at 792-93; *Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206, 1210-11 (9th Cir. 2010). That is so

even though no one objected to the exemption. An exemption claimed in a dollar amount is allowed in that amount, and the estate keeps the rest without having to object. *Schwab*, 560 U.S. at 774, 792. Plaintiff claimed $1,000 and did not check the box for 100% of fair market value. (SUF 5.) The furniture stayed in the estate, the Trustee transferred the estate's interest in it, and Plaintiff was paid his $1,000. (SUF 12, 22.) Plaintiff did not sign the Stipulation, but he did not need to. The Court approved it after notice to his counsel, and the order binds him. (Part IV.B.)

**3. Nothing was left for Plaintiff to own.** The FAC attaches an inventory and says the items on it were worth more than $250,000. That does not help him. Either an item was part of the "used housing goods" he scheduled, in which case the estate's interest in it went to Mr. Javaherian, or it was not, in which case he never scheduled it. Property a debtor does not schedule is not abandoned to him, even when the case closes; it stays in the estate. 11 U.S.C. § 554(c), (d). He cannot sue on it. *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001). Either way the furniture was not Plaintiff's on July 18, 2025 or after. And any claim the estate itself might have had about the Personal Property was released. (SUF 16.) As for the piano, Plaintiff says it belongs to his daughter. (SUF 26.) He cannot sue for conversion of property he says is someone else's. Whether a particular item was ordinary furniture or something more valuable is therefore not a material fact: the answer is the same either way, and a dispute about it would not let a trier of fact find for Plaintiff. The judgment Defendants ask for decides only that Plaintiff has no claim to the furniture; it does not declare title to any particular item.

**4. His sworn valuation does not help him either.** Plaintiff told this Court under penalty of perjury, through counsel, that the household goods were worth $1,000. The Court approved a Stipulation that recited that figure, allowed his exemption in that amount, and provided that he would not amend it. He took the money. He now swears the same goods were worth more than $250,000. Even taken at face value, that does not give him a claim. If the goods were worth more than he said, the extra value belonged to the estate, not to him, and the estate transferred its interest to Mr. Javaherian. *Schwab*, 560 U.S. at 774, 792. His complaint says he had limited ability to review his schedules from prison. (FAC ¶ 30.) That was an argument to make to this Court in 2025, by amending his schedules or moving against the order. He did neither.

Judicial estoppel is a separate ground, and Defendants have pleaded it. A debtor who takes one position in his sworn schedules and gets the benefit of it can be held to it when he takes the opposite position later. *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-85 (9th Cir. 2001). The Supreme Court held this year that a court deciding whether a debtor's omission from his schedules was inadvertent or mistaken must look at the totality of the circumstances, not just his knowledge and motive. *Keathley v. Buddy Ayers Constr., Inc.*, 608 U.S. 647, 650 (2026). The circumstances here all point the same way: Plaintiff had counsel, he signed the schedules, he was paid on them, he has never amended them, and he has told this Court the order is final. *Cf. Dzakula v. McHugh*, 746 F.3d 399, 401-02 (9th Cir. 2014) (estoppel applied where debtor offered no evidence explaining the omission and did not amend until after the motion). But the Court does not need to reach estoppel. The motion turns on who owned the goods after July 18, 2025, and the answer comes from the schedules, the order, and § 541.

**B. The Complaint Is an Attack on a Final Order of This Court.**

The FAC asks the Court to treat the July 18, 2025 order as if it did not transfer the Personal Property, complains that Plaintiff had limited ability to review his schedules and did not get proper notice of the transfer, and lists "pursuing the bankruptcy settlement route" as one of Defendants' wrongful acts. (FAC ¶¶ 2, 30, 32, 34, 49, 52.) These are attacks on the order, made in a lawsuit for damages.

A final bankruptcy order cannot be attacked that way. This Court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders," and once such an order is final it binds the parties and those in privity with them. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151-53 (2009); see *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). An order binds a party who had notice and did not object or appeal. See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010) (order "remains enforceable and binding" where party "had notice of the error and failed to object or timely appeal"). Plaintiff's counsel was served with the Stipulation, and the order disposed of Plaintiff's own motion. (SUF 13, 17.) Service on his counsel was service on him. Fed. R. Bankr. P. 9014(b); Fed. R. Civ. P. 5(b)(1). That he was in custody at the time does not change that; he had counsel of record in the case, and she stayed in it for another thirteen months. (SUF 17.) He had 14 days to appeal. Fed. R. Bankr. P. 8002(a)(1). He had

one year to ask for relief based on mistake or fraud, and that year ended on July 18, 2026. Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60(c)(1). He did neither. (SUF 19.) Nor does the FAC plead the kind of fraud on the Court that Rule 60(d)(3) reaches; it pleads a bad bargain. He has instead told this Court that the order is final, that he was a party, that he did not appeal, and that he does not ask the Court to unwind it. (SUF 31.)

**C. Counts 5 and 6 Belong to the Estate and Were Released.**

Count 5 alleges that Defendants interfered with a sale of the house between September 2024 and January 30, 2025, when the buyer cancelled escrow. Count 6 alleges a conspiracy to do the same thing and to foreclose. (SUF 29.) The advantage Plaintiff says he lost was that sale, and by his own account it ended on January 30, 2025. Nothing that happened after that date could have interfered with it. To the extent Count 5 also points to Defendants "pursuing the bankruptcy settlement route" (FAC ¶ 52), that is participation in a proceeding before this Court that ended in a court-approved settlement. It came after the sale had already failed, and it is the attack on the order addressed in Part IV.B. Whatever claim Plaintiff had for the 2024 events, he had it on April 14, 2025, when he filed his petition. It became property of the estate. 11 U.S.C. § 541(a)(1).

Plaintiff did not schedule it. He swore that he had no claims against third parties. (SUF 4.) A claim the debtor does not schedule is not abandoned to him, and he cannot sue on it. 11 U.S.C. § 554(c), (d); *Cusano*, 264 F.3d at 945-46.

Plaintiff has already agreed with this. He told this Court that "[t]o the extent any claim existed on the petition date and remained estate property, the Trustee administered the estate's interest through Docket 96." (SUF 31.) That is correct, and it ends these counts. In the Stipulation the Trustee, for the estate, released Mr. Javaherian and his agents from all claims, known or unknown, "relating to or arising from the Real Property, the Personal Property, and/or the Case." (SUF 16.) The release took effect when the order became final without appeal and the Trustee received the full payment on August 4, 2025. (SUF 16, 19-20.) A claim that Mr. Javaherian and his brother wrongly interfered with a sale of the Real Property and foreclosed on it is that kind of claim. Benjamin Javaherian acted as his brother's agent and holds no interest in the house or its contents (SUF 30), so the release covers him too. And because the Trustee

released these claims, the estate was fully administered, and the Trustee has been served with this motion, there is no one left to ratify or join as the real party in interest. Fed. R. Civ. P. 17(a)(3).

Count 6 fails for another reason. "Conspiracy is not a cause of action." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994). "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Id.* at 511. Because the conversion and interference claims fail, the conspiracy claim fails with them.

**D. The Remaining Counts Fall With the Others.**

**Count 3, unjust enrichment.** Plaintiff says Defendants were unjustly enriched by keeping the furniture "and the Property itself." (FAC ¶ 45.) Mr. Javaherian holds both under a transfer this Court approved, for which he paid the estate $120,000. (SUF 12, 18, 20.) Whether that price was enough for the estate's interest was a question for the Trustee, the creditors, and this Court in July 2025, on notice to Plaintiff's counsel. It was answered when the order was entered, and again when the Final Report was approved without objection. (SUF 17-19, 21-23.) If the house or its contents are worth more today than the estate was paid, that is not unjust enrichment; it is what a final order means. The count is another way of attacking the order.

**Count 4, declaratory relief.** Plaintiff asks for a declaration that the settlement "resolved only the estate's interest in the real property." (FAC ¶ 49.) The Stipulation says the opposite on its face, and the FAC admits it. (SUF 12, 28.) The Court cannot declare that its order means something it does not say.

**Count 7, accounting.** "A right to an accounting is derivative; it must be based on other claims." *Janis v. California State Lottery Com.*, 68 Cal. App. 4th 824, 833 (1998). Plaintiff asks for an accounting of rents, profits, and proceeds from the house and the furniture. (FAC ¶¶ 60-61.) He has no interest in either, so nothing is due to him.

**Prayer E, cancellation of instruments.** No count supports this prayer, and Plaintiff has told the Court he does not ask to unwind the order. (SUF 31.)

**E. This Court Can Enter Judgment.**

The claims turn on Plaintiff's schedules, his exemption, and the effect of this Court's order approving the transfer of estate property. They are core. 28 U.S.C. § 157(b)(2)(A), (B), (N), (O).

Defendants have consented to the entry of final orders and judgment by this Court. (Adv. Dkt. 1, ¶ 12; Answer, Statement Regarding Consent.) If the Court concludes that any claim is not core, Defendants ask that it treat this motion as to that claim as a request for proposed findings and conclusions and submit them to the District Court. 28 U.S.C. § 157(c)(1); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 36 (2014). Plaintiff's jury demand does not change this. A jury decides disputed facts. Where the record leaves none, there is nothing for a jury to decide.

The Court's order to show cause regarding remand is set for December 9, 2026. Defendants ask that this motion be heard as soon after it as the Court's calendar allows. If the case stays here, the motion is ready to decide on this record. The same question, what the July 18, 2025 order transferred, is also before the Court in Adversary No. 1:26-ap-01031-MB, where Plaintiff has told the Court that he accepts what Docket 96 decided. (SUF 31.) Deciding it once, on the documents, serves both cases.

**F. No Discovery Is Needed.**

Rule 56 allows a motion for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Defendants answered the FAC on October 23, 2026, and discovery has not begun. That is not a reason to wait. Plaintiff may ask for time to take discovery before the Court rules, but to get it he must show by declaration the specific facts he expects to find and why they would defeat the motion. Fed. R. Civ. P. 56(d); LBR 7056-1(c)(4). He cannot. The facts that decide this motion are his own schedules, this Court's order, the Trustee's sworn report, and his own statements to this Court. No discovery can change what he scheduled, what the order says, or what he has told the Court. Discovery into the value or identity of particular items, including the estate broker's video of the Personal Property (SUF 15), would not matter either, because the result is the same whether an item was within the "used housing goods" he scheduled or not. (Part IV.A.3.) Nor would discovery into what the Trustee meant. The Stipulation is a written agreement approved by order of this Court, and what it transferred is for the Court to decide from its terms. *Travelers*, 557 U.S. at 151.

## V. CONCLUSION

Defendants respectfully ask the Court to grant summary judgment in their favor on every count of the First Amended Complaint and to enter the proposed judgment filed and lodged with this motion.

If the Court finds a genuine dispute on any count, Defendants ask for summary judgment on the remaining counts and for an order under Rule 56(g) stating the material facts that are not genuinely in dispute.

Respectfully submitted,
**BERELIANI LAW FIRM, PC**

Dated: October 29, 2026

By: /s/ Sanaz Sarah Bereliani
Sanaz Sarah Bereliani, Attorneys for Defendants, Mehran Javaherian and Benjamin Javaherian

**DECLARATION OF MEHRAN JAVAHERIAN**

I, Mehran Javaherian, declare:

1. I am a defendant in this adversary proceeding. I have personal knowledge of the facts below and could testify to them.

2. In July 2023, I made a loan of $1,200,000 to Hovhannes Nazaryan and Artur Nazaryan, secured by a second deed of trust, recorded July 13, 2023, against the real property at 24366 La Masina Court, Calabasas, California 91302 (the "Property").

3. I am the "Creditor" in the Stipulation filed July 18, 2025 in Mr. Nazaryan's bankruptcy case (Bk. Dkt. 94) and approved by the Court's order of the same day (Bk. Dkt. 96).

4. I paid the $120,000 settlement payment required by the Stipulation: $30,000 by wire to the Trustee on or about July 21, 2025, and the $90,000 balance by wire on or about August 4, 2025, which was sent from my brother Benjamin Javaherian's account on my behalf.

5. After the Court entered the order approving the Stipulation, the Trustee turned over the keys to the Property to me, and I took possession of the Property and the furniture and other personal property in it. I received none of that property from Mr. Nazaryan.

6. In September 2025, Mr. Nazaryan's bankruptcy counsel, Anita Khachikyan, asked my then-counsel to return a piano that was at the Property. My counsel responded in writing that the estate's interest in all of the personal property at the Property had been transferred to me under the Stipulation and order.

///

///

///

7. My brother, Benjamin Javaherian, has acted as my point of contact in communications about the loan and the Property. He has no ownership interest in the Property or in any of the personal property in it, and none of it was transferred to him.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 27, 2026, in California.

Mehran Javaherian

**DECLARATION OF SANAZ SARAH BERELIANI**

I, Sanaz Sarah Bereliani, declare:

1. I am an attorney licensed to practice before this Court and counsel of record for Defendants Mehran Javaherian and Benjamin Javaherian. I have personal knowledge of the facts below and could testify to them. Each exhibit described below was printed from the Court's CM/ECF system and is a true and correct copy of the document on file.

2. Attached as **Exhibit A** are pages 12 through 16 and 40 of Docket No. 1 in Case No. 1:25-bk-10617-MB, which are from Plaintiff's Schedules A/B and C and his declaration about his schedules.

3. Attached as **Exhibit B** is the Stipulation By and Between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay, filed July 18, 2025 as Docket No. 94 in Case No. 1:25-bk-10617-MB, including its proof of service.

4. Attached as **Exhibit C** is the Order Approving that Stipulation, entered July 18, 2025 as Docket No. 96 in Case No. 1:25-bk-10617-MB.

5. Attached as **Exhibit D** are pages 1 through 6 of the Chapter 7 Trustee's Final Report, filed December 11, 2025 as Docket No. 135 in Case No. 1:25-bk-10617-MB.

6. Attached as **Exhibit E** are pages 5 through 7 and 11 of the opposition and declaration that Plaintiff filed on September 28, 2026 as Docket No. 19 in Adversary No. 1:26-ap-01031-MB.

7. Attached as **Exhibit F** is the docket of Case No. 1:25-bk-10617-MB as of the date of this declaration.

8. I have reviewed that docket. It shows no objection to the Stipulation, no notice of appeal from the order approving it, no motion for relief from that order, no amended Schedule A/B or C, and no objection to the Trustee's Final Report. It shows that the Court entered its order of distribution on January 7, 2026 (Docket No. 139). It also shows that Anita Khachikyan filed the petition as Plaintiff's counsel on April 14, 2025, and that a substitution of attorney replacing her with Plaintiff, representing

himself, was not filed until August 13, 2026 (Docket No. 151).

9. Attached as **Exhibit G** is Plaintiff's Memorandum in Response to Order to Show Cause re Remand, filed October 8, 2026 as Docket No. 8 in this adversary proceeding.

10. The First Amended Complaint and its exhibits are part of Exhibit A to the Notice of Removal I filed in this adversary proceeding on October 1, 2026. (Adv. Dkt. 1.) Defendants filed their Answer to the First Amended Complaint on October 23, 2026. (Adv. Dkt. 15.)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 27, 2026, at Los Angeles, California.

/s/ Sanaz Sarah Bereliani
Sanaz Sarah Bereliani

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 12100 Wilshire Boulevard, 8th Floor, Los Angeles, California 90025.

A true and correct copy of the foregoing document entitled: **Defendants' Notice of Motion and Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment; Memorandum of Points & Authorities, Declarations of Mehran Javaherian and Sanaz Sarah Bereliani, Statement of Uncontroverted Facts** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 29, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Sanaz Sarah Bereliani: berelianilaw@gmail.com
- Nancy J Zamora (TR): zamora3@aol.com, nzamora@ecf.axosfs.com
- United States Trustee (SV): ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL:** On October 29, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Plaintiff, pro se: Hovhannes Nazaryan, c/o Orion RRC, Behavioral Systems Southwest, 8141 Orion Ave, Van Nuys,CA 91406
-
  Honorable Martin R. Barash, United States Bankruptcy Court, 21041 Burbank Blvd, Suite 342 Woodland Hills, CA 91367

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 29, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- By email (courtesy copy): Hovhannes Nazaryan, clericalassistant.nazaryan@gmail.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 29, 2026 | Andrea Gomez | /s/ Andrea Gomez |
| --- | --- | --- |
| Date | Printed Name | Signature |