SANAZ SARAH BERELIANI, ESQ. (SBN 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Boulevard, 8th Floor
Los Angeles, California 90025
Telephone: (310) 882-5482
Facsimile: (888) 876-0896
Email: sanaz@berelianilaw.com

Attorneys for Defendants
MEHRAN JAVAHERIAN
BENJAMIN JAVAHERIAN

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>HOVHANNES NAZARYAN,<br><br>Debtor. | Case No. 1:25-bk-10617-MB<br><br>Chapter 7<br><br>Adv. No. 1:26-ap-01061-MB<br><br>[Removed from Los Angeles Superior Court, Case No. 26VECV02080]<br><br>[Related to Adv. No. 1:26-ap-01031-MB] |
| HOVHANNES NAZARYAN,<br>Plaintiff,<br><br>vs.<br><br>MEHRAN JAVAHERIAN; BENJAMIN JAVAHERIAN,<br><br>Defendants. | **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[LBR 7056-1(b)(2)]<br><br><u>Hearing</u><br>Date: To be set by the Court<br>Time: To be set by the Court<br>Place: Courtroom 303<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |

Under Local Bankruptcy Rule 7056-1(b)(2), Defendants Mehran Javaherian and Benjamin Javaherian submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment on the First

Amended Complaint of Plaintiff Hovhannes Nazaryan.

## UNCONTROVERTED FACTS

"Bereliani Decl." refers to the Declaration of Sanaz Sarah Bereliani, and "Javaherian Decl." to the Declaration of Mehran Javaherian, each filed with the motion. "FAC" refers to Plaintiff's verified First Amended Complaint, Exhibit A to the Notice of Removal (Adv. Dkt. 1). "Bk. Dkt." refers to the docket in Case No. 1:25-bk-10617-MB.

| No. | Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| 1. | In July 2023, Mehran Javaherian made a loan of $1,200,000 to Plaintiff and Artur Nazaryan secured by a second deed of trust against the real property at 24366 La Masina Court, Calabasas, California (the "Property"), recorded July 13, 2023. | Javaherian Decl. ¶ 2; Bereliani Decl. Ex. B (Bk. Dkt. 94), Recital D; FAC ¶¶ 10-11. |
| 2. | On April 14, 2025, Plaintiff filed a voluntary Chapter 7 petition, Case No. 1:25-bk-10617-MB, through counsel. | Bereliani Decl. Ex. A (Bk. Dkt. 1) at 40; Ex. B, Recital A; FAC ¶ 30. |
| 3. | On Schedule A/B, Plaintiff listed the household goods and furnishings at the Property in one entry, "Used housing goods," valued at $1,000. He answered "No" to collectibles of value, sports and hobby equipment, and other personal and household items. | Bereliani Decl. Ex. A at 12-13 (Schedule A/B, lines 6, 8, 9, 14). |
| 4. | On Schedule A/B, Plaintiff answered "No" to claims against third parties, other contingent and unliquidated claims, and any other property not already listed. | Bereliani Decl. Ex. A at 14-15 (Schedule A/B, lines 33, 34, 53). |
| 5. | On Schedule C, Plaintiff claimed an exemption of $1,000 in the "Used housing goods" under Cal. Code Civ. Proc. § 703.140(b)(3). He did not check the box for "100% of fair market value, up to any applicable statutory limit." | Bereliani Decl. Ex. A at 16 (Schedule C). |
| 6. | Plaintiff signed the Declaration About an Individual Debtor's Schedules under penalty of perjury on April 14, 2025. | Bereliani Decl. Ex. A at 40. |
| 7. | Plaintiff has never amended Schedule A/B or Schedule C. | Bereliani Decl. ¶ 8, Ex. F (docket). |
| 8. | On April 22, 2025, Plaintiff moved to compel abandonment of the Property. The Trustee opposed. The hearing was continued to July 16, 2025. | Bereliani Decl. Ex. B, Recital E. |

| No. | Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| 9. | On July 16, 2025, the Court held a hearing on the Trustee's sale motion, Mr. Javaherian's motion for relief from stay, and Plaintiff's abandonment motion. The Trustee and Mr. Javaherian reached a settlement during the hearing and stated its terms on the record. The Court continued the hearing to July 18, 2025. | Bereliani Decl. Ex. B, Recitals J, K; Ex. D (Bk. Dkt. 135) at 4. |
| 10. | On July 18, 2025, the Trustee and Mr. Javaherian filed the Stipulation By and Between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (the "Stipulation"). | Bereliani Decl. Ex. B (Bk. Dkt. 94); Javaherian Decl. ¶ 3; FAC ¶ 31 & Ex. C. |
| 11. | The Stipulation defines the "Personal Property" as "certain personal property at the Real Property described in Debtor's schedules . . . as 'used housing goods,'" and recites that Plaintiff valued the Personal Property at $1,000 and claimed an exemption of $1,000 in it. | Bereliani Decl. Ex. B, Recital C. |
| 12. | Under the Stipulation, Mr. Javaherian's $120,000 settlement payment was "in exchange for Trustee's release and transfer to Creditor of the Estate's right, title and interest in the Real Property . . . and the Personal Property." | Bereliani Decl. Ex. B, ¶ 2. |
| 13. | The Stipulation provides that "Debtor's Abandonment Motion is moot." | Bereliani Decl. Ex. B, ¶ 6. |
| 14. | The Stipulation provides that "[t]he Personal Property Exemption shall be deemed allowed and Debtor shall not amend the amount of the Personal Property Exemption," authorizes the Trustee to pay Plaintiff $1,000 through his counsel, and provides that "Debtor shall have no other exemption in the Settlement Payment." | Bereliani Decl. Ex. B, ¶ 9. |
| 15. | The Stipulation authorizes the Trustee to turn over the keys to the Property and the estate broker's video of the Personal Property to Mr. Javaherian, who assumes responsibility for preservation of the Real Property and the Personal Property. | Bereliani Decl. Ex. B, ¶ 12. |
| 16. | In the Stipulation, the Trustee, on behalf of herself and the estate, released Mr. Javaherian and his agents from all claims, known or unknown, "in connection with, based upon, by reason of, relating to or arising from the Real Property, the Personal Property, and/or the Case," and waived California Civil Code section 1542. | Bereliani Decl. Ex. B, ¶¶ 16, 18. |
| 17. | The Stipulation was served on July 18, 2025 by Notice of Electronic Filing on Anita Khachikyan, who filed Plaintiff's petition as his counsel and remained his counsel of record until a substitution of attorney was filed on August 13, 2026. | Bereliani Decl. ¶ 8 & Ex. B at 14; Ex. F (Bk. Dkt. 1, 151). |

| No. | Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| 18. | On July 18, 2025, the Court entered its order approving the Stipulation "in its entirety." | Bereliani Decl. Ex. C (Bk. Dkt. 96); FAC Ex. C. |
| 19. | No objection to the Stipulation, no notice of appeal from the order approving it, and no motion for relief from that order has ever been filed. | Bereliani Decl. ¶ 8, Ex. F. |
| 20. | Mr. Javaherian paid the $120,000 settlement payment: $30,000 received by the Trustee on July 22, 2025 and $90,000 received on August 4, 2025. | Javaherian Decl. ¶ 4; Bereliani Decl. Ex. D at 5-6. |
| 21. | The Trustee's Final Report records $1,000 of the settlement payment as received by the estate for the "Household Goods" and lists that asset as fully administered. | Bereliani Decl. Ex. D at 3, 6. |
| 22. | On August 10, 2025, the Trustee paid Plaintiff his $1,000 exemption by estate check sent to his counsel. Plaintiff admits that the Trustee "paid the exemption." | Bereliani Decl. Ex. D at 6; Ex. G (Adv. Dkt. 8) at 2:23-24. |
| 23. | No objection to the Trustee's Final Report was filed, and on January 7, 2026 the Court entered its order of distribution. | Bereliani Decl. ¶ 8, Ex. F (Bk. Dkt. 139). |
| 24. | After entry of the order approving the Stipulation, Mr. Javaherian took possession of the Property and of the furniture and other personal property in it. Plaintiff alleges that Defendants took possession "[a]fter obtaining the benefits of the bankruptcy settlement." | Javaherian Decl. ¶ 5; FAC ¶ 35. |
| 25. | In September 2025, Plaintiff's then-counsel asked for the return of a piano at the Property, and Mr. Javaherian's counsel responded in writing that all of the personal property at the Property had been transferred to Mr. Javaherian under the Stipulation. | FAC ¶ 35 & Ex. B; Javaherian Decl. ¶ 6. |
| 26. | Plaintiff alleges that the piano belongs to his daughter. | FAC ¶ 35. |
| 27. | Plaintiff filed the state court action on April 8, 2026 and a verified First Amended Complaint on July 15, 2026, pleading conversion, trespass to chattels, unjust enrichment, declaratory relief, intentional interference with prospective economic advantage, civil conspiracy, and accounting. | Adv. Dkt. 1, Ex. A (FAC); Bereliani Decl. ¶ 10. |
| 28. | The FAC alleges that under the Stipulation "the Trustee transferred to Mehran all of the Estate's right, title, and interest in the Real Property and Personal Property." | FAC ¶ 31. |
| 29. | The FAC's claims for intentional interference and conspiracy rest on events between September 2024 and January 30, 2025, when the buyer in Plaintiff's pending sale of the Property cancelled escrow. | FAC ¶¶ 14-29, 51-53, 56. |

| No. | Uncontroverted Fact | Supporting Evidence |
| --- | --- | --- |
| 30. | The FAC alleges that Benjamin Javaherian "acted as the primary point of contact and agent for Mehran." Benjamin Javaherian has no ownership interest in the Property or in the personal property in it, and none of it was transferred to him. | FAC ¶ 5; Javaherian Decl. ¶ 7. |
| 31. | On September 28, 2026, in Adversary No. 1:26-ap-01031-MB, Plaintiff filed an opposition stating: "Defendant accepts what Docket 96 decided. The Sale Order is final. Defendant was a party. He did not appeal."; and "To the extent any claim existed on the petition date and remained estate property, the Trustee administered the estate's interest through Docket 96." His declaration states: "I did not appeal. I do not ask this Court to unwind Docket 96 or to recover the $120,000 paid to the estate." | Bereliani Decl. Ex. E (01031 Dkt. 19) at 6 (¶ 19), 7 (¶ 25), 11 (¶ 3). |
| 32. | On October 1, 2026, Defendants removed the state court action to this Court. The FAC and its exhibits are Exhibit A to the Notice of Removal. Defendants answered the FAC on October 23, 2026. | Adv. Dkt. 1; Bereliani Decl. ¶ 10. |

## CONCLUSIONS OF LAW

1. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. The claims turn on Plaintiff's schedules, his exemption, and the effect of this Court's order approving the transfer of estate property, and are core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (N), and (O). Defendants have consented to the entry of final orders and judgment by this Court. To the extent any claim is not core, the Court may submit proposed findings of fact and conclusions of law to the District Court. 28 U.S.C. § 157(c)(1).

2. Summary judgment is proper because there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.

3. On April 14, 2025, all of Plaintiff's legal and equitable interests in property, including the household goods and furnishings at the Property and any claim he then had against Defendants, became property of the bankruptcy estate. 11 U.S.C. § 541(a)(1).

4. By claiming an exemption of $1,000 in the "used housing goods," Plaintiff exempted an interest worth $1,000, not the goods themselves. Title to the goods remained with the estate. *Schwab v. Reilly*, 560 U.S. 770, 774, 792-93 (2010); *Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206, 1210-11 (9th Cir.

2010).

5. The order entered July 18, 2025 (Bk. Dkt. 96) approving the Stipulation is a final order. It transferred the estate's right, title, and interest in the Personal Property, as defined in the Stipulation, to Mehran Javaherian; allowed Plaintiff's exemption at $1,000; and provided that Plaintiff shall not amend it.

6. Plaintiff, who had notice of the Stipulation through his counsel and whose own motion was disposed of by the order, did not object, appeal, or seek relief from the order, and is bound by it. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010). The order may not be collaterally attacked in this action, and this Court has jurisdiction to interpret and enforce it. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151-53 (2009); *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995).

7. Plaintiff did not own, and had no right to possess, the household goods and furnishings at the Property after July 18, 2025. To the extent any item at the Property was not within the "used housing goods" Plaintiff scheduled, it was never scheduled, was never abandoned to Plaintiff, and is not his. 11 U.S.C. § 554(c), (d); *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001).

8. Because ownership or the right to possession is an element of conversion and of trespass to chattels, Defendants are entitled to judgment on the First and Second Causes of Action. *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1065-66 (1998); *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559, 1566 (1996).

9. To the extent the household goods and furnishings were worth more than the $1,000 Plaintiff scheduled, the excess value was property of the estate, not of Plaintiff, and the estate's interest in it was transferred to Mehran Javaherian. *Schwab*, 560 U.S. at 774, 792.

10. The economic advantage alleged in the Fifth Cause of Action, the sale of the Property, ended on January 30, 2025, before the petition date. The claims pleaded in the Fifth and Sixth Causes of Action arose before the petition date, are property of the bankruptcy estate, were not scheduled, and were not abandoned to Plaintiff. Plaintiff may not prosecute them. 11 U.S.C. §§ 541(a)(1), 554(c), (d); *Cusano*, 264 F.3d at 945-46.

11. The conditions to the Trustee's release in paragraphs 16 and 18 of the Stipulation were

satisfied when the order became final without appeal and the Trustee received the full settlement payment on August 4, 2025. The release, approved by the order, released the claims pleaded in the Fifth and Sixth Causes of Action as to Mehran Javaherian and, as his agent, Benjamin Javaherian. No real party in interest remains to ratify, join, or be substituted on those claims. Fed. R. Civ. P. 17(a)(3).

12. Civil conspiracy is not an independent cause of action and fails with the underlying torts. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994). Defendants are entitled to judgment on the Sixth Cause of Action.

13. Defendants are entitled to judgment on the Third Cause of Action (unjust enrichment) because they hold the Property and the Personal Property under a court-approved transfer for which the estate was paid; on the Fourth Cause of Action (declaratory relief) because the declaration sought is contrary to the terms of the Stipulation and order; and on the Seventh Cause of Action (accounting) because an accounting is derivative of other claims and Plaintiff has no interest in the Property or the Personal Property. *Janis v. California State Lottery Com.*, 68 Cal. App. 4th 824, 833 (1998).

14. Judgment shall be entered in favor of Defendants Mehran Javaherian and Benjamin Javaherian and against Plaintiff on all causes of action in the First Amended Complaint, with Plaintiff to take nothing.

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

Dated: October 29, 2026

By: /s/ Sanaz Sarah Bereliani__________
Sanaz Sarah Bereliani, Attorneys for Defendants Mehran Javaherian and Benjamin Javaherian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 12100 Wilshire Boulevard, 8th Floor, Los Angeles, California 90025.

A true and correct copy of the foregoing document entitled: **DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 29, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**2. SERVED BY UNITED STATES MAIL:** On October 29, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 29, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- By email (courtesy copy): Hovhannes Nazaryan, clericalassistant.nazaryan@gmail.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 29, 2026 | Andrea Gomez | /s/ Andrea Gomez |
| --- | --- | --- |
| Date | Printed Name | Signature |